# EXHIBIT 1

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:46 PM

IN THE CIRCUIT COURT OF REYNOLDS COUNTY, MISSOURI

| | |
|---|---|
| Michael Chapple, | ) |
| | ) |
| Plaintiff, | ) |
| | )     Case No. 24RE-CC00006 |
| v. | ) |
| | ) |
| Polaris Industries, Inc., et al. | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY
## AND SUGGESTIONS IN SUPPORT THEREOF

COMES NOW Plaintiff Michael Chapple ("Plaintiff"), by and through counsel, and respectfully requests the Court to issue an order requiring Defendants Polaris Industries, Inc. and Polaris Sales, Inc. (collectively "Defendants") to properly respond to Plaintiff's Opening Interrogatories and First Request for Production of Documents within ten (10) days of said order.[1] In support of this motion, Plaintiff states as follows:

## STATEMENT OF THE CASE

This lawsuit involves substantial and horrific injuries sustained by Plaintiff when a 2015 Polaris Sportsman 570 Touring ATV ("Subject ATV") he was operating overturned and pinned him to the ground for several hours. The Subject ATV continued to run, with the muffler of the Subject ATV (extreme heat) in direct contact with Plaintiff's back and right flank.

Among other things, Plaintiff alleges that the Defendants failed to properly equip the Subject ATV with a tethered kill switch, a tip sensor, or a heat shield over the muffler, and failed to properly warn Plaintiff about the dangerous condition of the Subject ATV.

On February 14, 2025, Defendant Polaris Industries, Inc. was served with Plaintiff's Opening

---

[1]A complete set of the discovery at issue, which includes the Defendants' responses and objections, are attached hereto as Exhibits A through D (collectively "Discovery").

Interrogatories and First Request for Production of Documents. On March 17, 2025, Defendant Polaris Industries, Inc. responded to this discovery with mostly objections.

On March 4, 2025, Defendant Polaris Sales, Inc. was served with Plaintiff's Opening Interrogatories and First Request for Production of Documents. On April 4, 2025, Defendant Polaris Sales, Inc. responded to this discovery with mostly objections. Defendant Polaris Sales, Inc.'s responses also improperly attempted to "adopt" the responses provided by separate Defendant Polaris Industries, Inc.

With respect to the interrogatories, both Defendants asserted objections alleging that the number of interrogatories "exceed(s) the maximum number of interrogatories, including discrete subparts, allowed under Missouri's Rules of Civil Procedure".

However, Mo.R.Civ.P. 57.01 allows a party to initially serve 25 interrogatories, including discrete subparts. The term "discrete" is defined as "separate, distinct". Plaintiff did not serve more than 25 interrogatories on the Defendants and the subparagraphs found in the interrogatories are not discrete, separate and/or distinct subparts. They simply provide further description of what is being asked by the interrogatory to avoid any confusion as to what is being asked.

Further, Local Rule 32.2.1(5) expressly states that a party may serve "thirty-five (35) interrogatories" on opposing parties and that "subparagraphs of any interrogatories shall relate directly to the subject matter of the interrogatory". All subparagraphs of the interrogatories Plaintiff served on the Defendants relate directly to the interrogatory.

Many of the Defendants' objections are to "relevance", even though all of the Discovery seeks only discoverable information and information which will lead to the discovery of admissible evidence.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

On April 18, 2025, Plaintiff's counsel sent a Golden Rule letter to Defendants' counsel which detailed the specific issues with Defendants' responses and objections to the Discovery, a copy of which is attached hereto as Exhibit E and is incorporated herein by reference.

On May 2, 2025, Defendants' counsel responded to Plaintiff's Golden Rule letter, a copy of which is attached hereto as Exhibit F and is incorporated herein by reference. The response essentially stated that Defendants stood by their objections and would not respond further to the Discovery. The response also attempted to justify the objections with *unverified* explanations, and "supplemental answers" which were *unverified* as well.

<u>DISCOVERY SOUGHT</u>

1.    Complete and proper responses to all of the Discovery.

WHEREFORE, Plaintiff Michael Chapple respectfully requests the Court to issue an order requiring Defendants Polaris Industries, Inc. and Polaris Sales, Inc. to properly respond to Plaintiff's Opening Interrogatories and First Request for Production of Documents within ten (10) days of said order, and for such other and further relief as the Court deems appropriate.

Respectfully submitted,

BECKETT & HENSLEY, L.C.

*/s/ Jeffrey M. Hensley*

Theodore C. Beckett, III          #27230
tcb@beckettandhensley.com
Jeffrey M. Hensley                   #39159
jeff@beckettandhensley.com
2345 Grand Boulevard, Suite 1600
Kansas City, MO 64108
Tele:   (816) 471-7500

and

3

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

ADLER & MANSON, L.C.

*/s/ William G. Manson*
William G. Manson, KS #20128
9233 Ward Parkway, Suite 240
Kansas City, MO 64114
bill@adlerandmanson.com
Ph: (816) 333-0400
Fax: (816) 817-4219
Counsel for Plaintiff Michael Chapple

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2025, the foregoing was electronically filed with the clerk of the Court by using the eFiling system, and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties have access to this filing through the Court's eFiling System.

*/s/ Jeffrey M. Hensley*
Attorney for Plaintiff

4

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

# EXHIBIT A

## IN THE CIRCUIT COURT FOR REYNOLDS COUNTY, MISSOURI

| | | |
|---|---|---|
| MICHAEL CHAPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  24RE-CC00006 |
| v. | ) | |
| | ) | |
| POLARIS INDUSTRIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANT POLARIS INDUSTRIES INC.'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S OPENING INTERROGATORIES

Pursuant to Rule 57.01 of the Missouri Rules of Civil Procedure, Defendant Polaris Industries Inc. ("Polaris") serves its Answers and Objections to the Opening Interrogatories from Plaintiff Michael Chapple ("Plaintiff").

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

## OBJECTIONS TO DEFINITIONS

A.    Polaris objects to Definitions A ("person" and "persons") and B ("document" and "documents") because they are vague and ambiguous. Polaris will interpret these terms in accordance with their ordinary meaning.

B.    Polaris objects to Definition C ("Subject ATV") because it is vague and ambiguous, seeks information that is not relevant to the subject matter of the pending action, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Polaris will interpret "Subject ATV" as the vehicle used in this case, a 2015 Sportsman 570 Touring (VIN: 4XASDE571FA652927), and refer to the vehicle as the "Subject Vehicle." Polaris will also refer to the model of the vehicle in this case (Model No.: A15SDE57AJ) as the "Subject Model."

C.    Polaris objects to Definition D ("owner's manual") because it is vague and ambiguous. Polaris will interpret the words "Owner's Manual" to refer to the owner's manual that would have been included with the Subject Model when it left Polaris's custody and control.

D.    Polaris objects to Definition E ("Subject Occurrence") because it is argumentative. Polaris also objects to this Definition because the term "significant" is vague and undefined. Polaris will interpret the term "Accident" to refer to Plaintiff's accident while allegedly using the Subject Vehicle on June 23, 2020.

E.    Polaris objects to Definitions F ("Polaris Industries"), H ("Stahlman"), and I ("Asplundh") as overly broad, vague, and ambiguous. Polaris will interpret these terms to refer to Polaris, Defendant Rolla Cycle, Inc. d/b/a Stahlman Powersports, and Asplundh Tree Experts, LLC, respectively.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

## INTERROGATORIES

### General Information

1.    [1] Please state the name, address, phone number, and title (if any) of the person answering these interrogatories on behalf of Polaris Industries.

ANSWER: Polaris objects to this Interrogatory because it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving any objection, [1] Polaris's answers to these interrogatories were prepared under the direction of counsel based on information gathered from various sources. These answers constitute corporate responses and, as such, are not based upon the personal knowledge of any particular person.

2.    [2] Is Polaris Industries a public company? Yes (  ) No (  ). [3] If your answer is "Yes," please provide the gross annual revenue and net income of Polaris Industries for the following years:

ANSWER: Polaris objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the gross annual revenue and net income for Polaris for each year between 2015 and 2020 are not relevant to any party's claims or defenses. Subject to and without waiving any objections, [2] Polaris is a public company. Accordingly, [3] Polaris publishes an annual report to the public each year, including the years requested. Pursuant to Missouri Rule of Civil Procedure 57.01(c)(4), Plaintiff may determine Polaris's gross annual revenue and net income from those reports as easily as Polaris.

|  | Gross Revenue | Net Income |
|---|---|---|
| 2015: | $_____ | $_____ |
| 2016: | $_____ | $_____ |
| 2017: | $_____ | $_____ |
| 2018: | $_____ | $_____ |
| 2019: | $_____ | $_____ |
| 2020: | $_____ | $_____ |

### Subject Occurrence

3.    [4] Does Polaris Industries claim anyone other than Polaris Industries has any responsibility for the injuries sustained by Chapple? Yes (  ) No (  ). If your answer is "Yes," please:

(a)    the name, address, and telephone number of each person and/or entity whose fault you claim should be compared; and

3

(b)    state the factual basis supporting your claim.

**ANSWER:** Polaris objects to this Interrogatory as a premature contention interrogatory that need not be answered until after further discovery has been completed. *See* Mo. R. Civ. P. 57.01(a). Subject to and without waiving any objections, **[4]** Polaris states that Plaintiff misused the Subject Vehicle, failed to observe recommended safety procedures, and that he, Asplundh, or another third party failed to observe routine care and maintenance and/or altered the Subject Vehicle from its original condition. Polaris has not yet received discovery from other parties, including Plaintiff, which will be relevant to and further inform this analysis. Polaris reserves the right to supplement this response.

4.    **[5]** Did any Polaris Industries' employees/agents take a statement (oral, written, or recorded) from any person or entity regarding the Subject Occurrence? Yes ( ) No ( ). If the answer is "Yes," please state:

(a)    the date each statement was taken;
(b)    the name, address, and telephone number of the employee/agent who took each statement;
(c)    a description of the subject matter of each statement;
(d)    the name, address, and telephone number of the custodian of each statement; and
(e)    if you will do so without a *Request for Production of Documents*, please attach a copy of each statement to these *Interrogatories*.

**ANSWER:** Polaris objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks the identity of any person that verbally communicated with Polaris regarding this lawsuit which would require Polaris to make an inquiry with every employee to determine whether they have spoken with anyone about this lawsuit. Polaris also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving any objection, **[5]** Polaris is not aware of any communications with any other party regarding the subject matter of this lawsuit. Polaris will supplement this response if relevant communications are discovered.

5.    **[6]** Has Polaris Industries conducted an inspection of the Subject ATV? Yes ( ) No ( ). If your answer is "Yes," please:

(a)    the date of the inspection;
(b)    the name, title, address, and telephone number of the people who conducted the Inspection; and
(c)    if you will do so without a *Request for Production of Documents*, please attach a copy of any inspection report to these *Interrogatories*.

**ANSWER:** Polaris objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Polaris also objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks the identity and contact information of the participants of any investigation, information that is irrelevant to the

4

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

parties' claims and defenses. Subject to and without waiving any objection, **[6]** Polaris conducted a visual inspection of the Subject Vehicle at the request of counsel and with counsel present. Because that report is protected by the attorney-client privilege and/or the attorney work product doctrine, Polaris will not produce a copy of this report.

6.      **[7]** Does Polaris Industries contend the Subject ATV was altered or modified between the time it was sold to Asplundh and the date of the Subject Occurrence?  Yes ( )  No ( ).  If your answer is "Yes," please:

> (a)      the alterations or modifications Polaris Industries contends were made to the Subject ATV; and
> (b)      **[8]** how any such alteration or modification contributed (if at all) to the Subject Occurrence.

**ANSWER:** Polaris objects to this Interrogatory as a premature contention interrogatory that need not be answered until after further discovery has been completed. *See* Mo. R. Civ. P. 57.01(a). Subject to and without waiving any objections, **[7–8]** Polaris states that the Subject Vehicle was modified to add multi-gallon chemical containers on the front and back of the Subject Vehicle.  Polaris has not yet received discovery from other parties, including Plaintiff, which will be relevant to and further inform this analysis. Polaris reserves the right to supplement this response.

7.      **[9]** Does Polaris Industries contend that any person or entity failed to comply with any instruction or warning contained in the Owner's Manual in connection with the Subject Occurrence? Yes ( )  No ( ).  If your answer is "Yes," please state:

> (a)      with specificity the written instruction or warning contained in the Owner's Manual for which the person or entity did not comply; and
> (b)      the page number of the Owner's Manual where the instruction or warning can be found.

**ANSWER:** Polaris objects to this Interrogatory as a premature contention interrogatory that need not be answered until after further discovery has been completed. *See* Mo. R. Civ. P. 57.01(a). Subject to and without waiving any objections, **[20–22]** Polaris states that Plaintiff misused the Subject Vehicle and failed to observe recommended safety procedures, in particular those on pages 7–25 of the Subject Vehicle's owner's manual, available at https://cdn.polarisportal.com/servicemanagement-public/OwnerManuals/ATV/9925904r02_optimized.pdf. Polaris has not yet received discovery from other parties, including Plaintiff, which will be relevant to and further inform this analysis. Polaris reserves the right to supplement this response.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

8.      **[10]** Does Polaris Industries contend that any person or entity failed to comply with any instruction or warning contained on a sticker affixed to the Subject ATV in connection with the Subject Occurrence? Yes (  ) No (  ). If your answer is "Yes," please state:

    (a)    with specificity the instruction or warning for which the person or entity failed to comply;
    (b)    the language on the sticker; and
    (c)    the location of the sticker on the Subject ATV.

**ANSWER:** Polaris objects to this Interrogatory as a premature contention interrogatory that need not be answered until after further discovery has been completed. *See* Mo. R. Civ. P. 57.01(a). Subject to and without waiving any objections, **[10]** Polaris states that Plaintiff misused the Subject Vehicle and failed to observe recommended safety procedures, in particular those on pages 7–25 of the Subject Vehicle's owner's manual, available at https://cdn.polarisportal.com/servicemanagement-public/OwnerManuals/ATV/9925904r02_optimized.pdf. Polaris has not yet received discovery from other parties, including Plaintiff, which will be relevant to and further inform this analysis. Polaris reserves the right to supplement this response.

9.      **[11]** Please state (a) the full name, current address, telephone number, qualifications, and present employment of each person whom you expect to call as an expert witness at the trial of this case, (b) the subject matter on which the expert is expected to testify, (c) the substance of the facts and opinions to which each such expert is expected to testify, and (d) a summary of the grounds for each opinion expected to be expressed by such expert.

**ANSWER: [11]** Polaris also objects to this Interrogatory as premature as Polaris has not yet determined if it will call an expert witness to testify at the trial of this case.

### Insurance

10.    **[12]** Does Polaris Industries have any insurance coverage that will indemnify it against any judgment Chapple may obtain in this action? Yes (  ) No (  ). If your answer is "Yes," for each insurance policy please state:

    (a)    the name, address, and phone number of the company issuing the insurance policy;
    (b)    the policy number; and
    (c)    the limits of coverage.

**ANSWER:** Polaris objects to this Interrogatory to the extent it seeks information that is not discoverable pursuant to Missouri Rule of Civil Procedure 56.01(b)(4). Subject to and without

6

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:46 PM

waiving any objections, **[12]** pursuant to Missouri Rule of Civil Procedure 57.01(c)(4), Polaris will produce copies of the declaration pages of any insurance coverage that will indemnify Polaris, if any, once a protective order has been entered.

### Design, Manufacturing, Assembly and Testing

11.   **[13]** Did Polaris Industries design, manufacture, assemble, and test the Subject ATV?

Yes (  ) No (  ). If your is "Yes," please state:

      (a)   the year in which the Subject ATV was manufactured;
      (b)   the VIN for the Subject ATV;
      (c)   **[14]** to whom did Polaris Industries sell/transfer the Subject ATV after its design manufacture, assembly, and testing were completed;
      (d)   **[15]** the date Polaris Industries first placed the Subject ATV into the stream of commerce (i.e., sold/transferred to Stahlman or Asplundh);
      (e)   **[16]** the cost to manufacture the Subject ATV;
      (f)   **[17]** the cost to manufacturer the heat shield that covered the exhaust system of the Subject ATV; and
      (g)   **[18]** the price paid by Asplundh to purchase the Subject ATV.

If your answer is "No," please state the name and address of the company or companies that designed, manufactured, assembled, and/or tested the Subject ATV.

> **ANSWER:** Polaris objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the cost to manufacture the Subject Vehicle and any "heat shield" is irrelevant to the parties' claims and defenses. Polaris also objects to this Interrogatory to the extent it seeks a legal conclusion regarding the date Polaris "placed the Subject ATV into the stream of commerce." Subject to and without waiving any objection, **[13]** Polaris, in part, designed, developed, manufactured, tested, and assembled the Subject Vehicle. Polaris manufactured the Subject Vehicle in 2014. The VIN for the Subject Vehicle is 4XASDE571FA652927. **[14–15]** Polaris sold the Subject Vehicle to Stahlman on or around May 25, 2016. **[16-17]** Polaris does not have information specific to the manufacture of a single Subject Model or a single component of the Subject Model. **[18]** Polaris will produce documents reflecting the amount paid by Asplundh once a protective order has been entered.

12.   **[19]** Did Polaris Industries sell or otherwise transfer ownership of the Subject ATV to any person or entity, and if so, please identify who the Subject ATV was sold or transferred to, and **[20]** identify all written material that would have accompanied the Subject ATV at the time it was sold or transferred by Polaris Industries.

> **ANSWER:** Polaris objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because Polaris's transfer of ownership of the Subject Vehicle is not

relevant to the parties' claims or defenses. Subject to and without waiving any objections, [19] Polaris incorporates its responses and objections to Interrogatory No. 11. [20] Pursuant to Missouri Rule of Civil Procedure 57.01(c)(4), Polaris will produce the written materials that would have accompanied the Subject Model at the time Polaris sold it to Stahlman.

13.    [21] Are there any government, industry, or safety organization standards, codes, or regulations regarding the design, manufacture, assembly, testing, distribution, or sale of the Subject ATV which Polaris Industries was required to follow? Yes ( ) No ( ). If you answer is "Yes," please identify with specificity the standard, code, or regulation required to be followed and the promulgating body.

> **ANSWER:** Polaris objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the identification of relevant regulations that may apply to Polaris and the Subject Model are irrelevant to the parties' claims and defenses. Subject to and without waiving any objections, [21] Polaris manufacturers all of its vehicles to meet or exceed the standards set by the Recreational Off-Highway Vehicle Association ("ROHVA"), in conjunction with the American National Standards Institute ("ANSI"), and the Specialty Vehicle Institute of America ("SVIA"). Polaris is not required, however, to follow those standards.

14.    [22] Did Polaris Industries (prior to selling or transferring ownership of the Subject ATV) contemplate placing a heat shield or other protective covering around the entire exhaust system (including the muffler) of the Subject ATV? Yes ( ) No ( ). If your answer if "No," please state:

> (a)    the individual with the most knowledge to testify why that decision was made;
> (b)    [23] the identity of all documents by name and date regarding the decision not to place a heat shield or protective covering around the entire exhaust system of the Subject ATV; and
> (c)    if you will do so without a Request for Production of Documents, please attach a copy of the documents identified to these Interrogatories.

> **ANSWER:** Polaris objects to this Interrogatory to the extent it seeks to circumvent the procedures in Missouri Rule of Civil Procedure 57.03(b)(4) which outlines the process for conducting discovery on this topic. Subject to and without waiving any objections, [22–23] Polaris states that it did not contemplate placing protective coverings around the entire exhaust system for the Subject Model. Pursuant to Missouri Rule of Civil Procedure 57.01(c)(4), Polaris will produce documents created during the product design of the Subject Model's exhaust system once a protective order has been entered.

8

15.    [24] Did Polaris Industries (prior to selling or transferring ownership of the Subject ATV) contemplate installing other safety equipment (i.e., a tethered kill switch or tip sensor) that would prevent contact with the exhaust system of the Subject ATV or mitigate injuries from contact with it? Yes ( ) No ( ).  If your answer is "No," please state:

(a)    the individual with the most knowledge to testify why that decision was made;
(b)    [25] the identity of all documents by name and date regarding the decision not to install other safety devices (i.e., tethered kill switches or tip sensors) to the Subject ATV; and
(c)    if you will do so without a Request for Production of Documents, please attach a copy of the documents identified to these Interrogatories.

ANSWER: Polaris objects to this Interrogatory because the term "other safety equipment" is vague and undefined.  Polaris also objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because Polaris's contemplation or lack thereof of the installation of "other safety equipment" is irrelevant to the parties' claims or defenses. Polaris also objects to this Interrogatory to the extent it seeks to circumvent the procedures in Missouri Rule of Civil Procedure 57.03(b)(4) which outlines the process for conducting discovery on this topic. Subject to and without waiving any objections, [24–25] Polaris states that it did not contemplate installing other safety equipment on the Subject Model like a tethered kill switch or tip sensor.

16.    [26] Does Polaris Industries manufacturer any ATV that contains a heat shield or other protective covering on the entire exhaust system, including the muffler?  Yes (  ) No (  ).  If your answer is "Yes," please state:

(a)    each model where the ATV has a heat shield or other protective covering that covers the entire exhaust system, including the muffler;
(b)    [27] for each ATV listed in (a), where is the muffler located on the ATV (i.e., rear, side);
(c)    if you will do so without a Request for Production of Documents, please attach a photograph of each model of ATV that has a heat shield or other protective covering that covers the entire exhaust system, including the muffler, to these Interrogatories.

ANSWER: [26–27] Polaris objects to this Interrogatory because it exceeds the maximum number of interrogatories, including discrete subparts, allowed under Missouri's Rules of Civil Procedure. See Mo. R. Civ. P. 57.01(a). Polaris further objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the features of models other than the Subject Model are irrelevant to the parties' claims and defenses.

9

17.    **[28]** Does Polaris Industries manufacturer any ATV that contains other safety measures (i.e., a tethered kill switch or tip sensor) that would prevent contact with the entire exhaust system, including the muffler? Yes ( ) No ( ). If your answer is "Yes," please state:

(a)    each model where the ATV has a tethered kill switch or tip sensor to prevent contact with the entire exhaust system, including the muffler;

(b)    **[29]** for each ATV listed in (a), where is the tethered kill switch or tip sensor located on the ATV;

(c)    if you will do so without a Request for Production of Documents, please attach a photograph of each model of ATV that has a tethered kill switch or tip sensor to prevent contact with the entire exhaust system, including the muffler, to these Interrogatories.

**ANSWER: [28–29]** Polaris objects to this Interrogatory because it exceeds the maximum number of interrogatories, including discrete subparts, allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 57.01(a). Polaris also objects to this Interrogatory because the term "other safety measures" is vague and undefined.

18.    **[30]** Does Polaris Industries design, manufacture, assemble, test, and sell after-market heat shields, tethered kill switches, tip sensors, or any other safety equipment for ATVs to prevent/or mitigate injuries from contact with the exhaust system? Yes ( ) No ( ). If your answer is "Yes," please state:

(a)    the description of the safety product;

(b)    **[31]** the cost to manufacture each product identified in (a); and

(c)    **[32]** the price charged to dealers and/or customers by Polaris Industries for each product identified in (a).

**ANSWER: [30–32]** Polaris objects to this Interrogatory because it exceeds the maximum number of interrogatories, including discrete subparts, allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 57.01(a). Polaris also objects to this Interrogatory because the terms "heat shields, tethered kill switches, tip sensors, or any other safety equipment for ATVs to prevent/or mitigate injuries from contact with the exhaust system" are undefined, vague, and ambiguous.

19.    Please identify by name, title, address, and telephone number of the corporate representative(s) who is/are most knowledgeable to testify about:

(a)    **[33]** the design of the heat shield on the Subject ATV;

(b)    **[34]** the manufacturing process of the heat shield on the Subject ATV;

(c)    **[35]** the assembly of the heat shield on the Subject ATV;

(d)    **[36]** the testing of the heat shield on the Subject ATV;

10

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

(e)      [37] other safety features that could have been installed on the Subject ATV to prevent (or mitigate injuries from) contact with the exhaust system and the process followed by Polaris Industries to determine whether those safety features should have been installed on the Subject ATV;

(f)      [38] recalls by Polaris Industries and/or any government agency (i.e., Consumer Product Safety Commission) of the Subject ATV (or similar ATVs) regarding the heat shield;

(g)      [39] the warnings in the Owner's Manual for the Subject ATV, including warnings
regarding contact with the exhaust system of the Subject ATV; and

(h)      [40] the language of the safety stickers affixed to the Subject ATV.

**ANSWER: [33–40]** Polaris objects to this Interrogatory because it exceeds the maximum number of interrogatories, including discrete subparts, allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 57.01(a). Polaris also objects to this Interrogatory to the extent it seeks to circumvent the procedures in Missouri Rule of Civil Procedure 57.03(b)(4) which outlines the process for conducting discovery on these topics.

20.      [41] Does Polaris Industries have in its possession any documents addressing the design,

safety, or efficacy of the heat shield that covered the exhaust system on the Subject ATV?   Yes (  )

No (  ).  If you answer is "Yes," please state:

(a)      the title of the documents;
(b)      the date of the documents;
(c)      the general subject matter of the documents; and
(d)      if you will do so without a Request for Production of Documents, please attach a copy of the documents to these Interrogatories.

**ANSWER: [41]** Polaris objects to this Interrogatory because it exceeds the maximum number of interrogatories, including discrete subparts, allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 57.01(a).

21.      [42] Does Polaris Industries have in its possession any documents which address the

design, safety, or efficacy of installing other safety features on the Subject ATV to prevent (or mitigate

injuries from) contact with the exhaust system (i.e., a tethered kill switch, tip sensor, etc.)?   Yes (  )

No (  ).  If your answer is "Yes," please identify:

(a)      the title of the documents;
(b)      the date of the documents;
(c)      the general subject matter of the documents; and
(d)      if you will do so without a Request for Production of Documents, please attach a copy of the documents to these Interrogatories.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

**ANSWER: [42]** Polaris objects to this Interrogatory because it exceeds the maximum number of interrogatories, including discrete subparts, allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 57.01(a).

22.    **[43]** Have there been any changes in the design of the Subject ATV since it was first introduced into the market?  Yes (  )  No (  ).  If your answer is "Yes," please describe:

      (a)    each design change;
      (b)    the year the design change was made; and
      (c)    **[44]** the reason for the design change.

**ANSWER: [43–44]** Polaris objects to this Interrogatory because it exceeds the maximum number of interrogatories, including discrete subparts, allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 57.01(a). Polaris also objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because it seeks any design changes to the Subject ATV regardless of whether those design changes relate to the claimed defects in this lawsuit.

### Warnings

23.    **[45]** Did Polaris Industries give any warnings to any person or entity regarding contact with the exhaust system of the Subject ATV at any time?  Yes (  )  No (  ).  If your answer is "Yes," please state:

      (a)    the name, title, address, and telephone number of the Polaris Industries' representative giving such warning;
      (b)    he date the warning was given; and
      (c)    the name, address, and telephone number of each person or entity to whom the warning was given.

**ANSWER: [45]** Polaris objects to this Interrogatory because it exceeds the maximum number of interrogatories, including discrete subparts, allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 57.01(a). Polaris also objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the "name, title, address, and telephone number" of any Polaris representative that gave a warning and the "name, address, and telephone number of each person or entity to whom the warning was given" are irrelevant to the parties' claims and defenses. Polaris also objects to this Interrogatory because its scope is not limited to the claimed defects in this lawsuit.

### Prior Lawsuits & Incidents

12

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

24.    **[46]** Has a claim or lawsuit ever been filed against Polaris Industries wherein a person claimed he/she was injured as a result of coming into contact with the exhaust system of a Polaris ATV? Yes ( ) No ( ). If your answer is "Yes," please:

(a)    provide the style of the claim/suit (i.e., the name of the injured party and the jurisdiction where the claim or suit was brought); and

(b)    give a summary description of the occurrence giving rise to the claim/suit identified in (a), and provide the outcome of the claim (i.e., tried, dismissed, settled, still pending).

**ANSWER: [46]** Polaris objects to this Interrogatory because it exceeds the maximum number of interrogatories, including discrete subparts, allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 57.01(a). Polaris also objects to this Interrogatory to the extent is seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

25.    **[47]** With respect to the attached case, *Phaneuf v. Polaris Industries, Inc.*, Case No. 1:16-cv-00278-JAW (D. Me. Sep 02, 2016), please provide a summary factual description of the allegations giving rise to the suit and provide the outcome of the suit (i.e., tried, dismissed, settled, still pending).

**ANSWER: [47]** Polaris objects to this Interrogatory because it exceeds the maximum number of interrogatories, including discrete subparts, allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 57.01(a). Polaris also objects to this Interrogatory to the extent is seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

**VERIFICATION**

Wisconsin

STATE OF MINNESOTA    )

COUNTY OF POLK        )

Matthew Lewis acknowledges that he is a Sr. NPI Manufacturing Engineer, of Polaris Industries Inc., and that he signs these responses to interrogatories on behalf of Polaris Industries Inc.; that he is duly authorized to do so; that he has read the foregoing responses to interrogatories and knows the contents thereof; that not all of the matters stated in the foregoing responses to interrogatories are within his personal knowledge and that there is no individual employee of the Polaris Industries Inc. who has personal knowledge of all such matters; that said responses were prepared with the assistance of employees and counsel upon which he has relied; that the responses to interrogatories set forth herein, subject to inadvertent and undiscovered errors, are based upon and necessarily limited by the records and information thus far discovered in the course of these proceedings; and, consequently, the Polaris Industries Inc. reserve the right to make any changes in these responses to interrogatories if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that, subject to the limitations set forth herein, the said responses to interrogatories are true to the best of his knowledge, information, and belief.

Print Name _Matt Lewis_

Signature _____

Sworn to and subscribed before me this _17_ day of _March_ , 2025.

Notary Public _____

My Commission Expires: _4.21.2025_

PATRICK J. NICKEL
NOTARY
PUBLIC
STATE OF WISCONSIN

14

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

Respectfully submitted,

*/s/ Philip L. Willman*

Philip L. Willman (No. 29325)
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
P: (314) 421-3400
F: (314) 421 3128
pwillman@bjpc.com

*s/ Casey L Miller*

E. Todd Presnell (admitted *pro hac vice*)
R. Craig Mayfield (admitted *pro hac vice*)
Casey L. Miller (admitted *pro hac vice*)
Bradley Arant Boult Cummings LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
P: (615) 252-2393
F: (615) 252-6355
cmiller@bradley.com

*Attorneys for Defendants Polaris Industries Inc. and Polaris Sales Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that I have filed a true and correct copy of the above and foregoing document. Additionally, I have served a copy of the forgoing via first class, United States mail and electronic mail upon the following:

William G. Manson, Esq.
9233 Ward Parkway, Suite 240
Kansas City, Missouri 64114
bill@alderandmanson.com

Theodore C. Beckett, III, Esq.
2345 Grand Boulevard, Suite 1600
Kansas City, Missouri 64108
tcb@beckettandhensley.com

this the 17th day of March, 2025.

*/s/ Philip L. Willman*

Philip L. Willman

# EXHIBIT B

## IN THE CIRCUIT COURT FOR REYNOLDS COUNTY, MISSOURI

MICHAEL CHAPPLE,

Plaintiff,

v.

POLARIS INDUSTRIES, INC., et al.,

Defendants.

Case No.  24RE-CC00006

### DEFENDANT POLARIS INDUSTRIES INC.'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 58.01 of the Missouri Rules of Civil Procedure, Defendants Polaris Industries Inc. and Polaris Sales Inc. (collectively, "Polaris") serve their Answers and Objections to the First Requests for Production of Documents from Plaintiff Michael Chapple ("Plaintiff").

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

## OBJECTIONS TO INSTRUCTIONS

1.      Polaris objects to Instruction Nos. 3–5 to the extent they seek to expand Polaris's obligations under the Missouri Rules of Civil Procedure. Polaris will respond to these requests consistent with its obligations under the Missouri Rules of Civil Procedure and the orders of this Court.

## OBJECTIONS TO DEFINITIONS

A.      Polaris objects to Definitions A ("person" and "persons") and B ("document" and "documents") because they are vague and ambiguous. Polaris will interpret these terms in accordance with their ordinary meaning.

B.      Polaris objects to Definition C ("Subject ATV") because it is vague and ambiguous, seeks information that is not relevant to the subject matter of the pending action, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Polaris will interpret "Subject ATV" as the vehicle used in this case (VIN: 4XASDE571FA652927), and refer to the vehicle as the "Subject Vehicle." Polaris will also refer to the model of the vehicle in this case (Model No.: A15SDE57AJ) as the "Subject Model."

C.      Polaris objects to Definition D ("owner's manual") because it is vague and ambiguous. Polaris will interpret the words "Owner's Manual" to refer to the owner's manual that would have been included with the Subject Model when it left Polaris's custody and control.

D.      Polaris objects to Definition E ("Subject Occurrence") because it is argumentative. Polaris will interpret the term "Accident" to refer to Plaintiff's accident while allegedly using the Subject Vehicle on June 23, 2020.

E.      Polaris objects to Definitions F ("Polaris Industries"), G ("Polaris Sales"), H ("Stahlman"), and I ("Asplundh") as overly broad, vague, and ambiguous. Polaris will interpret these terms to refer to Polaris, Defendant Rolla Cycle, Inc. d/b/a Stahlman Powersports, and Asplundh Tree Experts, LLC, respectively.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

## DEFINITIONS

A.    As used herein, and unless otherwise specified, the words **"person"** and **"persons"** include not only natural persons, but also firms, partnerships, associations, corporations, and representatives of the party responding.

B.    As used herein, the words **"document"** and **"documents"** mean any letters, memoranda, electronic mail, telegrams, handwritten notes, periodicals, pamphlets, reports, records, studies, working papers, diaries, calendars, charts, papers, graphs, indexes, data sheets, data processing cards, tape recordings, contracts, and/or any other writing however produced or reproduced.

C.    As used herein, the words **"Subject ATV"** refers to the 2015 Polaris Sportsman Touring, VIN 4XASDE571FA652927.

D.    As used herein, the words **"Owner's Manual"** refers to the operator's or owner's manual that came with the Subject ATV.

E.    As used herein, the words **"Subject Occurrence"** refers to the June 23, 2020 incident resulting in significant burn injuries to Plaintiff as a result of contact with the muffler of the Subject ATV.

F.    As used herein, the words **"you"**, **"your"**, **"Polaris Industries"** and **"Defendant"** refer to the Delaware corporation with principal offices at 2100 Highway 55, Medina, Hennepin County, Minnesota 55340 who designs, manufacturers, and tests Polaris all-terrain vehicles ("ATVs"), including the Subject ATV, throughout the United States.

G.    As used herein, the words **"Polaris Sales"** refers to the Minnesota corporation with principal offices located at 2100 Highway 55, Medina, Hennepin County, Minnesota 55340 who advertises, markets, promotes, distributes, and sells Polaris ATVs, including the Subject ATV, throughout the United States.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

H.      As used herein, the word "**Stahlman**" refers to Rolla Cycle, Inc. d/b/a Stahlman Powersports, the Missouri corporation with principal offices at 1387 South Bishop Ave, Rolla, Phelps County, Missouri 65401 who is a certified Polaris franchise dealership who sells Polaris ATVs in the State of Missouri.

I.      As used herein, the word "**Asplundh**" refers to Asplundh Tree Experts, LLC, Plaintiff's employer at the time of the Subject Occurrence.

## REQUESTS

1.      All documents referred to, identified or described in your answers to Plaintiff's interrogatories directed to Defendant.

> **RESPONSE**: Polaris will produce documents identified in response to Plaintiff's interrogatories, assuming documents are identified, subject to any restrictions for confidentiality or privilege. For any documents that are confidential, Polaris will produce those documents upon the entry of a protective order.

2.      All documents which you contend support your specific denial of any allegations set forth in Plaintiff's First Amended Petition for Damages ("Petition").

> **RESPONSE**: Polaris will produce documents supporting its denials of the allegations in Plaintiff's First Amended Petition for Damages, assuming documents exist, subject to any restrictions for confidentiality or privilege. For any documents that are confidential, Polaris will produce those documents upon the entry of a protective order.

3.      All documents which you contend support your Affirmative Defenses to Plaintiff's Petition.

> **RESPONSE**: Polaris will produce documents support its affirmative defenses to Plaintiff's petition, assuming documents exist, subject to any restrictions for confidentiality or privilege. For any documents that are confidential, Polaris will produce those documents upon the entry of a protective order.

4.      All reports, statements, memos, notes, e-mails, diaries, logs, summaries, calendars, or other documents in the possession or control of Defendant, or any of Defendant's agents, employees or affiliates, that refer to or discuss Plaintiff directly or indirectly by name.

> **RESPONSE**: Polaris objects to this Request because the terms "reports," "statements,"

4

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

"notes," and "summaries" are vague, ambiguous, and undefined. Polaris also objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine. Polaris also objects to this Request because it is unlimited in temporal scope. Polaris will interpret this request to seek documents referencing Plaintiff for the period before Plaintiff filed his complaint. Subject to and without waiving any objections, Polaris has not located any responsive documents to date. Polaris will supplement this Response if any responsive documents are located.

5.      All reports, statements, memos, notes, e-mails, diaries, logs, summaries, calendars, or other documents in the possession or control of Defendant, or any of Defendant's agents, employees or affiliates, that relate to the Subject Occurrence.

**RESPONSE**: Polaris objects to this Request because the terms "reports," "statements," "notes," and "summaries" are vague, ambiguous, and undefined. Polaris also objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine. Polaris also objects to this Request because it is unlimited in temporal scope. Polaris will interpret this request to seek documents referencing Plaintiff for the period before Plaintiff filed his complaint. Subject to and without waiving any objections, Polaris has not located any responsive documents to date. Polaris will supplement this Response if any responsive documents are located.

6.      Copies of all statements, whether recorded, written, transcribed or of any other nature which have any relation whatsoever to the Subject Occurrence and/or the above captioned litigation. If any privilege objection is interposed, please describe with particularity the documents which fall within the objection.

**RESPONSE**: Polaris objects to this Request as overly broad and unduly burdensome to the extent it seeks the identity of any person that verbally communicated with Polaris regarding this lawsuit which would require Polaris to make an inquiry with every employee concerning whether they have spoken with anyone about this lawsuit. Polaris also objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine. Polaris also objects to this Request because it is unlimited in temporal scope. Polaris will interpret this request to seek documents referencing Plaintiff for the period before Plaintiff filed his complaint. Subject to and without waiving any objections, Polaris has not located any responsive documents to date. Polaris will supplement this Response if any responsive documents are located.

7.      All documents related to any investigation conducted by Defendant related to the Subject Occurrence.

**RESPONSE**: Polaris objects to this Request because the term "investigation" is undefined, vague, and ambiguous. Polaris will interpret this Request to seek any inspections performed on

5

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

the Subject Vehicle or the Accident scene. Subject to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving any objections, Polaris will produce any non-privileged investigation reports, assuming any exist, once a protective order has been entered.

8.      If you contend that Plaintiff caused or contributed to cause the Subject Occurrence, produce all documents which you believe support that contention.

**RESPONSE**: Polaris objects to this Request as a premature contention Request that need not be answered until after further discovery has been completed. *See* Mo. R. Civ. P. 57.01(a).

9.      All of Plaintiff's medical records obtained by Defendant from any source.

**RESPONSE**: Polaris objects to this Request to the extent it seeks information outside of Polaris's custody and control. Likewise, Polaris objects to this Request to the extent it seeks information as equally available to Plaintiff. Subject to and without waiving any objections, Polaris will produce any of Plaintiff's medical records within its possession, if any.

10.     A copy of the resume or qualifications of each and every expert who may testify on your behalf at the time of trial.

**RESPONSE**: Polaris objects to this Request as premature because Polaris has not yet determined if it will call an expert witness to testify at the trial in this case. Polaris reserves the right to supplement this response.

11.     A copy of all materials provided to any experts who may testify on your behalf at the time of trial.

**RESPONSE**: Polaris objects to this Request as premature because Polaris has not yet determined if it will call an expert witness to testify at the trial in this case. Polaris reserves the right to supplement this response.

12.     A copy of all materials that have been reviewed by any experts who may testify on your behalf at the time of trial.

**RESPONSE**: Polaris objects to this Request as premature because Polaris has not yet determined if it will call an expert witness to testify at the trial in this case. Polaris reserves the right to supplement this response.

13.     A copy of all materials relied upon by any experts who may testify on your behalf at the time of trial.

**RESPONSE**: Polaris objects to this Request as premature because Polaris has not yet

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

determined if it will call an expert witness to testify at the trial in this case. Polaris reserves the right to supplement this response.

14.     A listing of all cases in which each expert has testified and may testify on your behalf at the time of trial in this case within the last five years.

**RESPONSE**: Polaris objects to this Request as premature because Polaris has not yet determined if it will call an expert witness to testify at the trial in this case. Polaris reserves the right to supplement this response.

15.     A copy of all reports generated by any experts who may testify on your behalf at the time of trial

**RESPONSE**: Polaris objects to this Request as premature because Polaris has not yet determined if it will call an expert witness to testify at the trial in this case. Polaris reserves the right to supplement this response.

16.     All documents related to any insurance agreements which will indemnify Defendant, in whole, or in part, against any judgment the Plaintiff may obtain in the instant action, including the declaration pages.

**RESPONSE**: Polaris objects to this Request to the extent it seeks information that is not discoverable pursuant to Missouri Rule of Civil Procedure 56.01(b)(4). Polaris will produce copies of the declaration pages of any insurance agreement which will indemnify Polaris in this case, if any, once a protective order is entered.

17.     All documents related to the design (including alternate designs), manufacture, assembly, and testing of the heat shield on the Subject ATV.

**RESPONSE**: Polaris objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because documents related to alternative heat shield designs are irrelevant to the parties' claims and defenses. Subject to and without waiving any objections, Polaris will produce documents created during the product design process for the heat shield, engineering drawings of relevant components of the heat shield, and the testing of the Subject Model once protective order is entered.

18.     All documents related to the design (including alternate designs), manufacture, assembly, and testing of any other safety devices (besides the heatshield) such as tethered kill switches and tip-over sensors on the Subject ATV.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

**RESPONSE**: Polaris objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because documents related to the design of "other safety devices" are irrelevant to the parties' claims and defenses. Subject to and without waiving any objections, Polaris did not design the Subject Vehicle to use a tethered kill switch or a tip-over sensor, and have never created designs of those elements. Polaris will produce documents created during the product design process for the heat shield, engineering drawings of relevant components of the heat shield, and the testing of the Subject Model once protective order is entered.

19.     All documents distributed or circulated by Defendant to any person or entity regarding the hazards of coming into contact with the exhaust system of the Subject ATV.

**RESPONSE**: Polaris objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because documents concerning the hazards of contacting an exhaust system are irrelevant to the parties' claims and defenses. Subject to and without waiving any objections, Polaris will produce copies of the owner's manual, drawings for the warning decals, safety hang tag, and a copy of the safety DVD sent from the manufacturing facility included with the Subject Model once a protective order is entered.

20.     All documents related to the dangers of coming into contact with the exhaust system of the Subject ATV that accompanied the Subject ATV when it was sold or otherwise transferred to Stahlman and/or Asplundh.

**RESPONSE**: Polaris objects to this Request as duplicative of prior discovery requests. Polaris further objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because documents concerning the hazards of contacting an exhaust system are irrelevant to the parties' claims and defenses. Subject to and without waiving any objections, Polaris will produce copies of the owner's manual, drawings for the warning decals, safety hang tag, and a copy of the safety DVD sent from the manufacturing facility included with the Subject Model once a protective order is entered.

21.     All documents related to the potential for injuries from coming into contact with the exhaust system of the Subject ATV (or similar ATVs) including, but not limited to, documents regarding alternative designs and ways to protect the operator from coming into contact with the exhaust system.

**RESPONSE**: Polaris objects to this Request as duplicative of prior discovery requests. Polaris further objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because documents concerning the hazards of contacting an exhaust system are irrelevant to the

8

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

parties' claims and defenses. Polaris also objects to this Interrogatory because it is unlimited in temporal scope and not limited to the Subject Model or the claimed defects in this lawsuit. Subject to and without waiving any objections, Polaris will produce copies of the owner's manual, drawings for the warning decals, safety hang tag, and a copy of the safety DVD sent from the manufacturing facility included with the Subject Model once a protective order is entered. Polaris will also produce documents created during the product design process for the heat shield, engineering drawings of relevant components of the heat shield, and the testing of the Subject Model once protective order is entered.

22.    All applicable safety standards or codes governing the design, manufacturing, assembly, and testing of the Subject ATV (or similar ATVs).

RESPONSE: Polaris objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because safety standards and codes related to the Subject Vehicle are not relevant to the parties' claims or defenses. Polaris also objects to this Interrogatory because it is unlimited in temporal scope and not limited to the Subject Model or the claimed defects in this lawsuit. Subject to and without waiving any objection, Polaris manufactured the Subject Model in accordance with all applicable standards set by the Recreational Off-Highway Vehicle Association ("ROHVA"), in conjunction with the American National Standards Institute ("ANSI"), and the Specialty Vehicle Institute of America ("SVIA"). Those standards are publicly available, and can be accessed as easily by Plaintiff as Polaris.

23.    All safety notices (including recall notices) issued by Defendant, any affiliates of Defendant, and/or any governmental agency regarding the potential for injuries as a result of coming into contact with the exhaust system of the Subject ATV (or similar ATVs).

RESPONSE: Polaris objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because safety notices for the exhaust system of the Subject Model are not relevant to the parties' claims or defenses. Polaris also objects to this Interrogatory because it is unlimited in temporal scope and not limited to the Subject Model or the claimed defects in this lawsuit. Polaris also objects to this Request to the extent it seeks information that is outside of its custody or control. Subject to and without waiving any objections, all of Polaris's issued recalls for the Subject Model are available online, at https://www.polaris.com/en-us/vin-search/.

24.    All documents related to any testing of the Subject ATV (or similar ATVs) regarding prevention of contact with the exhaust system or safety measures to mitigate injuries from coming into contact with the exhaust system.

RESPONSE: Polaris objects to this Request as overly broad, unduly burdensome, and seeking

9

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because testing of the Subject Model regarding the exhaust system and its safety measures is not relevant to the parties' claims or defenses. Polaris also objects to this Interrogatory because it is unlimited in temporal scope and not limited to the Subject Model or the claimed defects in this lawsuit. Subject to and without waiving any objections, Polaris will produce relevant testing results for the Subject Model platform, including annual certification reports, field testing, and full vehicle durability reports once a protective order is entered.

25.    All documents related to any optional equipment available to the purchasers of the Subject ATV (or similar ATVs) to prevent coming into contact with the exhaust system or that might mitigate injuries from coming into contact with the exhaust system.

> **RESPONSE**: Polaris objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because "optional equipment" available to purchase is irrelevant to the parties' claims and defenses. Polaris also objects to this Request because it is unlimited in temporal scope and not limited to the Subject Model or the claimed defects in this lawsuit. Subject to and without waiving any objections, Polaris does not manufacture or sell "optional equipment" for the Subject Model that would prevent contact with the exhaust system.

26.    All documents related to communications (such as notes, memoranda, letters, or electronic writings) between Defendant and any other person or entity (including, but not limited to employees, agents and/or representatives of Defendant and its affiliates; any governmental or private agency; and Plaintiff) regarding the Subject Occurrence, which are not protected by the attorney-client privilege or work product. If you claim any such documents are privileged or work product, please identify the document(s), and provide an appropriate privilege log.

> **RESPONSE**: Polaris objects to this Request because it is unlimited in temporal scope. Polaris will interpret this request to seek documents referencing the Subject Occurrence that occurred prior to Plaintiff filing his complaint. Subject to and without waiving any objections, Polaris has not located any responsive documents to date. Polaris will supplement this Response if any responsive documents are located.

27.    All documents (including, but not limited to, incident and investigative reports, claims, and legal proceedings) regarding accidents similar to the Subject Occurrence occurring in the ten (10) year period prior to the Subject Occurrence which are not protected by the attorney-client privilege or

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

work product. If you claim any such documents are privileged or work product, please identify the document(s), and provide an appropriate privilege log.

> **RESPONSE**: Polaris objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because evidence of similar accidents is irrelevant to the parties' claims and defenses. Polaris also objects to this Request because it is not limited to the Subject Model, either in temporal scope or to incidents involving the Subject Model. Polaris will interpret this Request to seek documents related to similar incidents involving contact with the Subject Model's exhaust system that have led to injury. Subject to and without waiving any objection, Polaris will produce any non-privileged documents relating to claims or injuries for the Subject Model platform allegedly caused by contact with the exhaust system once a protective order has been entered.

28.   A copy of the Owner's Manual and any other documentation that accompanied the Subject ATV at the time it was sold or otherwise transferred by Defendant.

> **RESPONSE**: Polaris objects to this Request to the extent it seeks the owner's manual that actually accompanied the Subject Vehicle, which is obviously not within Polaris's possession or custody. Polaris will interpret this Request to seek the owner's manual and other documents that accompany the Subject Model. Subject to and without waiving any objections, Polaris will produce copies of the owner's manual, drawings for the warning decals, safety hang tag, and a copy of the safety DVD sent from the manufacturing facility included with the Subject Model once a protective order is entered. Polaris will also produce documents created during the product design process for the heat shield, engineering drawings of relevant components of the heat shield, and the testing of the Subject Model once protective order is entered.

29.   All warning labels and/or placards which were attached to or accompanied the Subject ATV at the time it was sold or otherwise transferred by Defendant.

> **RESPONSE**: Polaris objects to this Request to the extent it seeks the warning labels or placard that actually accompanied the Subject Vehicle, which is obviously not within Polaris's possession or custody. Polaris will interpret this Request to seek the warning labels and placard that accompany the Subject Model. Subject to and without waiving any objections, Polaris will produce copies of the owner's manual, drawings for the warning decals, safety hang tag, and a copy of the safety DVD sent from the manufacturing facility included with the Subject Model once a protective order is entered. Polaris will also produce documents created during the product design process for the heat shield, engineering drawings of relevant components of the heat shield, and the testing of the Subject Model once protective order is entered.

30.   All photographs, film, and videotape which depict testing of the heat shield on the Subject ATV (or similar ATVs).

> **RESPONSE**: Polaris objects to this Request as overly broad, unduly burdensome, and seeking

11

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because photographs, film, and videotape related to the testing of the Subject Model's heat shield are irrelevant to the parties' claims and defenses. Polaris also objects to this Request because it is not limited to the Subject Model. Subject to and without waiving any objection, Polaris will produce copies of testing for the Subject Model platform, including annual certification reports, field testing, and full vehicle durability reports, once a protective order is entered.

31.    All documents related to warnings provided by Defendant to operators of the Subject ATV (or similar ATVs) including, but not limited to warnings of the danger in coming into contact with the exhaust system.

RESPONSE: Polaris objects to this Request because the terms "operators of the Subject ATV" is vague and undefined. Polaris will interpret this Request to seek documents included with the Subject Model when it leaves Polaris's custody and control. Subject to and without waiving any objections, Polaris will produce copies of the owner's manual, drawings for the warning decals, safety hang tag, and a copy of the safety DVD sent from the manufacturing facility included with the Subject Model once a protective order is entered. Polaris will also produce documents created during the product design process for the heat shield, engineering drawings of relevant components of the heat shield, and the testing of the Subject Model once protective order is entered.

32.    All documents or photographs which you intend to use or offer at trial.

RESPONSE: Polaris objects to this Request as premature because Polaris has not yet determined what documents or photographs it intends to use or offer at trial. Polaris reserved the right to supplement this response.

33.    All documents related to alternative designs regarding the Subject ATV (or similar ATVs) that were not implemented by Defendant when manufacturing, assembling, and testing occurred.

RESPONSE: Polaris objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because documents related to alternative designs that were not implemented in the Subject Model are irrelevant to the parties' claims and defenses. Subject to and without waiving any objections, Polaris will produce documents created during the product design process for the heat shield, engineering drawings of relevant components of the heat shield, and the testing of the Subject Model once protective order is entered.

34.    All documents related to safety warnings for the Subject ATV (or similar ATVs), including warnings that were not included when the Subject ATV was sold or transferred by Defendant.

12

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

**RESPONSE**: Polaris objects to this Request because it is duplicative of other discovery requests. Polaris also objects to this Request because it seeks safety warnings for the Subject Model that were not included with the Subject Model when it was sold or transferred by Polaris, which is an inherently vague request. Subject to and without waiving any objections, Polaris will produce copies of the owner's manual, drawings for the warning decals, safety hang tag, and a copy of the safety DVD sent from the manufacturing facility included with the Subject Model once a protective order is entered. Polaris will also produce documents created during the product design process for the heat shield, engineering drawings of relevant components of the heat shield, and the testing of the Subject Model once protective order is entered.

35.     All documents related to alternative accessories available from Defendant to purchasers of the Subject ATV (or similar ATVs), including, but not limited to heat shield covers, tip-over sensors, and/or kill switches.

**RESPONSE**: Polaris objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the availability of alternative accessories is irrelevant to the parties' claims and defenses. Subject to and without waiving any objections, the available accessories for the Subject Model are available here: https://www.polaris.com/en-us/off-road/sportsman/accessories/. Polaris does not manufacturer or sell accessory heat shield covers, tip-over sensors, or kill switches.

Respectfully submitted,

/s/ Philip L. Willman

Philip L. Willman (No. 29325)
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
P: (314) 421-3400
F: (314) 421 3128
pwillman@bjpc.com

s/ Casey L Miller

E. Todd Presnell (admitted *pro hac vice*)
R. Craig Mayfield (admitted *pro hac vice*)
Casey L. Miller (admitted *pro hac vice*)
Bradley Arant Boult Cummings LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
P: (615) 252-2393
F: (615) 252-6355
cmiller@bradley.com

*Attorneys for Defendants Polaris Industries Inc. and Polaris Sales Inc.*

13

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that I have filed a true and correct copy of the above and foregoing document. Additionally, I have served a copy of the forgoing via first class, United States mail and electronic mail upon the following:

William G. Manson, Esq.
9233 Ward Parkway, Suite 240
Kansas City, Missouri 64114
bill@alderandmanson.com

Theodore C. Beckett, III, Esq.
2345 Grand Boulevard, Suite 1600
Kansas City, Missouri 64108
tcb@beckettandhensley.com

this the 17th day of March, 2025.

*/s/ Philip L. Willman*
Philip L. Willman

# EXHIBIT C

## IN THE CIRCUIT COURT FOR REYNOLDS COUNTY, MISSOURI

| | | |
|---|---|---|
| MICHAEL CHAPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  24RE-CC00006 |
| v. | ) | |
| | ) | |
| POLARIS INDUSTRIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT POLARIS SALES INC.'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S OPENING INTERROGATORIES**

Pursuant to Rule 57.01 of the Missouri Rules of Civil Procedure, Defendant Polaris Sales Inc. ("Polaris Sales") serves its Answers and Objections to the Opening Interrogatories from Plaintiff Michael Chapple ("Plaintiff").

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

## OBJECTIONS TO DEFINITIONS

A.    Polaris Sales objects to Definitions A ("person" and "persons") and B ("document" and "documents") because they are vague and ambiguous. Polaris will interpret these terms in accordance with their ordinary meaning.

B.    Polaris Sales objects to Definition C ("Subject ATV") because it is vague and ambiguous, seeks information that is not relevant to the subject matter of the pending action, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Polaris will interpret "Subject ATV" as the vehicle used in this case, a 2015 Sportsman 570 Touring (VIN: 4XASDE571FA652927), and refer to the vehicle as the "Subject Vehicle." Polaris will also refer to the model of the vehicle in this case (Model No.: A15SDE57AJ) as the "Subject Model."

C.    Polaris Sales objects to Definition D ("owner's manual") because it is vague and ambiguous. Polaris will interpret the words "Owner's Manual" to refer to the owner's manual that would have been included with the Subject Model when it left Polaris's custody and control.

D.    Polaris Sales objects to Definition E ("Subject Occurrence") because it is argumentative. Polaris also objects to this Definition because the term "significant" is vague and undefined. Polaris will interpret the term "Accident" to refer to Plaintiff's accident while allegedly using the Subject Vehicle on June 23, 2020.

E.    Polaris Sales objects to Definitions F ("Polaris Sales"), G ("Polaris Industries"), H ("Stahlman"), and I ("Asplundh") as overly broad, vague, and ambiguous. Polaris will interpret these terms to refer to Polaris Sales Inc., Polaris Industries Inc., Defendant Rolla Cycle, Inc. d/b/a Stahlman Powersports, and Asplundh Tree Experts, LLC, respectively.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

## INTERROGATORIES

### General Information

1.    [1] Please state the name, address, phone number, and title (if any) of the person answering these interrogatories on behalf of Polaris Sales.

**ANSWER:** Polaris Sales objects to this Interrogatory because it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving any objection, **[1]** Polaris Sales's answers to these interrogatories were prepared under the direction of counsel based on information gathered from various sources. These answers constitute corporate responses and, as such, are not based upon the personal knowledge of any particular person.

2.    [2] Does Polaris Sales have any insurance coverage that will indemnify it against any judgment Chapple may obtain in this action? Yes (   )  No (   ).  If your answer is "Yes," for each insurance policy please state:

    (a)    the name, address, and phone number of the company issuing the insurance policy,
    (b)    the policy number, and
    (c)    the limits of coverage.

**ANSWER:** Polaris Sales objects to this Interrogatory to the extent it seeks information that is not discoverable pursuant to Missouri Rule of Civil Procedure 56.01(b)(4). Subject to and without waiving any objections, **[2]** Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

3.    [3] Please briefly describe the business relationship between Polaris Industries and Polaris Sales (i.e., subsidiary, affiliated company, etc.).

**ANSWER:** [3] Polaris Sales Inc. is a subsidiary of Polaris Industries Inc.

4.    [4] Did Polaris Sales perform any advertising, marketing, promoting, distributing, and/or selling of Polaris ATVs (including the Subject ATV) within the United States at the time the

3

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

Subject ATV was distributed or sold?  Yes (   )  No (   ).  If your answer is "Yes", please describe Polaris Sales' role in any advertising, marketing, promoting, distributing, and/or selling of Polaris ATVs (including the Subject ATV)?

> **ANSWER:** Polaris Sales objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because Plaintiff did not purchase the Subject Vehicle and did not rely on any marketing when operating the Subject Vehicle. Accordingly, any marketing related to the Subject Model is irrelevant to the parties' claims and defenses. Subject to and without waiving any objections, **[4]** Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

5.      Was Polaris Sales responsible for or did Polaris Sales do any of the following during the time period from January 1, 2015, through July 1, 2020:

> (a)    **[5]** create warning labels and/or placards to be affixed to Polaris ATVs? Yes (   ) No (   )
>
> (b)    **[6]** author warning content in the Owner's Manual regarding contact with the exhaust system of Polaris ATVs?  Yes (   ) No (   )
>
> (c)    **[7]** distribute warning/safety materials to dealers (such as Stahlman) about the dangers of coming into contact with the exhaust system of Polaris ATVs? Yes (   ) No (   )
>
> (d)    **[8]** hold/conduct educational conferences or meetings about the dangers of coming into contact with the exhaust systems of Polaris ATVs?  Yes (   ) No (   ), or
>
> (e)    **[9]** warn Polaris customers of the dangers of coming into contact with the exhaust system of Polaris ATVs?  Yes (   ) No (   )

> **ANSWER:** Polaris Sales objects to this Interrogatory because its scope is not limited in time or the claimed defects in this lawsuit. Subject to and without waiving any objections, **[5–9]** Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

6.    **[10]** Does Polaris Sales advertise, market, promote, distribute, and/or sell any Polaris ATVs that contain a **factory installed** heat shield or other protective covering on the entire exhaust system (including the muffler)? Yes (  ) No (  ). If your answer is "Yes," please state:

(a)    each Polaris model where the ATV has a heat shield or other protective covering that covers the entire exhaust system (including the muffler),

(b)    **[11]** the cost to manufacture or add the heat shield to the models identified in (a), and

(c)    if you will do so without a *Request for Production of Documents*, please attach a photograph to these Interrogatories of each Polaris model that has a heat shield or other protective covering that covers the entire exhaust system (including the muffler).

**ANSWER:** Polaris Sales objects to this Interrogatory because its scope is not limited in time or the claimed defects in this lawsuit. Subject to and without waiving any objections, **[10–11]** Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

7.    **[12]** Does Polaris Sales advertise, market, promote, distribute, and/or sell any Polaris ATVs that contain **factory installed** safety equipment (i.e., a tethered kill switch or tip sensor) which might mitigate injuries if contact with the exhaust system occurred? Yes (  ) No (  ). If your answer is "Yes," please state:

(a)    each Polaris model where the ATV has a tethered kill switch, tip sensor or some other piece of equipment that would prevent contact with the exhaust system (including the muffler) or mitigate injuries if contact occurred,

(b)    **[13]** the cost to manufacture or add the safety equipment to the models identified in (a), and

(c)    if you will do so without a *Request for Production of Documents*, please attach a photograph to these *Interrogatories* of each Polaris model that has a tethered kill switch, or tip sensor, or other piece of equipment that would mitigate injuries if contact occurred, to these *Interrogatories*.

**ANSWER:** Polaris Sales objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because Plaintiff did not purchase the Subject Vehicle and did not rely on any marketing when operating the Subject Vehicle. Accordingly, any marketing related to the Subject Model is irrelevant to the parties' claims and defenses. Polaris Sales also objects to this Interrogatory because its scope is not limited in time or the claimed defects in this lawsuit. Subject to and without waiving any objections, **[12–13]** Polaris Sales is an entity that distributes

5

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

8.    [14] Does Polaris Sales advertise, market, promote, distribute, and/or sell **after-market** heat shields, tethered kill switches, tip sensors, or any other safety equipment that would prevent contact with the exhaust system or might mitigate injuries if contact occurred? Yes (   ) No (   ). If your answer is "Yes," please state:

(a)    a description of the safety equipment,
(b)    [15] the cost to manufacture each piece of equipment identified in (a),
(c)    [16] the price charged to dealers and/or customers for each piece of after-market equipment identified in (a), and
(d)    if you will do so without a Request for Production of Documents, please attach a photograph to these Interrogatories of each piece of equipment identified in (a).

ANSWER: Polaris Sales objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because Plaintiff did not purchase the Subject Vehicle and did not rely on any marketing when operating the Subject Vehicle. Accordingly, any marketing related to the Subject Model is irrelevant to the parties' claims and defenses. Subject to and without waiving any objections, [14–16] Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

9.    Please identify by name, title, address, and telephone number the corporate representative(s) who is/are most knowledgeable to testify about:

(a)    [17] the availability and types of heat shields that cover the exhaust system of Polaris ATVs, if any,
(b)    [18] the availability and types of other pieces of safety equipment (i.e., tethered kill switches or tip sensors) that might mitigate injuries if contact with the exhaust system occurred,
(c)    [19] warnings provided to Polaris ATV owners and/or operators about contact with the exhaust system of a Polaris ATV,

6

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

(d)     [20] recalls of any Polaris ATVs because of injuries from contact with the exhaust system of Polaris ATVs,

(e)     [21] warnings in the Owner's Manual and/or labels and/or placards affixed to Polaris ATVs, and

(f)     [22] whether Polaris Sales warns Polaris Industries' dealers (like Stahlman) and/or customers (like Asplundh) regarding the dangers of coming into contact with an exhaust system of a Polaris ATV and the form and content of such warnings.

**ANSWER:** Polaris Sales objects to this Interrogatory to the extent it seeks to circumvent the procedures in Missouri Rule of Civil Procedure 57.03(b)(4) which outlines the process for conducting discovery on these topics. Subject to and without waiving any objection, [17–22] Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

## Warnings

10.     [23] Did Polaris Sales give any warnings to Stahlman, Asplundh, or any other person or entity regarding the dangers of coming into contact with the exhaust system of the Subject ATV at any time prior to the sale/transfer of the Subject ATV? Yes ( ) No ( ). If your answer is "Yes," please state:

(a)     the name, title, address, and telephone number of the Polaris Sales' representative giving such warning,

(b)     the date the warning was given,

(c)     the form in which the warning was given,

(d)     the content of the warning, and

(e)     the name, title, address, and telephone number of the individual to whom the warning was given.

**ANSWER:** Polaris Sales objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the "name, title, address, and telephone number" of any Polaris Sales representative that gave a warning and the "name, address, and telephone number of each person or entity to whom the warning was given" are irrelevant to the parties' claims and defenses. Polaris Sales also objects to this Interrogatory because its scope is not limited to the claimed defects in this lawsuit. Subject to and without waiving any objections, [23] Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

## Subject Occurrence

11.    [24] Does Polaris Sales claim anyone (other than Polaris Sales) has any responsibility for the injuries sustained by Chapple as a result of the Subject Occurrence? Yes ( )  No ( ). If your answer is "Yes," please provide:

    (a)    the name, address, and telephone number of each person and/or entity who Polaris Sales claims has any responsibility for the injuries sustained by Chapple as a result of the Subject Occurrence, and

    (b)    the facts supporting such claim.

**ANSWER:** Polaris Sales objects to this Interrogatory as a premature contention interrogatory that need not be answered until after further discovery has been completed. *See* Mo. R. Civ. P. 57.01(a). Subject to and without waiving any objections, [24] Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

12.    [25] Did any Polaris Sales' employees/agents take a statement (oral, written, or recorded) from any person or entity regarding the Subject Occurrence? Yes ( )  No ( ). If the answer is "Yes," please state:

    (a)    the date each statement was taken,

    (b)    the name, address, and telephone number of the employee/agent who took each statement,

    (c)    a description of the subject matter of each statement,

    (d)    the name, address, and telephone number of the custodian of each statement, and

    (e)    if you will do so without a *Request for Production of Documents*, please attach a copy of each statement to these *Interrogatories*.

**ANSWER:** Polaris Sales objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks the identity of any person that verbally communicated with Polaris Sales regarding this lawsuit which would require Polaris Sales to make an inquiry with every employee to determine whether they have spoken with anyone about this lawsuit. Polaris Sales also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving any objection, [25] Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle.

8

Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

13.    **[26]** Has Polaris Sales conducted an inspection of the Subject ATV?  Yes ( ) No ( ).

If your answer is "Yes," please:

(a)    the date of the inspection,
(b)    the name, title, address, and telephone number of the people who conducted the inspection, and
(c)    if you will do so without a *Request for Production of Documents*, please attach a copy of any inspection report to these *Interrogatories*.

**ANSWER: [26]** Polaris Sales objects to this Interrogatory because it exceeds the maximum number of interrogatories, including discrete subparts, allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 57.01(a). Polaris Sales also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Polaris Sales also objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks the identity and contact information of the participants of any investigation, information that is irrelevant to the parties' claims and defenses.

14.    **[27]** Does Polaris Sales contend the Subject ATV was altered or modified between the time it was sold and the date of the Subject Occurrence?  Yes ( ) No ( ).  If your answer is "Yes," please state:

(a)    the alterations or modifications Polaris Sales contends were made to the Subject ATV, and
(b)    how any such alteration or modification contributed (if at all) to the Subject Occurrence.

**ANSWER: [27]** Polaris Sales objects to this Interrogatory because it exceeds the maximum number of interrogatories, including discrete subparts, allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 57.01(a). Polaris Sales also objects to this Interrogatory as a premature contention interrogatory that need not be answered until after further discovery has been completed. *See* Mo. R. Civ. P. 57.01(a).

15.    **[28]** Does Polaris Sales contend any person or entity failed to comply with any instruction or warning contained in the Owner's Manual of the Subject ATV regarding the Subject Occurrence? Yes ( ) No ( ).  If your answer is "Yes," please state:

(a)    with specificity the written instruction or warning contained in the Owner's Manual for which the person or entity did not comply, and

9

(b)     the page number of the Owner's Manual where the instruction or warning can be found.

**ANSWER: [28]** Polaris Sales objects to this Interrogatory because it exceeds the maximum number of interrogatories, including discrete subparts, allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 57.01(a). Polaris Sales also objects to this Interrogatory as a premature contention interrogatory that need not be answered until after further discovery has been completed. *See* Mo. R. Civ. P. 57.01(a).

16.   **[29]** Does Polaris Sales contend any person or entity failed to comply with any instruction or warning contained on any sticker affixed to the Subject ATV regarding the Subject Occurrence? Yes (   ) No (   ). If your answer is "Yes," please state:

(a)     with specificity the instruction or warning for which the person or entity failed to comply,
(b)     the language on the sticker, and
(c)     the location of the sticker on the Subject ATV.

**ANSWER: [29]** Polaris Sales objects to this Interrogatory because it exceeds the maximum number of interrogatories, including discrete subparts, allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 57.01(a). Polaris Sales also objects to this Interrogatory as a premature contention interrogatory that need not be answered until after further discovery has been completed. *See* Mo. R. Civ. P. 57.01(a).

17.   **[30]** Please state (a) the full name, current address, telephone number, qualifications, and present employment of each person whom you expect to call as an expert witness at the trial of this case, (b) the subject matter on which the expert is expected to testify, (c) the substance of the facts and opinions to which each such expert is expected to testify, and (d) a summary of the grounds for each opinion expected to be expressed by such expert.

**ANSWER: [30]** Polaris Sales objects to this Interrogatory because it exceeds the maximum number of interrogatories, including discrete subparts, allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 57.01(a). Polaris Sales also objects to this Interrogatory as premature as Polaris has not yet determined if it will call an expert witness to testify at the trial of this case. Polaris Sales also objects to this Interrogatory to the extent it exceeds the scope of expert discovery allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 56.01(b)(6)–(7).

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

## Prior Lawsuits & Incidents

18.    **[31]** Has a claim or lawsuit ever been filed against Polaris Sales wherein a person claimed he/she was injured as a result of coming into contact with the exhaust system of a Polaris ATV?

Yes (  ) No (  ). If your answer is "Yes," please:

(a)    provide the style of the claim/suit (i.e., the name of the injured party and the jurisdiction where the claim or suit was brought), and

(b)    give a summary description of the occurrence giving rise to the claim/suit identified in (a), and provide the outcome of the claim (i.e., tried, dismissed, settled, still pending).

**ANSWER: [31]** Polaris Sales objects to this Interrogatory because it exceeds the maximum number of interrogatories, including discrete subparts, allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 57.01(a). Polaris Sales also objects to this Interrogatory because its scope is not limited in time or the claimed defects in this lawsuit.

## <u>VERIFICATION</u>

STATE OF MINNESOTA    )

COUNTY OF CHISAGO    )

     Matthew Lewis acknowledges that he is a Sr. NPI Manufacturing Engineer of Polaris Industries Inc., and that he signs these responses to interrogatories on behalf of Polaris Sales Inc.; that he is duly authorized to do so; that he has read the foregoing responses to interrogatories and knows the contents thereof; that not all of the matters stated in the foregoing responses to interrogatories are within his personal knowledge and that there is no individual employee of the Polaris Sales Inc. who has personal knowledge of all such matters; that said responses were prepared with the assistance of employees and counsel upon which he has relied; that the responses to interrogatories set forth herein, subject to inadvertent and undiscovered errors, are based upon and necessarily limited by the records and information thus far discovered in the course of these proceedings; and, consequently, Polaris Sales Inc. reserve the right to make any changes in these responses to interrogatories if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that, subject to the limitations set forth herein, the said responses to interrogatories are true to the best of his knowledge, information, and belief.

Print Name _Matthew Lewis__

Signature _____

Sworn to and subscribed before me this 3rd day of April, 2025.

Notary Public _____

My Commission Expires: 1/24/2028

STEPHANIE COVINGTON
STATE OF TENNESSEE NOTARY PUBLIC
COUNTY OF DAVIDSON

...ied by Audio visual communication

12

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

Respectfully submitted,

/s/ Philip L. Willman
Philip L. Willman (No. 29325)
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
P: (314) 421-3400
F: (314) 421 3128
pwillman@bjpc.com

s/ Casey L Miller
E. Todd Presnell (admitted *pro hac vice*)
R. Craig Mayfield (admitted *pro hac vice*)
Casey L. Miller (admitted *pro hac vice*)
Bradley Arant Boult Cummings LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
P: (615) 252-2393
F: (615) 252-6355
cmiller@bradley.com

*Attorneys for Defendants Polaris Industries Inc. and Polaris Sales Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that I have filed a true and correct copy of the above and foregoing document. Additionally, I have served a copy of the forgoing via first class, United States mail and electronic mail upon the following:

William G. Manson, Esq.
9233 Ward Parkway, Suite 240
Kansas City, Missouri 64114
bill@alderandmanson.com

Theodore C. Beckett, III, Esq.
2345 Grand Boulevard, Suite 1600
Kansas City, Missouri 64108
tcb@beckettandhensley.com

this the 3rd day of April, 2025.

/s/ Philip L. Willman
Philip L. Willman

13

# EXHIBIT D

## IN THE CIRCUIT COURT FOR REYNOLDS COUNTY, MISSOURI

| | | |
|---|---|---|
| MICHAEL CHAPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  24RE-CC00006 |
| | ) | |
| v. | ) | |
| | ) | |
| POLARIS INDUSTRIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT POLARIS SALES INC.'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 58.01 of the Missouri Rules of Civil Procedure, Defendant Polaris Sales Inc. ("Polaris Sales") serves its Answers and Objections to the First Requests for Production of Documents from Plaintiff Michael Chapple ("Plaintiff").

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

## OBJECTIONS TO INSTRUCTIONS

1.      Polaris Sales objects to Instruction Nos. 3–5 to the extent they seek to expand Polaris Sales's obligations under the Missouri Rules of Civil Procedure. Polaris Sales will respond to these requests consistent with its obligations under the Missouri Rules of Civil Procedure and the orders of this Court.

## OBJECTIONS TO DEFINITIONS

A.      Polaris Sales objects to Definitions A ("person" and "persons") and B ("document" and "documents") because they are vague and ambiguous. Polaris Sales will interpret these terms in accordance with their ordinary meaning.

B.      Polaris Sales objects to Definition C ("Subject ATV") because it is vague and ambiguous, seeks information that is not relevant to the subject matter of the pending action, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Polaris Sales will interpret "Subject ATV" as the vehicle used in this case (VIN: 4XASDE571FA652927), and refer to the vehicle as the "Subject Vehicle." Polaris Sales will also refer to the model of the vehicle in this case (Model No.: A15SDE57AJ) as the "Subject Model."

C.      Polaris Sales objects to Definition D ("owner's manual") because it is vague and ambiguous. Polaris Sales will interpret the words "Owner's Manual" to refer to the owner's manual that would have been included with the Subject Model when it left Polaris Industries's custody and control.

D.      Polaris Sales objects to Definition E ("Subject Occurrence") because it is argumentative. Polaris Sales will interpret the term "Accident" to refer to Plaintiff's accident while allegedly using the Subject Vehicle on June 23, 2020.

E.      Polaris Sales objects to Definitions F ("Polaris Sales"), G ("Polaris Industries"), H ("Stahlman"), and I ("Asplundh") as overly broad, vague, and ambiguous. Polaris will interpret these

2

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:46 PM

terms to refer to Polaris Sales, Polaris Industries, Defendant Rolla Cycle, Inc. d/b/a Stahlman Powersports, and Asplundh Tree Experts, LLC, respectively.

## REQUESTS

1.     All documents referred to, identified or described in your answers to Plaintiff's interrogatories directed to Defendant.

**RESPONSE**: Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

2.     All documents which you contend support your specific denial of any allegations set forth in *Plaintiff's First Amended Petition for Damages*.

**RESPONSE**: Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

3.     All documents which you contend support your Affirmative Defenses to Plaintiff's Petition.

**RESPONSE**: Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

4.     All reports, statements, memos, notes, e-mails, diaries, logs, summaries, calendars, or other documents in the possession or control of Defendant, or any of Defendant's agents, employees or affiliates, that refer to or discuss Plaintiff directly or indirectly by name.

3

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:49 PM

**RESPONSE**: Polaris Sales objects to this Request because the terms "reports," "statements," "notes," and "summaries" are vague, ambiguous, and undefined. Polaris Sales also objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine. Polaris Sales also objects to this Request because it is unlimited in temporal scope. Polaris Sales will interpret this request to seek documents referencing Plaintiff for the period before Plaintiff filed his complaint. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

5.      All reports, statements, memos, notes, e-mails, diaries, logs, summaries, calendars, or other documents in the possession or control of Defendant, or any of Defendant's agents, employees or affiliates, that relate to the Subject Occurrence.

**RESPONSE**: Polaris Sales objects to this Request because the terms "reports," "statements," "notes," and "summaries" are vague, ambiguous, and undefined. Polaris Sales also objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine. Polaris Sales also objects to this Request because it is unlimited in temporal scope. Polaris Sales will interpret this request to seek documents referencing Plaintiff for the period before Plaintiff filed his complaint. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

6.      Copies of all statements, whether recorded, written, transcribed or of any other nature which have any relation whatsoever to the Subject Occurrence and/or the above captioned litigation. If any privilege objection is interposed, please describe with particularity the documents which fall within the objection.

**RESPONSE**: Polaris Sales objects to this Request as overly broad and unduly burdensome to the extent it seeks the identity of any person that verbally communicated with Polaris Sales regarding this lawsuit which would require Polaris Sales to make an inquiry with every employee concerning whether they have spoken with anyone about this lawsuit. Polaris Sales also objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine. Polaris Sales also objects to this

4

Request because it is unlimited in temporal scope. Polaris Sales will interpret this request to seek documents referencing Plaintiff for the period before Plaintiff filed his complaint. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

7.     All documents related to any investigation conducted by Defendant related to the Subject Occurrence.

**RESPONSE**: Polaris Sales objects to this Request because the term "investigation" is undefined, vague, and ambiguous. Polaris Sales will interpret this Request to seek any inspections performed on the Subject Vehicle or the Accident scene. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

8.     If you contend that Plaintiff caused or contributed to cause the Subject Occurrence, produce all documents which you believe support that contention.

**RESPONSE**: Polaris Sales objects to this Request as a premature contention Request that need not be answered until after further discovery has been completed. *See* Mo. R. Civ. P. 57.01(a). Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

9.     All of Plaintiff's medical records obtained by Defendant from any source.

**RESPONSE**: Polaris Sales objects to this Request to the extent it seeks information outside of Polaris Sales's custody and control. Likewise, Polaris Sales objects to this Request to the extent it seeks information as equally available to Plaintiff. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

10.     A copy of the resume or qualifications of each and every expert who may testify on your behalf at the time of trial.

**RESPONSE**: Polaris Sales objects to this Request as premature because Polaris Sales has not yet determined if it will call an expert witness to testify at the trial in this case. Polaris Sales also objects to this Request to the extent it seeks to the extent it exceeds the scope of expert discovery allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 56.01(b)(6)–(7). Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

11.     A copy of all materials provided to any experts who may testify on your behalf at the time of trial.

**RESPONSE**: Polaris Sales objects to this Request as premature because Polaris Sales has not yet determined if it will call an expert witness to testify at the trial in this case. Polaris Sales also objects to this Request to the extent it seeks to the extent it exceeds the scope of expert discovery allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 56.01(b)(6)–(7). Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

12.     A copy of all materials that have been reviewed by any experts who may testify on your behalf at the time of trial.

**RESPONSE**: Polaris Sales objects to this Request as premature because Polaris Sales has not yet determined if it will call an expert witness to testify at the trial in this case. Polaris Sales also objects to this Request to the extent it seeks to the extent it exceeds the scope of expert discovery allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 56.01(b)(6)–(7). Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive

information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

13.     A copy of all materials relied upon by any experts who may testify on your behalf at the time of trial.

> **RESPONSE**: Polaris Sales objects to this Request as premature because Polaris Sales has not yet determined if it will call an expert witness to testify at the trial in this case. Polaris Sales also objects to this Request to the extent it seeks to the extent it exceeds the scope of expert discovery allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 56.01(b)(6)–(7). Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

14.     A listing of all cases in which each expert has testified and may testify on your behalf at the time of trial in this case within the last five years.

> **RESPONSE**: Polaris Sales objects to this Request as premature because Polaris Sales has not yet determined if it will call an expert witness to testify at the trial in this case. Polaris Sales also objects to this Request to the extent it seeks to the extent it exceeds the scope of expert discovery allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 56.01(b)(6)–(7). Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

15.     A copy of all reports generated by any experts who may testify on your behalf at the time of trial.

> **RESPONSE**: Polaris Sales objects to this Request as premature because Polaris Sales has not yet determined if it will call an expert witness to testify at the trial in this case. Polaris Sales also objects to this Request to the extent it seeks to the extent it exceeds the scope of expert discovery allowed under Missouri's Rules of Civil Procedure. *See* Mo. R. Civ. P. 56.01(b)(6)–(7). Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

16.    All documents related to any insurance agreements which will indemnify Defendant, in whole, or in part, against any judgment the Plaintiff may obtain in the instant action, including the declaration pages.

> **RESPONSE**: Polaris Sales objects to this Request to the extent it seeks information that is not discoverable pursuant to Missouri Rule of Civil Procedure 56.01(b)(4). Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

17.    All documents distributed or circulated by Defendant to any person or entity regarding the hazards of coming into contact with the exhaust system of the Subject ATV, and similar all terrain vehicles.

> **RESPONSE**: Polaris Sales objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because documents concerning the hazards of contacting an exhaust system are irrelevant to the parties' claims and defenses. Polaris Sales also objects to this Request because it is unlimited in temporal scope and not limited to the Subject Model or the claimed defects in this lawsuit. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

18.    All documents related to the dangers of coming into contact with the exhaust system of the Subject ATV, or similar all terrain vehicles, that accompanied the Subject ATV, and similar all terrain vehicles, when sold or otherwise transferred to any person or entity.

> **RESPONSE**: Polaris Sales objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because documents concerning the hazards of contacting an exhaust

8

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:46 PM

system are irrelevant to the parties' claims and defenses. Polaris Sales also objects to this Request because it is unlimited in temporal scope and not limited to the Subject Model or the claimed defects in this lawsuit. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

19.    All documents related to the potential for injuries from coming into contact with the exhaust system of the Subject ATV, and similar all terrain vehicles, including, but not limited to, documents regarding alternative designs and ways to protect the operator from coming into contact with the exhaust system.

**RESPONSE**: Polaris Sales objects to this Request as duplicative of prior discovery requests. Polaris Sales further objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because documents concerning the hazards of contacting an exhaust system are irrelevant to the parties' claims and defenses. Polaris Sales also objects to this Request because it is unlimited in temporal scope and not limited to the Subject Model or the claimed defects in this lawsuit. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

20.    All applicable safety standards or codes governing the design, manufacturing, assembly, and testing of the Subject ATV, and similar all terrain vehicles.

**RESPONSE**: Polaris Sales objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because safety standards and codes related to the Subject Vehicle are not relevant to the parties' claims or defenses. Polaris Sales also objects to this Request because it is unlimited in temporal scope and not limited to the Subject Model or the claimed defects in this lawsuit. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

9

21. All safety notices (including recall notices) issued by Defendant, any affiliates of Defendant, and/or any governmental agency regarding the potential for injuries as a result of coming into contact with the exhaust system of the Subject ATV, and similar all terrain vehicles.

**RESPONSE**: Polaris Sales objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because safety notices for the exhaust system of the Subject Model are not relevant to the parties' claims or defenses. Polaris Sales also objects to this Request because it is unlimited in temporal scope and not limited to the Subject Model or the claimed defects in this lawsuit. Polaris Sales also objects to this Request to the extent it seeks information that is outside of its custody or control. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

22. All documents related to any optional equipment available to the purchasers of the Subject ATV, and similar all terrain vehicles, to prevent coming into contact with the exhaust system or that might mitigate injuries from coming into contact with the exhaust system.

**RESPONSE**: Polaris Sales objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because "optional equipment" available to purchase is irrelevant to the parties' claims and defenses. Polaris Sales also objects to this Request because it is unlimited in temporal scope and not limited to the Subject Model or the claimed defects in this lawsuit. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

23. All documents related to communications (such as notes, memoranda, letters, or electronic writings) between Defendant and any other person or entity (including, but not limited to, employees, agents and/or representatives of Defendant and its affiliates, any governmental or private agency, and Plaintiff) regarding the Subject Occurrence, which are not protected by the attorney-client

10

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

privilege or work product. If you claim any such documents are privileged or work product, please identify the document(s), and provide an appropriate privilege log.

> **RESPONSE**: Polaris Sales objects to this Request because it is unlimited in temporal scope. Polaris Sales will interpret this request to seek documents referencing the Subject Occurrence that occurred prior to Plaintiff filing his complaint. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

24.    All documents (including, but not limited to, incident and investigative reports, claims, and legal proceedings) regarding accidents similar to the Subject Occurrence occurring in the ten (10) year period prior to the Subject Occurrence which are not protected by the attorney-client privilege or work product. If you claim any such documents are privileged or work product, please identify the document(s), and provide an appropriate privilege log.

> **RESPONSE**: Polaris Sales objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because evidence of similar accidents is irrelevant to the parties' claims and defenses. Polaris Sales also objects to this Request because it is not limited to the Subject Model, either in temporal scope or to incidents involving the Subject Model. Polaris Sales will interpret this Request to seek documents related to similar incidents involving contact with the Subject Model's exhaust system that have led to injury. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

25.    A copy of the Owner's Manual and any other documentation that accompanied the Subject ATV, and similar all terrain vehicles, when sold or otherwise transferred to any person or entity.

> **RESPONSE**: Polaris Sales objects to this Request to the extent it seeks the owner's manual that actually accompanied the Subject Vehicle, which is obviously not within Polaris Sales's

11

possession or custody. Polaris Sales will interpret this Request to seek the owner's manual and other documents that accompany the Subject Model. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

26.    All warning labels and/or placards which were attached to or accompanied the Subject ATV, and similar all terrain vehicles, when sold or otherwise transferred to any person or entity.

**RESPONSE**: Polaris Sales objects to this Request to the extent it seeks the warning labels or placard that actually accompanied the Subject Vehicle, which is obviously not within Polaris Sales's possession or custody. Polaris Sales will interpret this Request to seek the warning labels and placard that accompany the Subject Model. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

27.    All documents related to warnings provided to operators of the Subject ATV, and similar all terrain vehicles, including, but not limited to, warnings of the danger in coming into contact with the exhaust system.

**RESPONSE**: Polaris Sales objects to this Request because the terms "operators of the Subject ATV" is vague and undefined. Polaris Sales will interpret this Request to seek documents included with the Subject Model when it leaves Polaris Industries's custody and control. Polaris Sales also objects to this Request because it is not limited to the Subject Model, either in temporal scope or to incidents involving the Subject Model. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

28.    All documents or photographs which you intend to use or offer at trial.

**RESPONSE**: Polaris Sales objects to this Request as premature because Polaris Sales has not

12

yet determined what documents or photographs it intends to use or offer at trial. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

29.    All documents related to safety warnings for the Subject ATV, and similar all terrain vehicles, when sold or otherwise transferred to any person or entity, including warnings that were not included when the Subject ATV, and similar all terrain vehicles, when sold or otherwise transferred to any person or entity.

> **RESPONSE**: Polaris Sales objects to this Request because it is duplicative of other discovery requests. Polaris Sales also objects to this Request because it seeks safety warnings for the Subject Model that were not included with the Subject Model when it was sold or transferred by Polaris, which is an inherently vague request. Polaris Sales also objects to this Request because it is not limited to the Subject Model, either in temporal scope or to incidents involving the Subject Model. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

30.    All documents related to alternative accessories available to purchasers of the Subject ATV, and similar all terrain vehicles, when sold or otherwise transferred to any person or entity, including, but not limited to heat shield covers, tip-over sensors, and/or kill switches.

> **RESPONSE**: Polaris Sales objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the availability of alternative accessories is irrelevant to the parties' claims and defenses. Polaris Sales also objects to this Request because it is not limited to the Subject Model, either in temporal scope or to incidents involving the Subject Model. Subject to and without waiving any objections, Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

13

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:46 PM

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

Respectfully submitted,

*/s/ Philip L. Willman*

Philip L. Willman (No. 29325)
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
P: (314) 421-3400
F: (314) 421 3128
pwillman@bjpc.com

*s/ Casey L Miller*

E. Todd Presnell (admitted *pro hac vice*)
R. Craig Mayfield (admitted *pro hac vice*)
Casey L. Miller (admitted *pro hac vice*)
Bradley Arant Boult Cummings LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
P: (615) 252-2393
F: (615) 252-6355
cmiller@bradley.com

*Attorneys for Defendants Polaris Industries Inc. and Polaris Sales Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that I have filed a true and correct copy of the above and foregoing document. Additionally, I have served a copy of the forgoing via first class, United States mail and electronic mail upon the following:

William G. Manson, Esq.
9233 Ward Parkway, Suite 240
Kansas City, Missouri 64114
bill@alderandmanson.com

Theodore C. Beckett, III, Esq.
2345 Grand Boulevard, Suite 1600
Kansas City, Missouri 64108
tcb@beckettandhensley.com

this the 3rd day of April, 2025.

*/s/ Philip L. Willman*

Philip L. Willman

14

EXHIBIT E

# BECKETT HENSLEY

## ATTORNEYS AND COUNSELORS

**Theodore C. Beckett, III**

Beckett & Hensley, L.C.
Phone: 816.471.7500
Fax: 816.222.0708
Email: tcb@beckettandhensley.com

April 18, 2025

<u>VIA ELECTRONIC MAIL ONLY</u>
cmayfield@bradley.com

R. Craig Mayfield, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1001 Water Street, Suite 100
Tampa, FL 33602

      Re:    *Chapple v. Polaris Industries, Inc., et al.*
              Case No. 24RE-CC00006

Dear Craig:

Please consider this our "Golden Rule" letter regarding your clients' responses and objections to Plaintiff's First Interrogatories and First Request for Production of Documents. The responses are inadequate, incomplete, and the objections are not well founded. Therefore, we request you provide us with appropriate responses within ten (10) days of this letter. Specifically, the deficiencies in your clients' responses are as follows:

**General Objections:**

General objections are not permitted in Missouri. You are required to specify why you believe any particular interrogatory or document request is objectionable. *State ex rel. Health Midwest Development Group, Inc. v. Daugherty*, 965 S.W.2d 841, 844 (Mo. 1998). Please withdraw your objections to the Instructions and Definitions.

**Protective Order:**

Your clients' statements that certain documents will be produced upon the entry of a protective order are not proper responses to discovery. In the event your client believes any documents or information are confidential and should be protected, it is your obligation to seek an appropriate protective order.

**Polaris Sales, Inc.'s Interrogatories:**

1.     The objections and responses to **interrogatory number 1** are not proper. We are entitled to know who, on behalf of your clients, prepared and or assisted in the preparation of the responses to all of the interrogatories.

2345 Grand Boulevard, Suite 1600   Kansas City, MO 64108   816.471.7500   www.beckettandhensley.com

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

# BECKETTHENSLEY

R. Craig Mayfield, Esq.
April 18, 2025
Page 2

2.    The objections and responses to **interrogatory number 2** are not proper. **Mo.R.Civ.P. 56.01(b)(4)** expressly authorizes discovery of the information requested regarding insurance agreements.    Therefore, we request you to withdraw the objections and provide proper responses to the interrogatory immediately.

3.    The objections to **interrogatory number 4** are not proper. Whether or not Plaintiff purchased the subject ATV has nothing to with whether the information is discoverable, which it is under Missouri law. The interrogatory asks a simple yes or no question. Therefore, we request you to withdraw the objections and provide proper responses to the interrogatory immediately.

4.    The objections to **interrogatory number 5** and your assertion of the Defendant's "stock" response to the interrogatory are not proper and are not in compliance with the Missouri rules regarding discovery and discoverable information.    The interrogatory is limited to a specific time frame and the information requested is discoverable.    Therefore, we request you to withdraw the objections to the interrogatory and provide proper responses immediately.

5.    The objections to **interrogatory numbers 6 through 8** and your assertion of the Defendant's "stock" response to these interrogatories are not proper and are not in compliance with the Missouri rules regarding discovery and discoverable information. The information requested by those interrogatories is clearly discoverable. Therefore, we request you to withdraw the objections to the interrogatories and provide proper responses immediately.

6.    The objections to **interrogatory number 9** and your assertion of the Defendant's "stock" response to the interrogatory are not proper. We are entitled to know the identity of the person most knowledgeable to testify regarding the topics identified. Therefore, we request you to withdraw the objections and provide a proper response to the interrogatory immediately.

7.    The objections to **interrogatory number 10** and your assertion of the Defendant's "stock" response to the interrogatory are not proper and are not in compliance with the Missouri rules regarding discovery and discoverable information. The interrogatory asks a simple yes or no question and the information requested is clearly discoverable.    Therefore, we request you to withdraw the objections and provide proper responses to the interrogatory immediately.

8.    The objections to **interrogatory number 11** and your assertion of the Defendant's "stock" response to the interrogatory are not proper and are not in compliance with the Missouri rules regarding discovery and discoverable information.    We are entitled to know whether your client believes any other person or entity has any responsibility for the injuries

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:46 PM

# BECKETTHENSLEY

R. Craig Mayfield, Esq.
April 18, 2025
Page 3

sustained by Plaintiff.   Therefore, we request you to withdraw the objections and provide proper responses to the interrogatory immediately.

9.    The objections to **interrogatory number 12** and your assertion of the Defendant's "stock" response to the interrogatory are not proper and are not in compliance with the Missouri rules regarding discovery and discoverable information.   **Mo.R.Civ.P. 56.01(b)(5)** expressly authorizes discovery of the information requested regarding statements. Therefore, we request you to withdraw the objections and provide proper responses to the interrogatory immediately.

10.    The objections to **interrogatory numbers 13 through 18** are not proper.   You have objected and your client has failed and refused to answer these interrogatories on the basis that you believe the interrogatories exceed the 25 interrogatory limit authorized by Mo.R.Civ.P. 57.01 simply because some of the interrogatories contain the descriptive subparagraphs.   As you know, Mo.R.Civ.P. 57.01 allows a party to initially serve 25 interrogatories, *including discrete subparts*.   The term "discrete" is defined as "separate, distinct".   We properly served only 18 interrogatories on this Defendant.   The subparagraphs found in the interrogatories are not discrete, separate and/or distinct subparts.   They simply provide further description of what is being asked by the interrogatory to avoid any confusion as to what is being asked.   Your objections are not well founded and your client's refusal to answer the proper interrogatories is a violation of Mo.R.Civ.P. 61.01(b), which provides that if a party fails to answer interrogatories, the Court may impose appropriate sanctions against the disobedient party. Therefore, we request you withdraw the objections and provide proper responses to the interrogatories immediately.

11.    The objections to **interrogatory number 13** on the basis of attorney-client privilege and work product are not proper.   In order for any objections you believe are valid to be considered, you must state with factual specificity and concisely set forth the reasons wherein and why you believe the interrogatory or document request is objectionable. Rule 57.01 requires you to provide the specific reason for the objection and identify the specific nature of the documents, communications, or other things not produced or disclosed which you claim fall within the privilege or which are work product.   *See* **State ex rel. Atchison, Topeka, Santa Fe Ry. Co. v. O'Malley**, **898 S.W. 2d 550, 554 (Mo. banc 1995)**. Therefore, we request you to withdraw the objections and provide proper responses to the interrogatory immediately.

12.    The objections to **interrogatory numbers 14 through 16** are not proper. These interrogatories are expressly authorized under Mo.R.Civ.P. 56.01. Further, contention interrogatories are clearly permissible in Missouri. *State ex rel. Dean v. Cunningham,* **182 S.W.3d 561, 567 (Mo. banc 2006)**; *State ex rel. Krigbaum v. Lemon,* **854 S.W. 2d 72 (Mo. App. 1993)**. Therefore, we request you to withdraw the objections and provide proper responses to the interrogatories immediately.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:46 PM

# BECKETTHENSLEY

R. Craig Mayfield, Esq.
April 18, 2025
Page 4

**Polaris Sales, Inc.'s Document Requests:**

13.     The responses to **document requests 1 through 3** are not proper.  Polaris Sales, Inc. is a separate defendant in this lawsuit and cannot rely on the discovery responses of other defendants. Therefore, we request you to withdraw the responses and provide proper responses to the document requests immediately.

14.     The responses to **document requests 2 and 3** are also not proper because we are entitled to all documents your client contends support its specific denials of the allegations contained in Plaintiffs' petition and its affirmative defenses. Contention discovery is clearly permissible in Missouri.  *State ex rel. Dean v. Cunningham*, **182 S.W.3d 561, 567 (Mo. banc 2006);** *State ex rel. Krigbaum v. Lemon*, **854 S.W. 2d 72 (Mo. App. 1993).** Therefore, we request you to withdraw the objections and provide proper responses to the document requests immediately.

15.     The objections to **document requests 4 and 5** are not proper. There is nothing vague or ambiguous about the requests.  Further, the objections on the basis of attorney-client privilege and work product are not proper.  In order for any objections you believe are valid to be considered, you must state with factual specificity and concisely set forth the reasons wherein and why you believe the interrogatory or document request is objectionable. Rule 57.01 requires you to provide the specific reason for the objection and identify the specific nature of the documents, communications, or other things not produced or disclosed which you claim fall within the privilege or which are work product. *See* **State ex rel. Atchison, Topeka, Santa Fe Ry. Co. v. O'Malley, 898 S.W. 2d 550, 554 (Mo. banc 1995).**   Therefore, we request you to withdraw the objections and provide proper responses to the document requests immediately.

16.     The objections to **document request 6** are not proper. **Mo.R.Civ.P. 56.01(b)(5)** expressly authorizes discovery of the information requested regarding statements.

17.     The objections to **document request 7** are not proper.  There is nothing vague about the request. Further, Polaris Sales, Inc. is a separate defendant in this lawsuit and cannot rely on the discovery responses of other defendants. Therefore, we request you to withdraw the responses and provide proper responses to the document request immediately.

18.     The objections to **document request 8** are not proper.  Contention discovery is clearly permissible in Missouri.  *State ex rel. Dean v. Cunningham*, **182 S.W.3d 561, 567 (Mo. banc 2006);** *State ex rel. Krigbaum v. Lemon*, **854 S.W. 2d 72 (Mo. App. 1993).** Therefore, we request you to withdraw the objections and provide proper responses to the document request immediately.

19.     The objections to **document request 9** are not proper.   We are entitled to any of Plaintiff's

# BECKETTHENSLEY

R. Craig Mayfield, Esq.
April 18, 2025
Page 5

medical records the Defendants have obtained. Further, Polaris Sales, Inc. is a separate defendant in this lawsuit and cannot rely on the discovery responses of other defendants. Therefore, we request you to withdraw the responses and provide proper responses to the document request immediately.

20. The objections to **document request 16** are not proper. **Mo.R.Civ.P. 56.01(b)(4)** expressly authorizes discovery of the information requested regarding insurance. Further, Polaris Sales, Inc. is a separate defendant in this lawsuit and cannot rely on the discovery responses of other defendants. Therefore, we request you to withdraw the responses and provide proper responses to the document request immediately.

21. The objections to **document requests 17 through 22** are not proper. Regardless of what you might believe is "relevant", the information is discoverable because it is reasonably calculated to lead to the discovery of admissible evidence. Further, Polaris Sales, Inc. is a separate defendant in this lawsuit and cannot rely on the discovery responses of other defendants. Therefore, we request you to withdraw the responses and provide proper responses to the document requests immediately.

22. The objections to **document request 23** are not proper. Further, Polaris Sales, Inc. is a separate defendant in this lawsuit and cannot rely on the discovery responses of other defendants. Therefore, we request you to withdraw the responses and provide proper responses to the document request immediately.

23. The objections to **document request 24** are not proper. Regardless of what you might believe is "relevant", the information is discoverable because it is reasonably calculated to lead to the discovery of admissible evidence. Further, Polaris Sales, Inc. is a separate defendant in this lawsuit and cannot rely on the discovery responses of other defendants. Therefore, we request you to withdraw the responses and provide proper responses to the document request immediately.

24. The objections to **document requests 25 through 29** are not proper. Further, Polaris Sales, Inc. is a separate defendant in this lawsuit and cannot rely on the discovery responses of other defendants. Therefore, we request you to withdraw the responses and provide proper responses to the document requests immediately.

25. The objections to **document request 30** are not proper. Regardless of what you might believe is "relevant", the information is discoverable because it is reasonably calculated to lead to the discovery of admissible evidence. Further, Polaris Sales, Inc. is a separate defendant in this lawsuit and cannot rely on the discovery responses of other defendants. Therefore, we request you to withdraw the responses and provide proper responses to the document request immediately.

**Polaris Industries, Inc.'s Interrogatories:**

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

# BECKETT HENSLEY

R. Craig Mayfield, Esq.
April 18, 2025
Page 6

1.    The objections and responses to **interrogatory number 1** are not proper. We are entitled to know who, on behalf of your clients prepared and or assisted in, the preparation of the responses to all of the interrogatories.

2.    The objections to **interrogatory number 3** are not proper.   Contention interrogatories are clearly permissible in Missouri. *State ex rel. Dean v. Cunningham,* **182 S.W.3d 561, 567 (Mo. banc 2006);** *State ex rel. Krigbaum v. Lemon,* **854 S.W. 2d 72 (Mo. App. 1993).** Therefore, we request you to withdraw the objections and provide proper responses to the interrogatory immediately.

3.    The objections to **interrogatory 4** are not proper. **Mo.R.Civ.P. 56.01(b)(5)** expressly authorizes discovery of the information requested regarding statements. Therefore, we request you to withdraw the objections and provide proper responses to the interrogatory immediately.

4.    The objections to **interrogatory 5** are not proper. Objections on the basis of attorney-client privilege and work product are not proper.  In order for any objections you believe are valid to be considered, you must state with factual specificity and concisely set forth the reasons wherein and why you believe the interrogatory or document request is objectionable. Rule 57.01 requires you to provide the specific reason for the objection and identify the specific nature of the documents, communications, or other things not produced or disclosed which you claim fall within the privilege or which are work product. *See* **State ex rel. Atchison, Topeka, Santa Fe Ry. Co. v. O'Malley, 898 S.W. 2d 550, 554 (Mo. banc 1995).**   Therefore, we request you to withdraw the objections and provide proper responses to the interrogatory immediately.

5.    The objections to **interrogatory numbers 6 through 8** are not proper.   Contention interrogatories are clearly permissible in Missouri. *State ex rel. Dean v. Cunningham,* **182 S.W.3d 561, 567 (Mo. banc 2006);** *State ex rel. Krigbaum v. Lemon,* **854 S.W. 2d 72 (Mo. App. 1993).** Therefore, we request you to withdraw the objections and provide proper responses to the interrogatories immediately.

6.    Your clients' objections and responses to **interrogatory number 10** are not proper. **Mo.R.Civ.P. 56.01(b)(4)** expressly authorizes discovery of the information requested regarding insurance agreements.  Therefore, we request you to withdraw the objections and provide proper responses to the interrogatory immediately.

7.    The objections to **interrogatory numbers 11 through 13** are not proper and are not in compliance with the Missouri rules regarding discovery and discoverable information. Further, regardless of what you might believe is "relevant", the information is discoverable because it is reasonably calculated to lead to the discovery of admissible evidence. Therefore, we request you to withdraw the objections and provide proper responses to the

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

# BECKETTHENSLEY

R. Craig Mayfield, Esq.
April 18, 2025
Page 7

interrogatories immediately.

8.      The objections to **interrogatory number 15** are not proper and are not in compliance with the Missouri rules regarding discovery and discoverable information. Further, regardless of what you might believe is "relevant", the information is discoverable because it is reasonably calculated to lead to the discovery of admissible evidence. Therefore, we request you to withdraw the objections and provide proper responses to the interrogatory immediately.

9.      The objections to **interrogatory numbers 16 through 25** are not proper.  You have objected and your client has failed and refused to answer these interrogatories on the basis that you believe the interrogatories exceed the 25 interrogatory limit authorized by Mo.R.Civ.P. 57.01 simply because some of the interrogatories contain the descriptive subparagraphs.  As you know, Mo.R.Civ.P. 57.01 allows a party to initially serve 25 interrogatories, *including discrete subparts*.  The term "discrete" is defined as "separate, distinct".   We properly served only 25 interrogatories on this Defendant.   The subparagraphs found in the interrogatories are not discrete, separate and/or distinct subparts.   They simply provide further description of what is being asked by the interrogatory to avoid any confusion as to what is being asked.  Your objections are not well founded and your client's refusal to answer the proper interrogatories is a violation of Mo.R.Civ.P. 61.01(b), which provides that if a party fails to answer interrogatories, the Court may impose appropriate sanctions against the disobedient party. Therefore, we request you to withdraw the objections and provide proper responses to the interrogatories immediately.

10.     The objections to **interrogatory numbers 17 and 18** are not proper and are not in compliance with the Missouri rules regarding discovery and discoverable information. There is nothing vague about the straightforward questions asked.   Therefore, we request you to withdraw the objections and provide proper responses to the interrogatories immediately.

11.     The objections to **interrogatory numbers 22 and 13** are not proper and are not in compliance with the Missouri rules regarding discovery and discoverable information. Further, regardless of what you might believe is "relevant", the information is discoverable because it is reasonably calculated to lead to the discovery of admissible evidence. Therefore, we request you to withdraw the objections and provide proper responses to the interrogatories immediately.

**Polaris Industries, Inc.'s Document Requests:**

12.     The objections to **document requests 4 and 5** are not proper. There is nothing vague or ambiguous about the requests and the are not limited to the time frame after Plaintiff filed his petition.  Further, the objections on the basis of attorney-client privilege and work product are not proper.   In order for any objections you believe are valid to be considered,

# BECKETTHENSLEY

R. Craig Mayfield, Esq.
April 18, 2025
Page 8

you must state with factual specificity and concisely set forth the reasons wherein and why you believe the interrogatory or document request is objectionable. Rule 57.01 requires you to provide the specific reason for the objection and identify the specific nature of the documents, communications, or other things not produced or disclosed which you claim fall within the privilege or which are work product.  *See* **State ex rel. Atchison, Topeka, Santa Fe Ry. Co. v. O'Malley, 898 S.W. 2d 550, 554 (Mo. banc 1995)**.  Therefore, we request you to withdraw the objections and provide proper responses to the document requests immediately.

13.    The objections to **document request 6** are not proper. **Mo.R.Civ.P. 56.01(b)(5)** expressly authorizes discovery of the information requested regarding statements. Further, the objections on the basis of attorney-client privilege and work product are not proper.  In order for any objections you believe are valid to be considered, you must state with factual specificity and concisely set forth the reasons wherein and why you believe the interrogatory or document request is objectionable. Rule 57.01 requires you to provide the specific reason for the objection and identify the specific nature of the documents, communications, or other things not produced or disclosed which you claim fall within the privilege or which are work product.  *See* **State ex rel. Atchison, Topeka, Santa Fe Ry. Co. v. O'Malley, 898 S.W. 2d 550, 554 (Mo. banc 1995)**.  Therefore, we request you to withdraw the objections and provide proper responses to the document request immediately.

14.    The objections to **document request 8** are not proper.  Contention discovery is clearly permissible in Missouri. *State ex rel. Dean v. Cunningham*, **182 S.W.3d 561, 567 (Mo. banc 2006)**; *State ex rel. Krigbaum v. Lemon*, **854 S.W. 2d 72 (Mo. App. 1993)**. Therefore, we request you to withdraw the objections and provide proper responses to the document request immediately.

15.    The objections to **document requests 17 through 25** are not proper.  Regardless of what you might believe is "relevant", the information is discoverable because it is reasonably calculated to lead to the discovery of admissible evidence.  Therefore, we request you to withdraw the responses and provide proper responses to the document requests immediately.

16.    The objections to **document request 26** are not proper.  There is nothing vague or ambiguous about the request and it is not limited to the time frame after Plaintiff filed his petition. Therefore, we request you to withdraw the responses and provide proper responses to the document request immediately.

17.    The objections to **document request 27** are not proper.  Regardless of what you might believe is "relevant", the information is discoverable because it is reasonably calculated to lead to the discovery of admissible evidence. Therefore, we request you to withdraw the responses and provide proper responses to the document request immediately.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

# BECKETTHENSLEY

R. Craig Mayfield, Esq.
April 18, 2025
Page 9

18.    The objections to **document request 30** are not proper.  Regardless of what you might believe is "relevant", the information is discoverable because it is reasonably calculated to lead to the discovery of admissible evidence.  Therefore, we request you to withdraw the responses and provide proper responses to the document request immediately.

19.    The objections to **document request 33** are not proper.  Regardless of what you might believe is "relevant", the information is discoverable because it is reasonably calculated to lead to the discovery of admissible evidence.  Therefore, we request you to withdraw the responses and provide proper responses to the document request immediately.

20.    The objections to **document request 35** are not proper.  Regardless of what you might believe is "relevant", the information is discoverable because it is reasonably calculated to lead to the discovery of admissible evidence.  Therefore, we request you to withdraw the responses and provide proper responses to the document request immediately.

We are entitled to and expect full and complete responses to the afore-mentioned interrogatories and document requests and will be happy to work with you in resolving any difficulties regarding your clients' responses.

Very truly yours,

BECKETT & HENSLEY, L.C.

Theodore C. Beckett, III

TCB:lp
cc: William Manson
    Jeffrey Hensley

# EXHIBIT F

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

**R. Craig Mayfield**
Partner
cmayfield@bradley.com
813.559.5525 direct



May 2, 2025

**VIA EMAIL**

Theodore C. Beckett, III
Jeffrey Hensley
BECKETT & HENSLEY L.C.
2345 Grand Boulevard, Suite 1600
Kansas City, Missouri 64108
tcb@beckettandhensley.com

William G. Manson
9223 Ward Parkway, Suite 240
Kansas City, Missouri 64114
bill@alderandmanson.com

Re:    *Chapple v. Polaris Industries, Inc. et al.*, No. 4RE-CC00006

Theodore:

I write to respond to your "Golden Rule" letter dated April 18, 2025, on behalf of my clients Polaris Industries, Inc. ("Polaris Industries") and Polaris Sales, Inc. ("Polaris Sales") (collectively, "Polaris").

## General Objections

Polaris respectfully disagrees with your position that it made general objections or that general objections are not permitted under Missouri law. Both Polaris Industries and Polaris Sales objected to Plaintiff's Instructions and Definitions. The authority you cited, *State ex rel. Health Midwest Development Group, Inc. v. Daugherty*, 965 S.W.2d 841, 844 (Mo. 1998), states only that "[a] party must specify why a discovery request is overboard, oppressive, burdensome or intrusive." Polaris's objections to Plaintiff's Instructions and Definitions are not general objections but specifically refer to each instruction or definition and include the basis for Polaris's objections. Moreover, while *Health Midwest* may stand for the proposition that "only general objections" are insufficient, Polaris makes specific objections to each of Plaintiff's discovery requests. Accordingly, Polaris will not withdraw its objections to Plaintiff's Instructions and Definitions.

## Protective Order

Polaris maintains that much of the information Plaintiff seeks is confidential and that Polaris cannot disclose that information until a protective order is entered. Accordingly, Polaris will not produce those documents or disclose that information until an appropriate protective order is in place. However, Polaris acknowledges that it is obligated to seek relief from the Court, and Polaris will file a motion for a protective order.

May 2, 2025
Page 2

## Polaris Sales, Inc.'s Responses to Plaintiff's Interrogatories

*Interrogatory No. 1.* Polaris Sales's response to Interrogatory No. 1 is consistent with its obligations under Missouri's Rules of Civil Procedure. Polaris Sales is a corporation, and it answered Plaintiff's discovery requests as a corporation. There is no requirement that Polaris Sales disclose the individuals who prepared and/or assisted in the preparation of Polaris Sales's responses because Polaris Sales is answering on behalf of a corporation based on the corporation's knowledge. Accordingly, Polaris will not amend its answers to Interrogatory No. 1.

*Interrogatory No. 2.* Polaris Sales's response to Interrogatory No. 2 is not improper. Polaris Sales is not involved with the manufacturing or design of the Subject Vehicle. Accordingly, Polaris Sales does not have insurance coverage that will indemnify it against any judgment Plaintiff may obtain. Nevertheless, Polaris Sales incorporated Polaris Industries's responses to Plaintiff's Interrogatories, including Plaintiff's interrogatory regarding insurance coverage.

*Interrogatory No. 4.* Polaris Sales's response to Interrogatory No. 4 is not improper. Polaris Sales maintains that any marketing of the Subject Model is irrelevant to Plaintiff's claims because Chapple did not purchase the vehicle, and therefore, did not rely on any marketing when operating the Subject Vehicle. Nevertheless, Polaris Sales will amend its response as follows:

ANSWER: Polaris Sales objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because Plaintiff did not purchase the Subject Vehicle and did not rely on any marketing when operating the Subject Vehicle. Accordingly, any marketing related to the Subject Model is irrelevant to the parties' claims and defenses. Subject to and without waiving any objections, [4] Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

SUPPLEMENTAL ANSWER: Polaris Sales objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because Plaintiff did not purchase the Subject Vehicle and did not rely on any marketing when operating the Subject Vehicle. Accordingly, any marketing related to the Subject Model is irrelevant to the parties' claims and defenses. Subject to and without waiving any objections, [4] Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Subject to and without waiving any objections, pursuant to Missouri Rules of Civil Procedure 57.01(c)(4), Polaris Sales will produce marketing materials for the Subject Model.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

May 2, 2025
Page 3

*Interrogatory No. 5.* Polaris Sales's response to Interrogatory No. 5 is not improper. Polaris Sales is not responsible for the manufacturing or design of the Subject Model, and therefore did not participate in creating warning labels, authoring the owner's manual for the Subject Model, the distribution of warning/safety materials, hosting educational conferences related to the Subject Model, or otherwise warn customers.

*Interrogatories Nos. 6–8.* Your letter indicates that Polaris's Sales objections to Interrogatories Nos. 6–8 are not proper without identifying the particular basis for your dispute. Interrogatories Nos. 6–8 seek information about specific parts installed on the Subject Model. Polaris Sales does not manufacture or design the Subject Model, and its answer indicates that it has no involvement with those processes. Accordingly, Polaris Sales will not withdraw its objections or supplement its responses to Interrogatories Nos. 6–8.

*Interrogatory No. 9.* Like Interrogatories Nos. 6–8, Interrogatory No. 9 seeks the name, title, address, and telephone number of the "most knowledgeable" corporate representative(s) for particular topics, including the types of heatshields, safety equipment, warnings, and recalls associated with the Subject Model. Polaris Sales does not manufacture or design the Subject Model, and its answer indicates that it has no involvement with those processes. Accordingly, Polaris Sales has no representatives with knowledge of the topics in Interrogatory No. 9, much less representatives with the "most knowledge" of those topics. Moreover, even if Polaris Sales had representatives, the appropriate procedure for conducting discovery on those topics is outlined in Missouri Rule of Civil Procedure 57.03(b)(4). For these reasons, Polaris Sales will not withdraw its objections or supplement its responses to Interrogatory No. 9.

*Interrogatory No. 10.* Polaris Sales's response to Interrogatory No. 10, which asks whether Polaris Sales gave any warnings to Stahlman, Asplundh, or any other person concerning the Subject Model, is appropriate. Polaris Sales did not manufacture or design the Subject Model. Accordingly, Polaris Sales was also not responsible for authoring or disseminating warnings. Polaris will amend its response as follows:

> ANSWER: Polaris Sales objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the "name, title, address, and telephone number" of any Polaris Sales representative that gave a warning and the "name, address, and telephone number of each person or entity to whom the warning was given" are irrelevant to the parties' claims and defenses. Polaris Sales also objects to this Interrogatory because its scope is not limited to the claimed defects in this lawsuit. Subject to and without waiving any objections, **[23]** Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

May 2, 2025
Page 4

    **SUPPLEMENTAL ANSWER:** Polaris Sales objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the "name, title, address, and telephone number" of any Polaris Sales representative that gave a warning and the "name, address, and telephone number of each person or entity to whom the warning was given" are irrelevant to the parties' claims and defenses. Polaris Sales also objects to this Interrogatory because its scope is not limited to the claimed defects in this lawsuit. Subject to and without waiving any objections, **[23]** Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales did not create the warnings included with the Subject Model. Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

    *Interrogatory No. 11.* Interrogatory No. 11 is a contention interrogatory, asking whether Polaris Sales claims that anyone other than Polaris Sales has responsibility for the injuries sustained by Chapple as a result of the Subject Occurrence. According to Missouri Rule of Civil Procedure 57.01, "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pretrial conference or other later time." Given that Interrogatory No. 11 seeks Polaris Sales's opinion about an ultimate issue in this case (i.e., causation), Polaris Sales has properly objected to this interrogatory as premature until the completion of discovery. Polaris Sales will supplement its response pursuant to Missouri Rule of Civil Procedure 57.01 and the Court's orders.

    *Interrogatory No. 12.* Interrogatory No. 12 seeks statements taken by Polaris Sales's employees/agents. Polaris Sales objected to this interrogatory on the basis that Interrogatory No. 12 is overly broad and unduly burdensome and may seek information protected by the attorney-client privilege and/or the attorney work product doctrine. As you note in your letter, while the attorney-client privilege and/or the attorney work product doctrine is abrogated slightly by Missouri Rule of Civil Procedure 56.01(b)(5) (which allows for the discovery of statements "previously made by [a] party"), Polaris Sales is not required to respond to a request like Interrogatory No. 12 that is disproportional to the needs of the case. *See* Missouri Rule of Civil Procedure 56.01(b)(1). Interrogatory No. 12, which seeks statements taken by Polaris Sales's employees/agents, would require Polaris Sales to inquire with every employee to determine whether they have spoken with anyone about this lawsuit, and it is disproportional to the needs of this litigation. Nevertheless, Polaris Sales will amend its answer as follows:

    **ANSWER:** Polaris Sales objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks the identity of any person that verbally communicated with Polaris Sales regarding this lawsuit, which would require Polaris Sales to make an inquiry with every employee to determine whether they have spoken with anyone about this lawsuit. Polaris Sales also objects to this Interrogatory to the extent it seeks information protected by

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

May 2, 2025
Page 5

the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving any objection, **[25]** Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

**SUPPLEMENTAL ANSWER:** Polaris Sales objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks the identity of any person that verbally communicated with Polaris Sales regarding this lawsuit which would require Polaris Sales to make an inquiry with every employee to determine whether they have spoken with anyone about this lawsuit. Subject to and without waiving any objection, **[25]** Polaris Sales is an entity that distributes Polaris vehicles to independent dealers. Polaris Sales had no involvement with the manufacturing or design of the Subject Vehicle. Polaris Sales, along with Polaris Industries, markets Polaris vehicles in part. Therefore, Polaris Sales has no additional responsive information or documents to provide. For the purposes of responding to Plaintiff's discovery requests, Polaris Sales is not aware of any statements taken by its employees. Polaris Sales adopts the responses and objections of Polaris Industries and refers Plaintiff to Polaris Industries's forthcoming document productions.

*Interrogatory Nos. 13–18.* Polaris Sales objected to Plaintiff's remaining interrogatories on the basis that they exceed the 25-interrogatory limit, including subparts, authorized under Missouri Rule of Civil Procedure 57.01(a). This is because Plaintiff's Interrogatories like No. 5, 6, 13, and 14 (among others) contain multiple, discrete subparts. *See, e.g.,* Plaintiff's Interrogatory No. 5 (containing multiple questions concerning completely different types of activities). Polaris Sales is not obligated to respond to discovery well outside the limitations of Missouri Rule of Civil Procedure 57.01(a). Accordingly, Polaris Sales will not withdraw its objections to Interrogatories Nos. 13–18 pursuant to Rule 57.01(a).

*Interrogatory No. 13.* Interrogatory No. 13 requests whether Polaris Sales inspected the Subject Vehicle. Because this Interrogatory exceeds the 25-interrogatory limit, Polaris only responded by stating its objections, including an objection based on the attorney-client privilege and/or the attorney work product doctrine. While Polaris Sales agrees that the disclosure of information necessary to determine the applicability of the attorney work product doctrine is normally required when that objection is made, disclosure of that information here would inherently answer Interrogatory No. 13, obviating the 25-interrogatory limit and Polaris Sales's objections on those grounds. Accordingly, Polaris Sales will not disclose additional information unless required by a court order.

*Interrogatory Nos. 14–16.* Like Interrogatory No. 11, Interrogatories Nos. 14–16 are contention interrogatories. According to Missouri Rule of Civil Procedure 57.01, "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been

May 2, 2025
Page 6

completed or until a pretrial conference or other later time." Given that Interrogatories Nos. 14–16 seek Polaris Sales's opinion about ultimate issues in this case (i.e., the condition of the Subject Model or whether any person or entity failed to comply with an instruction or warning), Polaris Sales has properly objected to these interrogatories as premature until the completion of discovery. Polaris Sales will supplement its responses according to Missouri Rule of Civil Procedure 57.01 and the Court's orders.

## Polaris Sales's Responses to Plaintiff's Document Requests

**Requests Nos. 1–30.** Your letter raises specific challenges to the ability of Polaris Sales to incorporate by reference the answers of Polaris Industries. However, Polaris Sales is a subsidiary of Polaris Industries, and its involvement in this case is only as an entity that distributes Polaris vehicles made and manufactured by Polaris Industries to independent dealerships. For these reasons, it is entirely proper for Polaris Sales to incorporate Polaris Industries's answers under these circumstances.

**Requests Nos. 2–3.** Your letter challenges Polaris Sales's responses to Requests Nos. 2–3 on the basis that contention discovery is permissible in Missouri. As noted above, Polaris Sales does not disagree, but only stipulates that contention discovery is premature at this stage. Nevertheless, Polaris Sales did not object to Requests Nos. 2–3 on the basis that those requests were premature. Indeed, Polaris Sales, as a subsidiary of Polaris Industries, only incorporated Polaris Industries's responses, objections, and document productions, which constitute the entire universe of responsive information known to Polaris Sales. For these reasons, Polaris Sales will not revise its responses to Requests Nos. 2 and 3.

**Requests Nos. 4–5.** Polaris Sales's responses to Requests Nos. 4–5 are not improper. Polaris Sales objected to these requests, which seek documents that refer to Plaintiff and the Subject Occurrence, noting that these requests could be seeking documents protected by the attorney-client privilege and/or the attorney-work product doctrine. Like the other requests, Polaris Sales does not have any responsive documents to this request because of its extremely minor role in distributing Polaris's vehicles. As a result, Polaris Sales incorporates Polaris Industries's document productions. Without any responsive documents of its own, Polaris Sales's responses to these requests are appropriate.

**Request No. 6.** Your letter also challenges Polaris Sales's objection to Request No. 6 because Missouri Rule of Civil Procedure 56.01(b)(5) allows for the discovery of statements made previously by a party. However, like Interrogatory No. 12, Polaris Sales is not required to respond to discovery requests that are disproportional to the needs of this case. For this reason, even though Polaris Sales ultimately does not have any responsive documents to produce, it will not withdraw its objection to Request No. 6.

**Request No. 7.** As noted above, Polaris Sales incorporates the answers and objections of Polaris Industries, its parent company, in response to Request No. 7. Likewise, the term "investigation" is undefined, vague, and ambiguous because it could refer to any number of actions. Polaris Sales will not withdraw its objections or supplement its response.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

May 2, 2025
Page 7

**Request No. 8.** Your letter challenges Polaris Sales's responses to Request No. 8 on the basis that contention discovery is permissible in Missouri. As noted above, Polaris Sales does not disagree, but only stipulates that contention discovery is premature at this stage. Polaris Sales will not withdraw this objection for those reasons.

**Request No. 9.** Polaris Sales response to Request No. 9 is also proper. This request seeks "[a]ll of Plaintiff's medical records obtained by Defendant from any source." Pursuant to Missouri Rule of Civil Procedure 56.01(b)(2), discovery is impermissible when it is "cumulative, duplicative, or can be obtained from another source that is more convenient, less burdensome, or less expensive." That is the case with Plaintiff's medical records. Polaris will not supplement this response or withdraw its objections.

**Request No. 16.** Polaris Sales's response to Request No. 16 is not improper. Polaris Sales is not involved with the manufacturing or design of the Subject Vehicle. Accordingly, Polaris Sales does not have insurance coverage that will indemnify it against any judgment Chapple may obtain. Nevertheless, Polaris Sales's incorporated Polaris Industries's responses to Plaintiff's Interrogatories and document productions, including Plaintiff's interrogatory regarding insurance coverage.

**Request Nos. 17–30.** These discovery requests each seek documents related to the design and manufacture of the Subject Model, activities that Polaris Sale does not participate in, or trial exhibits, which are premature. While Polaris Sales does not believe its objections are improper, even if they were, it would not change the end result. Polaris Sales does not have documents responsive to these requests or it is too early for Polaris Sales to identify the proper documents. Accordingly, it cannot supplement the substance of its answers.

## Polaris Industries's Responses to Plaintiff's Interrogatories

**Interrogatory No. 1.** Polaris Industries's response to Interrogatory No. 1 is consistent with its obligations under Missouri's Rules of Civil Procedure. Polaris Industries is a corporation, and it answered Plaintiff's discovery requests as a corporation. There is no requirement that Polaris Industries disclose the individuals who prepared and/or assisted in the preparation of Polaris Industries's responses because Polaris Industries is answering on behalf of a corporation based on the corporation's knowledge. Accordingly, Polaris Industries will not amend its answers to Interrogatory No. 1.

**Interrogatory No. 3.** Interrogatory No. 3 is a contention interrogatory. According to Missouri Rule of Civil Procedure 57.01, "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pretrial conference or other later time." Given that Interrogatory No. 3 seeks Polaris Industries's opinion about an ultimate issue in this case (i.e., causation), Polaris Industries has properly objected to this interrogatory as premature until the completion of discovery. Polaris Industries will supplement its response pursuant to Missouri Rule of Civil Procedure 57.01 and the Court's orders.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:45 PM

May 2, 2025
Page 8

*Interrogatory No. 4.* Interrogatory No. 4 seeks statements taken by Polaris Industries's employees/agents. Polaris Industries objected to this interrogatory on the basis that Interrogatory No. 4 is overly broad and unduly burdensome and may seek information protected by the attorney-client privilege and/or the attorney work product doctrine. As you note in your letter, while the attorney-client privilege and/or the attorney work product doctrine is abrogated slightly by Missouri Rule of Civil Procedure 56.01(b)(5) (which allows for the discovery of statements "previously made by [a] party"), Polaris Industries is not required to respond to a request like Interrogatory No. 4 that is disproportional to the needs of the case. *See* Missouri Rule of Civil Procedure 56.01(b)(1). Interrogatory No. 4, which seeks statements taken by Polaris Industries's employees/agents, would require Polaris Industries to make an inquiry with every employee to determine whether they have spoken with anyone about this lawsuit, and is disproportional to the needs of this litigation.

*Interrogatory No. 5.* Polaris Industries's response to Interrogatory No. 5 is not improper. This interrogatory seeks information regarding Polaris Industries's inspection of the Subject Vehicle. Polaris Industries objected on the basis of attorney-client privilege and the attorney work product doctrine, and described that its investigation occurred at the request of counsel and with counsel present. That is information sufficient to identify the specific reasons for those objections and Polaris Industries will not withdraw those objections or supplement its response.

*Interrogatory Nos. 6–8.* Like Interrogatory No. 3, Polaris Industries only objects to Interrogatories Nos. 6–8 to because they are premature contention interrogatories. According to Missouri Rule of Civil Procedure 57.01, "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pretrial conference or other later time." Given that Interrogatories Nos. 6–8 seek Polaris Industries's opinion about ultimate issues in this case (i.e., the condition of the Subject Model or whether any person or entity failed to comply with an instruction or warning), Polaris Industries has properly objected to these interrogatories as premature until the completion of discovery. Polaris Industries will supplement its responses pursuant to Missouri Rule of Civil Procedure 57.01 and the Court's orders.

*Interrogatory No. 10.* Polaris Industries will supplement its response to Interrogatory No. 10 as follows:

ANSWER: Polaris objects to this Interrogatory to the extent it seeks information that is not discoverable pursuant to Missouri Rule of Civil Procedure 56.01(b)(4). Subject to and without waiving any objections, **[12]** pursuant to Missouri Rule of Civil Procedure 57.01(c)(4), Polaris will produce copies of the declaration pages of any insurance coverage that will indemnify Polaris, if any, once a protective order has been entered.

SUPPLEMENTAL ANSWER: Polaris objects to this Interrogatory to the extent it seeks information that is not discoverable pursuant to Missouri Rule of Civil Procedure 56.01(b)(4). Subject to and without waiving any objections, **[12]** pursuant to Missouri Rule

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

May 2, 2025
Page 9

of Civil Procedure 57.01(c)(4), Polaris will produce copies of the insurance coverage that will indemnify Polaris, if any, once a protective order has been entered.

*Interrogatories Nos. 11–13, 15.* Your letter raises issues with Polaris Industries's objections to Interrogatories Nos. 11–13, and 15, even though Polaris Industries responded to those Interrogatories. Polaris Industries's responses are fulsome and do not require supplementing.

*Interrogatory No. 16–25.* As explained above when discussing Polaris Sales's objections, Polaris Industries objected to Plaintiff's remaining interrogatories on the basis that they exceed the 25-interrogatory limit, including subparts, authorized under Missouri Rule of Civil Procedure 57.01(a). Indeed, Plaintiff's Interrogatories to Polaris Industries contained at least 47 discrete subparts. For these reasons, Polaris Industries will not retract its objections and will not supplement these responses.

*Interrogatories Nos. 17–18.* Polaris Industries objects to these Interrogatories because the terms concerning "other safety measures" are inherently vague and undefined. As written, these Interrogatories could refer to any number of safety measures, and Polaris Industries is not required to guess at Plaintiff's meaning. Accordingly, Polaris Sales will not retract these objections.

*Interrogatories Nos. 22–23.* Polaris Industries objected to these Interrogatories because they were overly broad and unduly burdensome based on their scope. Polaris will not remove these objections and will not supplement its responses to these interrogatories, as Plaintiff exceeded the 25-interrogatory limit.

## Polaris Industries's Responses to Plaintiff's Document Requests

*Requests Nos. 4–6.* Polaris Industries objected to these requests because they were not limited in temporal scope whatsoever. As written, these requests would require Polaris Industries to make every document prepared in response to this litigation part of a privilege log. That is not the purpose of document requests, and Polaris will not alter its interpretation of these Requests.

*Request No. 8.* Your letter challenges Polaris Indsturies's response to Request No.. 8 on the basis that contention discovery is permissible in Missouri. As noted above, Polaris Industries does not disagree, but only stipulates that contention discovery is premature at this stage. For these reasons, Polaris Sales will not revise its responses to Request No. 8 until the completion of discovery.

*Requests Nos. 17–25, 26, 27, 30, and 33.* In each of these requests, Polaris Industries objects based on their overbreadth and low likelihood of unveiling admissible evidence. This is entirely consistent with Missouri Rules of Civil Procedure 56.01(b)(1). Polaris Industries will not retract these objections and will not supplement these responses.

\* \* \* \* \*

While Polaris believes these further explanations resolve many Plaintiff's issues, Polaris is willing to meet and confer regarding any remaining issues.

May 2, 2025
Page 10

Sincerely,

BRADLEY ARANT BOULT CUMMINGS LLP

By: _____
R. Craig Mayfield

CC:   E. Todd Presnell (tpresnell@bradley.com)
      Casey L. Miller (cmiller@bradley.com)

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 27, 2025 - 02:48 PM

**24RE-CC00006**

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 30, 2024 - 12:00 PM

## IN THE CIRCUIT COURT FOR REYNOLDS COUNTY, MISSOURI

| | |
|---|---|
| **MICHAEL CHAPPLE,**<br>505 N. 2nd Terrace<br>Troy, Doniphan Couty, Kansas 66087, )<br><br>    **Plaintiff,**<br><br>vs.<br><br>**POLARIS INDUSTRIES, INC.,**<br>2100 Highway 55, Medina, Hennepin<br>County, Minnesota 55340,<br><br>    **Please serve the Registered**<br>    **Agent:**<br>    CT Corporation System, Inc.<br>    1010 Dale St. N.<br>    St. Paul, Ramsey County,<br>    Minnesota 55117,<br><br>**POLARIS SALES, INC.,**<br>2100 Highway 55, Medina Hennepin<br>County, Minnesota 55340,<br><br>    **Please serve the Registered**<br>    **Agent:**<br>    CT Corporation System, Inc.<br>    120 S. Central Avenue<br>    Suite 400<br>    St. Louis, St. Louis County,<br>    Missouri 63105,<br><br>**and**<br><br>**ROLLA CYCLES, INC.**<br>**d/b/a STAHLMAN POWERSPORTS,**<br>1387 South Bishop Ave.<br>Rolla, Phelps County,<br>Missouri 65401,<br><br>    **Please serve the Registered**<br>    **Agent:**<br>    Greg Stahlman<br>    1387 South Bishop Ave.<br>    Rolla, Phelps County, MO 65401,<br><br>    **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>    **Case No.**<br><br><br><br>    **JURY TRIAL DEMAND** |

## PETITION FOR DAMAGES

**COMES NOW** Plaintiff, Michael Chapple, by and through counsel, and for his *Petition for Damages* against Defendants, Polaris Industries, Inc., Polaris Sales, Inc., and Rolla Cycles Inc. d/b/a Stahlman Powersports, states and alleges as follows:

## PARTIES

1.  Plaintiff, Michael Chapple ("Chapple"), is an individual residing at 505 N. 2nd Terrace, Troy, Doniphan County, Kansas 66087.

2.  Defendant, Polaris Industries, Inc. ("Polaris Industries"), is a Delaware corporation with principal offices located at 2100 Highway 55, Medina, Hennepin County, Minnesota 55340. Polaris Industries has conducted and continues to conduct business through interstate commerce in the State of Missouri. Polaris Industries is engaged in the business of designing, manufacturing, testing, advertising, marketing, promoting, distributing, and selling Polaris all-terrain vehicles ("ATVs"), including the 2015 Polaris Sportsman 570, throughout the United States. Polaris Industries directly and, by and through its subsidiaries and affiliates, availed itself of the privilege of transacting business in Missouri by placing its products into the stream of commerce with the expectation its products would be purchased and used by consumers in Missouri.

3.  Defendant, Polaris Sales Inc. ("Polaris Sales"), is a Minnesota corporation with principal offices located at 2100 Highway 55, Medina, Hennepin County, Minnesota 55340. Polaris Sales is a subsidiary/affiliate of Polaris Industries in good standing and authorized to do business as a foreign corporation in the State of Missouri. Polaris Sales was conducting and continues to conduct business in the State of Missouri. Polaris Sales is engaged in the business of advertising, marketing, promoting, distributing, and selling Polaris ATVs, including the 2015 Polaris Sportsman 570, throughout the United States. Polaris Sales availed itself of the privilege

2

of transacting business in Missouri by placing its products into the stream of commerce with the expectation its products would be purchased and used by consumers in Missouri.

4.    Polaris Industries and Polaris Sales are collectively referred to as the "Polaris Defendants."

5.    Defendant, Rolla Cycles Inc. d/b/a Stahlman Powersports ("Stahlman"), is a Missouri corporation authorized to do business in the State of Missouri and in good standing with its principal offices located at 1387 South Bishop Ave, Rolla, Phelps County, Missouri 65401. Stahlman was and continues to be engaged in the business of buying and selling Polaris ATVs. Stahlman was authorized by Polaris to sell Polaris ATVs, including the 2015 Polaris Sportsman 570.

## JURISDICTION

6.    In accordance with *R.S.Mo.§506.500.1*, jurisdiction in the State of Missouri is proper, as Polaris Industries, Polaris Sales, and Stahlman, were transacting business in the State of Missouri by virtue of placing Polaris ATVs into the stream of commerce in the State of Missouri with the expectation the ATVs would be purchased and used by consumers in Missouri.

7.    Further, Polaris Industries, Polaris Sales, and Stahlman committed tortious acts in the State of Missouri by placing into the stream of commerce a defectively designed ATV without warning of the design defects, resulting in injury to Chapple.

## VENUE

8.    In accordance with *R.S.Mo.§508.010.4,* venue is proper in Reynolds County, Missouri, as Chapple was seriously injured on June 23, 2020, in Reynolds County, Missouri as a result of operating a defectively designed 2015 Polaris Sportsman 570 placed into the stream of commerce by Polaris Industries, Polaris Sales, and Stahlman without warning of the design defects.

3

## FACTS COMMON TO ALL COUNTS

9. Prior to June 23, 2020, Asplundh Tree Experts ("Asplundh") purchased from Stahlman two (2) 2015 Polaris Sportsman 570 ATVs, both of which were placed into the stream of commerce by Polaris Industries, Polaris Sales, and Stahlman.

10. On June 23, 2020, Chapple was employed as a laborer by Asplundh.

11. On June 23, 2020, Chapple's job duties included traveling along tree lines and surrounding areas for Sho-Me Power Electric Cooperative's easement/right-of-way spraying waist-high vegetation while operating one of the two (2) ATVs that contained a sprayer system.

12. On June 23, 2020, Chapple was operating a 2015 Polaris Sportsman 570, VIN 4XASDE571FA652927 ("Subject ATV") in a manner reasonably anticipated and foreseeable to Polaris Industries, Polaris Sales, and Stahlman. (See **Exhibit A** – photograph of the Subject ATV).

13. On June 23, 2020, the Subject ATV was in substantially the same operating condition as it was when it was placed into the stream of commerce by Polaris Industries, Polaris Sales, and Stahlman.

14. On June 23, 2020, Chapple was carefully traveling at a slow rate of speed uphill out of a small valley on uneven terrain when the Subject ATV struck either a rock or was driven over an erosion pothole in the field forcing the right side of the ATV to drop suddenly and without warning throwing Chapple off of the ATV ("Subject Accident"). (See **Exhibit B** – photograph of the Subject Accident scene).

15. The Subject ATV continued a small distance further up the hill before rolling backwards down the hill and landing on top of Chapple, pinning him underneath the Subject ATV with his back and right flank pressed against a hot muffler while the Subject ATV continued to run for approximately 3½ hours.

16. Chapple was eventually able to free himself from underneath the Subject ATV and turn it off.

4

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 30, 2024 - 12:00 PM

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 30, 2024 - 12:00 PM

17.    Thereafter, Chapple walked a considerable distance (while injured) to his truck and drove to meet Michael Dickerson, the Bunker Fire Chief, who contacted life flight to transport Chapple to Mercy Hospital in Springfield, Missouri, after seeing the extent of Chapple's injuries.

18.    Chapple was subsequently treated at the University of Kansas Medical Center Burn Unit for severe burns. (See **Exhibit C** – photograph of Chapple's injuries).

19.    As a result of the unreasonably dangerous condition of the Subject ATV based on design defects and no warning of those defects, Chapple suffered the following damages:

       a.    4th degree burn injury to his right back, flank, buttocks, and right triceps area,

       b.    permanent scars and deformity secondary to the need for excision and grafting of his burns,

       c.    wasting of the musculature of his back,

       d.    post-traumatic stress disorder,

       e.    pain and suffering, including pain and agony of the mind and body, mental anguish, emotional trauma, chronic itching, and the loss of his natural sleep and rest,

       f.    incurred medical bills in the sum of $277,999.17 for treatment of his injuries (and may in the future incur medical bills for additional treatment),

       g.    incurred wage loss in the sum of $26,798.97 for the period 6/24/20 to 12/27/20 (and may in the future incur additional wage loss as a result of his injuries),

       h.    the inability to participate in the normal activities of life, and

       i.    the inability to enjoy life free of pain and discomfort.

## COUNT I- NEGLIGENCE (DEFECTIVE DESIGN)
### (Polaris Defendants)

**COMES NOW** Plaintiff, Michael Chapple, by and through counsel, and for Count I of his *Petition for Damages* against Defendants, Polaris Industries, Inc. and Polaris Sales, Inc., states and alleges as follows:

20.    Chapple incorporates by reference Paragraphs 9 through 19 as if fully set forth

5

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 30, 2024 - 12:00 PM

herein.

21.    As a designer, manufacturer, marketer, distributor and seller, the Polaris Defendants knew many users of their ATVs would be involved in rollovers and the extent of injuries would frequently be determined by the design, and construction of their ATVs.

22.    The Polaris Defendants owed a **duty** to the general public (including Asplundh/Chapple) to exercise ordinary and reasonable care **to design**, manufacture, assemble, inspect, test, market, install, distribute, place into the stream of commerce, and sell reasonably safe ATVs, so as not to subject operators of ATVs to an unreasonable risk of harm during a foreseeable rollover.

23.    The Polaris Defendants knew or should have known of the foreseeable risk of injury as that described above and breached their duty in one or more of the following respects:

    a.    failed to incorporate into the design of the Subject ATV a **heat shield** that covered the entire exhaust system (including the muffler),

    b.    failed to incorporate into the design a **tether kill switch** that would have shut the engine off after Chapple was thrown from the Subject ATV,

    c.    failed to incorporate into the design of the Subject ATV a **tip-over sensor** that would have shut the engine off when the ATV rolled over,

    d.    failed to otherwise incorporate into the design other protections to avoid the type of injuries sustained by Chapple,

    e.    failed to design, manufacture, and sell the Subject ATV in such a manner that it was safe and crashworthy,

    f.    failed to design the Subject ATV in accordance with the state of the art protections,

    g.    failed to properly test and/or analyze the testing of the Subject ATV under reasonably foreseeable rollover circumstances to determine the existence of the design defects,

    h.    made a corporate decision to deprive operators, such as Chapple, of necessary safety systems based on economic criteria instead of design/safety criteria,

    i.    failed to take corrective action to rectify the design flaws of the Subject

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 30, 2024 - 12:00 PM

ATV after the defects were reasonably ascertainable, and

j.    failed to otherwise use due care under the circumstances.

24.    The Subject ATV was defectively designed and was unreasonably dangerous when operated in a reasonably anticipated manner, as well as lacking adequate safety devices.

25.    At the time of the Subject Accident, there existed technologically and economically alternative designs that would have prevented or greatly mitigated the hazard that caused the injuries sustained by Chapple.

26.    Polaris Defendants' negligent defective design was the direct and proximate cause of Chapple's injuries and damages set forth herein above.

**WHEREFORE**, Plaintiff, Michael Chapple, prays for judgment on Count I against Defendants, Polaris Industries, Inc. and Polaris Sales, Inc., for damages in a sum that is fair and reasonable, for his costs expended herein, and for such other relief as this Court deems just and proper.

## <u>COUNT II – NEGLIGENCE (FAILURE TO WARN)</u>
### <u>(Polaris Defendants)</u>

**COMES NOW** Plaintiff, Michael Chapple, by and through counsel, and for Count II of his *Petition for Damages* against Defendants, Polaris Industries, Inc. and Polaris Sales, Inc., states and alleges as follows:

27.    Chapple incorporates by reference Paragraphs 9 through 19 as if fully set forth herein.

28.    The Polaris Defendants owed a **duty** to the general public (including Asplundh/Chapple) to exercise ordinary and reasonable care **to warn** of a design defect of its ATVs so as not to subject operators of the ATVs to an unreasonable risk of harm during a foreseeable rollover.

29.     The Polaris Defendants failed to properly warn (both pre-sale and post-sale) the general public (including Asplundh/Chapple) of the defective design of the Subject ATV, including, the failure to have a heat shield that covered the entire exhaust system (including the muffler) subjecting the operator to contact with a hot exhaust system, the failure to have a tethered kill switch, and the failure to have a tip-over sensor, exposing the operator (Chapple) of the Subject ATV to the risk of severe injury.

30.  The Polaris Defendants' negligent failure to warn was the direct and proximate cause of Chapple's injuries and damages set forth hereinabove.

**WHEREFORE**, Plaintiff, Michael Chapple, prays for judgment on Count II against Defendants, Polaris Industries, Inc. and Polaris Sales, Inc., for damages in a sum that is fair and reasonable, for his costs expended herein, and for such other relief as this Court deems just and proper.

### COUNT III -- STRICT LIABILITY (*R.S.Mo.§537.760*)
### (Polaris Defendants)

**COMES NOW** Plaintiff, Michael Chapple, by and through counsel, and for Count III of his *Petition for Damages* against Defendants, Polaris Industries, Inc. and Polaris Sales, Inc., states and alleges as follows:

31.     Chapple incorporates by reference Paragraphs 9 through 19 as if fully set forth herein.

32.   The Polaris Defendants (at all times pertinent hereto in the regular course of their business) designed, manufactured, assembled, distributed, transferred, sold and/or placed into the stream of commerce ATVs for use by the general public, including the Subject ATV.

33.     At the time the Subject ATV was placed into the stream of commerce, it was in a defective condition, unreasonably dangerous when put to a reasonably anticipated use, and

Chapple was injured as a direct result of the defective condition of the Subject ATV, which condition existed when it was originally sold by Stahlman to Asplundh.

34.     The Subject ATV was also unreasonably dangerous when put to a reasonably anticipated use without knowledge of its defects, and Chapple was injured and damaged as a direct result of the Subject ATV being sold without an adequate warning.

**WHEREFORE,** Plaintiff, Michael Chapple, prays for judgment on Count III against Defendants, Polaris Industries, Inc. and Polaris Sales, Inc., for damages in a sum that is fair and reasonable, for his costs expended herein, and for such other relief as this Court deems just and proper.

## COUNT IV- NEGLIGENCE
### (SELLING A DANGEROUS INSTRUMENTALITY)
#### (Stahlman)

**COMES NOW** Plaintiff, Michael Chapple, by and through counsel, and for Count IV of his *Petition for Damages* against Defendant, Rolla Cycles, Inc. d/b/a Stahlman Powersports, states and alleges as follows:

35.     Chapple incorporates by reference Paragraphs 9 through 19 as if fully set forth herein.

36.     Stahlman sold the Subject ATV to Asplundh prior to June 23, 2020.

37.     At the time Stahlman sold the Subject ATV to Asplundh, the Subject ATV failed to have a heat shield covering the exhaust system (including the muffler), failed to have a tethered kill switch, and failed to have a tip-over sensor that exposed the operator of the Subject ATV to the risk of severe injury.

38.     When Stahlman sold the Subject ATV to Asplundh, it had no reason to believe Asplundh would (without warning from Stahlman) realize the Subject ATV's dangerous condition.

39.     When Stahlman sold the Subject ATV to Asplundh, Stahlman knew, or had information from which it in the exercise of ordinary care should have known, of the Subject

9

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 30, 2024 - 12:00 PM

ATV's dangerous condition.

40.     Stahlman had a **duty** to avoid placing into the stream of commerce (by selling) ATVs it knew or should have known were a dangerous instrumentality given the Subject ATV's defective design, but did so anyway.

41.     As a direct and proximate result of negligently placing into the stream of commerce the Subject ATV, Chapple sustained severe injuries and damages as set forth hereinabove.

**WHEREFORE**, Plaintiff, Michael Chapple, prays for judgment on Count IV against Defendant, Rolla Cycles, Inc. d/b/a Stahlman Powersports, for damages in a sum that is fair and reasonable, for his costs expended herein, and for such other relief as this Court deems just and proper.

## COUNT V – NEGLIGENCE (FAILURE TO WARN)
### (Stahlman)

**COMES NOW** Plaintiff, Michael Chapple, by and through counsel, and for Count V of his *Petition for Damages* against Defendant, Stahlman, states and alleges as follows:

42.     Chapple incorporates by reference Paragraphs 9 through 19 as if fully set forth herein.

43.     Stahlman, as a Polaris distributor, has greater knowledge of the ATVs it sells than the general public, and knew or should have known of the Subject ATV's design defects, including, but not limited to, the failure to have a heat shield covering the exhaust system (including the muffler), the failure to have a tethered kill switch, and the failure to have a tip-over sensor that exposed the operator of the Subject ATV to the risk of severe injury.

44.     Stahlman owed a **duty** to the general public (including Asplundh/Chapple) to exercise ordinary and reasonable care to warn the general public of design defects of ATVs it sold

10

so as not to subject operators of these ATVs to an unreasonable risk of harm during a foreseeable rollover.

45.    Stahlman failed to properly warn (both pre-sale and post-sale) the general public (including Asplundh/Chapple) of the defective design of the Subject ATV, including, the failure to have a heat shield that covered the entire exhaust system (including the muffler) subjecting the operator to contact with a hot exhaust system, the failure to have a tethered kill switch, and the failure to have a tip-over sensor, exposing  the operator (Chapple) of the Subject ATV to the risk of severe injury.

46.  Stahlman's negligent failure to warn was the direct and proximate cause of Chapple's injuries and damages as set forth hereinabove.

**WHEREFORE**, Plaintiff, Michael Chapple, prays for judgment on Count V against Defendant, Rolla Cycles, Inc. d/b/a Stahlman Powersports, for damages in a sum that is fair and reasonable, for his costs expended herein, and for such other relief as this Court deems just and proper.

## COUNT VI -- STRICT LIABILITY (R.S.Mo.§537.760)
### (Stahlman)

**COMES NOW** Plaintiff, Michael Chapple, by and through counsel, and for Count VI his *Petition for Damages* against Defendant, Rolla Cycles, Inc. d/b/a Stahlman Powersports, states and alleges as follows:

47.    Chapple incorporates by reference Paragraphs 9 through 19 as if fully set forth herein.

48.    Stahlman (at all times pertinent hereto, in the regular course of its business) was a distributor and seller of Polaris ATVs placing them into the stream of commerce for use by the public, including the Subject ATV.

11

Electronically Filed - REYNOLDS CIRCUIT DIVISION - May 30, 2024 - 12:00 PM

49.    At the time the Subject ATV was placed into the chain of commerce, it was in a defective condition, unreasonably dangerous when put to a reasonably anticipated use, and Chapple was injured as a direct result of the defective condition of the Subject ATV, which condition existed when it was originally sold by Stahlman to Asplundh.

50.    The Subject ATV was also unreasonably dangerous when put to a reasonably anticipated use without knowledge of its defects, and Chapple was injured and damaged as a direct result of the Subject ATV being sold without adequate warning.

WHEREFORE, Plaintiff, Michael Chapple, prays for judgment on Count VI against Defendant, Rolla Cycles, Inc. d/b/a Stahlman Powersports, for damages in a sum that is fair and reasonable, for his costs expended herein, and for such other relief as this Court deems just and proper.

Respectfully submitted,

**ADLER & MANSON, L.C.**

By _____/s/ William G. Manson_____
William G. Manson, Esq., MO #34820
9233 Ward Parkway, Suite 240
Kansas City, Missouri 64114
PH:  (816) 333-0400
FAX: (816) 333-1547
bill@adlerandmanson.com

and

**BECKETT & HENSLEY, L.C.**

By _____/s/ Theodore C. Beckett_____
Theodore C. Beckett, III, Esq., MO #27230
2345 Grand Boulevard, Suite 1600
Kansas City, Missouri 64108
PH:  (816) 471-7500
FAX:  (816) 222-0708
tcb@beckettandhensley.com
**ATTORNEYS FOR PLAINTIFF**

## IN THE CIRCUIT COURT FOR REYNOLDS COUNTY, MISSOURI

| | |
|---|---|
| **MICHAEL CHAPPLE,**<br>505 N. 2nd Terrace<br>Troy, Doniphan Couty, Kansas 66087,<br><br>     **Plaintiff,**<br><br>**vs.**<br><br>**POLARIS INDUSTRIES, INC.,**<br>2100 Highway 55, Medina, Hennepin<br>County, Minnesota 55340,<br><br>     **Please serve the Registered**<br>     **Agent:**<br>     CT Corporation System, Inc.<br>     1010 Dale St. N.<br>     St. Paul, Ramsey County,<br>     Minnesota 55117,<br><br>**POLARIS SALES, INC.,**<br>2100 Highway 55, Medina Hennepin<br>County, Minnesota 55340,<br><br>     **Please serve the Registered**<br>     **Agent:**<br>     CT Corporation System, Inc.<br>     120 S. Central Avenue<br>     Suite 400<br>     St. Louis, St. Louis County,<br>     Missouri 63105,<br><br>**and**<br><br>**ROLLA CYCLES, INC.**<br>**d/b/a STAHLMAN POWERSPORTS,**<br>1387 South Bishop Ave.<br>Rolla, Phelps County,<br>Missouri 65401,<br><br>     **Please serve the Registered**<br>     **Agent:**<br>     Greg Stahlman<br>     1387 South Bishop Ave.<br>     Rolla, Phelps County, MO 65401,<br><br>     **Defendants.** | **Case No.**<br><br><br>**JURY TRIAL DEMAND** |

## PETITION FOR DAMAGES

**COMES NOW** Plaintiff, Michael Chapple, by and through counsel, and for his *Petition for Damages* against Defendants, Polaris Industries, Inc., Polaris Sales, Inc., and Rolla Cycles Inc. d/b/a Stahlman Powersports, states and alleges as follows:

## PARTIES

1.      Plaintiff, Michael Chapple ("Chapple"), is an individual residing at 505 N. 2nd Terrace, Troy, Doniphan County, Kansas 66087.

2.      Defendant, Polaris Industries, Inc. ("Polaris Industries"), is a Delaware corporation with principal offices located at 2100 Highway 55, Medina, Hennepin County, Minnesota 55340. Polaris Industries has conducted and continues to conduct business through interstate commerce in the State of Missouri. Polaris Industries is engaged in the business of designing, manufacturing, testing, advertising, marketing, promoting, distributing, and selling Polaris all-terrain vehicles ("ATVs"), including the 2015 Polaris Sportsman 570, throughout the United States. Polaris Industries directly and, by and through its subsidiaries and affiliates, availed itself of the privilege of transacting business in Missouri by placing its products into the stream of commerce with the expectation its products would be purchased and used by consumers in Missouri.

3.      Defendant, Polaris Sales Inc. ("Polaris Sales"), is a Minnesota corporation with principal offices located at 2100 Highway 55, Medina, Hennepin County, Minnesota 55340. Polaris Sales is a subsidiary/affiliate of Polaris Industries in good standing and authorized to do business as a foreign corporation in the State of Missouri. Polaris Sales was conducting and continues to conduct business in the State of Missouri. Polaris Sales is engaged in the business of advertising, marketing, promoting, distributing, and selling Polaris ATVs, including the 2015 Polaris Sportsman 570, throughout the United States. Polaris Sales availed itself of the privilege

2

of transacting business in Missouri by placing its products into the stream of commerce with the expectation its products would be purchased and used by consumers in Missouri.

4.      Polaris Industries and Polaris Sales are collectively referred to as the "Polaris Defendants."

5.      Defendant, Rolla Cycles Inc. d/b/a Stahlman Powersports ("Stahlman"), is a Missouri corporation authorized to do business in the State of Missouri and in good standing with its principal offices located at 1387 South Bishop Ave, Rolla, Phelps County, Missouri 65401. Stahlman was and continues to be engaged in the business of buying and selling Polaris ATVs. Stahlman was authorized by Polaris to sell Polaris ATVs, including the 2015 Polaris Sportsman 570.

## JURISDICTION

6.      In accordance with *R.S.Mo.§506.500.1*, jurisdiction in the State of Missouri is proper, as Polaris Industries, Polaris Sales, and Stahlman, were transacting business in the State of Missouri by virtue of placing Polaris ATVs into the stream of commerce in the State of Missouri with the expectation the ATVs would be purchased and used by consumers in Missouri.

7.      Further, Polaris Industries, Polaris Sales, and Stahlman committed tortious acts in the State of Missouri by placing into the stream of commerce a defectively designed ATV without warning of the design defects, resulting in injury to Chapple.

## VENUE

8.      In accordance with *R.S.Mo.§508.010.4,* venue is proper in Reynolds County, Missouri, as Chapple was seriously injured on June 23, 2020, in Reynolds County, Missouri as a result of operating a defectively designed 2015 Polaris Sportsman 570 placed into the stream of commerce by Polaris Industries, Polaris Sales, and Stahlman without warning of the design defects.

3

## FACTS COMMON TO ALL COUNTS

9.      Prior to June 23, 2020, Asplundh Tree Experts ("Asplundh") purchased from Stahlman two (2) 2015 Polaris Sportsman 570 ATVs, both of which were placed into the stream of commerce by Polaris Industries, Polaris Sales, and Stahlman.

10.     On June 23, 2020, Chapple was employed as a laborer by Asplundh.

11.     On June 23, 2020, Chapple's job duties included traveling along tree lines and surrounding areas for Sho-Me Power Electric Cooperative's easement/right-of-way spraying waist-high vegetation while operating one of the two (2) ATVs that contained a sprayer system.

12.     On June 23, 2020, Chapple was operating a 2015 Polaris Sportsman 570, VIN 4XASDE571FA652927 ("Subject ATV") in a manner reasonably anticipated and foreseeable to Polaris Industries, Polaris Sales, and Stahlman. (See **Exhibit A** – photograph of the Subject ATV).

13.     On June 23, 2020, the Subject ATV was in substantially the same operating condition as it was when it was placed into the stream of commerce by Polaris Industries, Polaris Sales, and Stahlman.

14.     On June 23, 2020, Chapple was carefully traveling at a slow rate of speed uphill out of a small valley on uneven terrain when the Subject ATV struck either a rock or was driven over an erosion pothole in the field forcing the right side of the ATV to drop suddenly and without warning throwing Chapple off of the ATV ("Subject Accident"). (See **Exhibit B** – photograph of the Subject Accident scene).

15.     The Subject ATV continued a small distance further up the hill before rolling backwards down the hill and landing on top of Chapple, pinning him underneath the Subject ATV with his back and right flank pressed against a hot muffler while the Subject ATV continued to run for approximately 3½ hours.

16.     Chapple was eventually able to free himself from underneath the Subject ATV and turn it off.

4

17.  Thereafter, Chapple walked a considerable distance (while injured) to his truck and drove to meet Michael Dickerson, the Bunker Fire Chief, who contacted life flight to transport Chapple to Mercy Hospital in Springfield, Missouri, after seeing the extent of Chapple's injuries.

18.  Chapple was subsequently treated at the University of Kansas Medical Center Burn Unit for severe burns. (See **Exhibit C** – photograph of Chapple's injuries).

19.  As a result of the unreasonably dangerous condition of the Subject ATV based on design defects and no warning of those defects, Chapple suffered the following damages:

    a.  4th degree burn injury to his right back, flank, buttocks, and right triceps area,

    b.  permanent scars and deformity secondary to the need for excision and grafting of his burns,

    c.  wasting of the musculature of his back,

    d.  post-traumatic stress disorder,

    e.  pain and suffering, including pain and agony of the mind and body, mental anguish, emotional trauma, chronic itching, and the loss of his natural sleep and rest,

    f.  incurred medical bills in the sum of $277,999.17 for treatment of his injuries (and may in the future incur medical bills for additional treatment),

    g.  incurred wage loss in the sum of $26,798.97 for the period 6/24/20 to 12/27/20 (and may in the future incur additional wage loss as a result of his injuries),

    h.  the inability to participate in the normal activities of life, and

    i.  the inability to enjoy life free of pain and discomfort.

## COUNT I- NEGLIGENCE (DEFECTIVE DESIGN)
### (Polaris Defendants)

**COMES NOW** Plaintiff, Michael Chapple, by and through counsel, and for Count I of his *Petition for Damages* against Defendants, Polaris Industries, Inc. and Polaris Sales, Inc., states and alleges as follows:

20.  Chapple incorporates by reference Paragraphs 9 through 19 as if fully set forth

5

herein.

21.     As a designer, manufacturer, marketer, distributor and seller, the Polaris Defendants knew many users of their ATVs would be involved in rollovers and the extent of injuries would frequently be determined by the design, and construction of their ATVs.

22.     The Polaris Defendants owed a **duty** to the general public (including Asplundh/Chapple) to exercise ordinary and reasonable care **to design**, manufacture, assemble, inspect, test, market, install, distribute, place into the stream of commerce, and sell reasonably safe ATVs, so as not to subject operators of ATVs to an unreasonable risk of harm during a foreseeable rollover.

23.     The Polaris Defendants knew or should have known of the foreseeable risk of injury as that described above and breached their duty in one or more of the following respects:

a.    failed to incorporate into the design of the Subject ATV a **heat shield** that covered the entire exhaust system (including the muffler),

b.    failed to incorporate into the design a **tether kill switch** that would have shut the engine off after Chapple was thrown from the Subject ATV,

c.    failed to incorporate into the design of the Subject ATV a **tip-over sensor** that would have shut the engine off when the ATV rolled over,

d.    failed to otherwise incorporate into the design other protections to avoid the type of injuries sustained by Chapple,

e.    failed to design, manufacture, and sell the Subject ATV in such a manner that it was safe and crashworthy,

f.    failed to design the Subject ATV in accordance with the state of the art protections,

g.    failed to properly test and/or analyze the testing of the Subject ATV under reasonably foreseeable rollover circumstances to determine the existence of the design defects,

h.    made a corporate decision to deprive operators, such as Chapple, of necessary safety systems based on economic criteria instead of design/safety criteria,

i.    failed to take corrective action to rectify the design flaws of the Subject

6

ATV after the defects were reasonably ascertainable, and

j.    failed to otherwise use due care under the circumstances.

24.    The Subject ATV was defectively designed and was unreasonably dangerous when operated in a reasonably anticipated manner, as well as lacking adequate safety devices.

25.    At the time of the Subject Accident, there existed technologically and economically alternative designs that would have prevented or greatly mitigated the hazard that caused the injuries sustained by Chapple.

26.    Polaris Defendants' negligent defective design was the direct and proximate cause of Chapple's injuries and damages set forth herein above.

**WHEREFORE**, Plaintiff, Michael Chapple, prays for judgment on Count I against Defendants, Polaris Industries, Inc. and Polaris Sales, Inc., for damages in a sum that is fair and reasonable, for his costs expended herein, and for such other relief as this Court deems just and proper.

## <u>COUNT II – NEGLIGENCE (FAILURE TO WARN)</u><br><u>(Polaris Defendants)</u>

**COMES NOW** Plaintiff, Michael Chapple, by and through counsel, and for Count II of his *Petition for Damages* against Defendants, Polaris Industries, Inc. and Polaris Sales, Inc., states and alleges as follows:

27.    Chapple incorporates by reference Paragraphs 9 through 19 as if fully set forth herein.

28.    The Polaris Defendants owed a **duty** to the general public (including Asplundh/Chapple) to exercise ordinary and reasonable care **to warn** of a design defect of its ATVs so as not to subject operators of the ATVs to an unreasonable risk of harm during a foreseeable rollover.

29.     The Polaris Defendants failed to properly warn (both pre-sale and post-sale) the general public (including Asplundh/Chapple) of the defective design of the Subject ATV, including, the failure to have a heat shield that covered the entire exhaust system (including the muffler) subjecting the operator to contact with a hot exhaust system, the failure to have a tethered kill switch, and the failure to have a tip-over sensor, exposing the operator (Chapple) of the Subject ATV to the risk of severe injury.

30.  The Polaris Defendants' negligent failure to warn was the direct and proximate cause of Chapple's injuries and damages set forth hereinabove.

**WHEREFORE**, Plaintiff, Michael Chapple, prays for judgment on Count II against Defendants, Polaris Industries, Inc. and Polaris Sales, Inc., for damages in a sum that is fair and reasonable, for his costs expended herein, and for such other relief as this Court deems just and proper.

## COUNT III -- STRICT LIABILITY (*R.S.Mo.§537.760*)
### (Polaris Defendants)

**COMES NOW** Plaintiff, Michael Chapple, by and through counsel, and for Count III of his *Petition for Damages* against Defendants, Polaris Industries, Inc. and Polaris Sales, Inc., states and alleges as follows:

31.     Chapple incorporates by reference Paragraphs 9 through 19 as if fully set forth herein.

32.     The Polaris Defendants (at all times pertinent hereto in the regular course of their business) designed, manufactured, assembled, distributed, transferred, sold and/or placed into the stream of commerce ATVs for use by the general public, including the Subject ATV.

33.     At the time the Subject ATV was placed into the stream of commerce, it was in a defective condition, unreasonably dangerous when put to a reasonably anticipated use, and

Chapple was injured as a direct result of the defective condition of the Subject ATV, which condition existed when it was originally sold by Stahlman to Asplundh.

34.    The Subject ATV was also unreasonably dangerous when put to a reasonably anticipated use without knowledge of its defects, and Chapple was injured and damaged as a direct result of the Subject ATV being sold without an adequate warning.

**WHEREFORE,** Plaintiff, Michael Chapple, prays for judgment on Count III against Defendants, Polaris Industries, Inc. and Polaris Sales, Inc., for damages in a sum that is fair and reasonable, for his costs expended herein, and for such other relief as this Court deems just and proper.

**COUNT IV- NEGLIGENCE**
**(SELLING A DANGEROUS INSTRUMENTALITY)**
**(Stahlman)**

**COMES NOW** Plaintiff, Michael Chapple, by and through counsel, and for Count IV of his *Petition for Damages* against Defendant, Rolla Cycles, Inc. d/b/a Stahlman Powersports, states and alleges as follows:

35.    Chapple incorporates by reference Paragraphs 9 through 19 as if fully set forth herein.

36.    Stahlman sold the Subject ATV to Asplundh prior to June 23, 2020.

37.    At the time Stahlman sold the Subject ATV to Asplundh, the Subject ATV failed to have a heat shield covering the exhaust system (including the muffler), failed to have a tethered kill switch, and failed to have a tip-over sensor that exposed the operator of the Subject ATV to the risk of severe injury.

38.    When Stahlman sold the Subject ATV to Asplundh, it had no reason to believe Asplundh would (without warning from Stahlman) realize the Subject ATV's dangerous condition.

39.    When Stahlman sold the Subject ATV to Asplundh, Stahlman knew, or had information from which it in the exercise of ordinary care should have known, of the Subject

9

ATV's dangerous condition.

40.     Stahlman had a **duty** to avoid placing into the stream of commerce (by selling) ATVs it knew or should have known were a dangerous instrumentality given the Subject ATV's defective design, but did so anyway.

41.     As a direct and proximate result of negligently placing into the stream of commerce the Subject ATV, Chapple sustained severe injuries and damages as set forth hereinabove.

**WHEREFORE**, Plaintiff, Michael Chapple, prays for judgment on Count IV against Defendant, Rolla Cycles, Inc. d/b/a Stahlman Powersports, for damages in a sum that is fair and reasonable, for his costs expended herein, and for such other relief as this Court deems just and proper.

## <u>COUNT V – NEGLIGENCE (FAILURE TO WARN)</u>
### (Stahlman)

**COMES NOW** Plaintiff, Michael Chapple, by and through counsel, and for Count V of his *Petition for Damages* against Defendant, Stahlman, states and alleges as follows:

42.     Chapple incorporates by reference Paragraphs 9 through 19 as if fully set forth herein.

43.     Stahlman, as a Polaris distributor, has greater knowledge of the ATVs it sells than the general public, and knew or should have known of the Subject ATV's design defects, including, but not limited to, the failure to have a heat shield covering the exhaust system (including the muffler), the failure to have a tethered kill switch, and the failure to have a tip-over sensor that exposed the operator of the Subject ATV to the risk of severe injury.

44.     Stahlman owed a **duty** to the general public (including Asplundh/Chapple) to exercise ordinary and reasonable care to warn the general public of design defects of ATVs it sold

10

so as not to subject operators of these ATVs to an unreasonable risk of harm during a foreseeable rollover.

45.    Stahlman failed to properly warn (both pre-sale and post-sale) the general public (including Asplundh/Chapple) of the defective design of the Subject ATV, including, the failure to have a heat shield that covered the entire exhaust system (including the muffler) subjecting the operator to contact with a hot exhaust system, the failure to have a tethered kill switch, and the failure to have a tip-over sensor, exposing the operator (Chapple) of the Subject ATV to the risk of severe injury.

46.   Stahlman's negligent failure to warn was the direct and proximate cause of Chapple's injuries and damages as set forth hereinabove.

**WHEREFORE**, Plaintiff, Michael Chapple, prays for judgment on Count V against Defendant, Rolla Cycles, Inc. d/b/a Stahlman Powersports, for damages in a sum that is fair and reasonable, for his costs expended herein, and for such other relief as this Court deems just and proper.

## COUNT VI -- STRICT LIABILITY (R.S.Mo.§537.760)
### (Stahlman)

**COMES NOW** Plaintiff, Michael Chapple, by and through counsel, and for Count VI his *Petition for Damages* against Defendant, Rolla Cycles, Inc. d/b/a Stahlman Powersports, states and alleges as follows:

47.    Chapple incorporates by reference Paragraphs 9 through 19 as if fully set forth herein.

48.    Stahlman (at all times pertinent hereto, in the regular course of its business) was a distributor and seller of Polaris ATVs placing them into the stream of commerce for use by the public, including the Subject ATV.

11

49.    At the time the Subject ATV was placed into the chain of commerce, it was in a defective condition, unreasonably dangerous when put to a reasonably anticipated use, and Chapple was injured as a direct result of the defective condition of the Subject ATV, which condition existed when it was originally sold by Stahlman to Asplundh.

50.    The Subject ATV was also unreasonably dangerous when put to a reasonably anticipated use without knowledge of its defects, and Chapple was injured and damaged as a direct result of the Subject ATV being sold without adequate warning.

WHEREFORE, Plaintiff, Michael Chapple, prays for judgment on Count VI against Defendant, Rolla Cycles, Inc. d/b/a Stahlman Powersports, for damages in a sum that is fair and reasonable, for his costs expended herein, and for such other relief as this Court deems just and proper.

Respectfully submitted,

**ADLER & MANSON, L.C.**

By ___ /s/ William G. Manson _____
    William G. Manson, Esq., MO #34820
    9233 Ward Parkway, Suite 240
    Kansas City, Missouri 64114
    PH:  (816) 333-0400
    FAX: (816) 333-1547
    bill@adlerandmanson.com


and


**BECKETT & HENSLEY, L.C.**

By ___ /s/ Theodore C. Beckett _____
    Theodore C. Beckett, III, Esq., MO #27230
    2345 Grand Boulevard, Suite 1600
    Kansas City, Missouri 64108
    PH:  (816) 471-7500
    FAX: (816) 222-0708
    tcb@beckettandhensley.com
    **ATTORNEYS FOR PLAINTIFF**

12

# EXHIBIT A



# EXHIBIT B



# EXHIBIT C



| From: | Mayfield, Craig |
|---|---|
| To: | Bill Manson |
| Cc: | Lori Johns; Presnell, Todd; Miller, Casey; Ted Beckett |
| Subject: | RE: Michael Chapple claim |
| Date: | Friday, June 14, 2024 2:35:05 PM |
| Attachments: | image001.png |

Sounds good.  Allow this to confirm service, effective today, on both Polaris entities.  Thanks, Bill.

**Craig Mayfield**

Partner | Bradley
cmayfield@bradley.com
d: 813.559.5525

**From:** Bill Manson <bill@adlerandmanson.com>
**Sent:** Friday, June 14, 2024 3:20 PM
**To:** Mayfield, Craig <cmayfield@bradley.com>
**Cc:** Lori Johns <lori@adlerandmanson.com>; Presnell, Todd <tpresnell@bradley.com>; Miller, Casey <cmiller@bradley.com>; Ted Beckett <tcb@beckettandhensley.com>
**Subject:** Re: Michael Chapple claim

Hi Craig:

I have not heard from the dealership's counsel yet.

If you will accept service for the two Polaris entities, I have no issue with you taking 60 days to file a responsive pleading.

Please confirm you will accept service for both Polaris entities and waive service.

Thx for the well wishes.

Thx
Bill

Sent from my iPhone

On Jun 14, 2024, at 12:03 PM, Mayfield, Craig <cmayfield@bradley.com> wrote:

Bill –

Thanks again to you and Ted for coordinating Tuesday's look at the vehicle.  I know we still have

some work to do with regard to obtaining scene access, and please let us know if/when counsel for the dealer raises their head.

I've discussed with the client and would like to propose waiving formal service today in exchange for 60 days to respond.  That would make our response date **Tuesday, August 13, 2024**.  Please let us know if this is acceptable on your end.  Bill, I hope your travels have been enjoyable.

**Craig Mayfield**
Partner | Bradley
cmayfield@bradley.com
d: 813.559.5525

**From:** Lori Johns <lori@adlerandmanson.com>
**Sent:** Tuesday, June 4, 2024 11:24 AM
**To:** Mayfield, Craig <cmayfield@bradley.com>
**Subject:** RE: Michael Chapple claim

Sorry about that!  Here you go.



Lori Johns, Paralegal
ADLER & MANSON, LC
Attorneys at Law
9233 Ward Parkway, Suite 240
Kansas City, Missouri 64114
816-333-0400x6; Facsimile: 816-817-4219
www.adlerandmanson.com



**From:** Mayfield, Craig <cmayfield@bradley.com>
**Sent:** Tuesday, June 4, 2024 10:21 AM
**To:** Lori Johns <lori@adlerandmanson.com>

**Subject:** RE: Michael Chapple claim

I still haven't received the petition.

**Craig Mayfield**
Partner | Bradley
cmayfield@bradley.com
d: 813.559.5525

---

**From:** Lori Johns <lori@adlerandmanson.com>
**Sent:** Tuesday, June 4, 2024 11:06 AM
**To:** Mayfield, Craig <cmayfield@bradley.com>
**Subject:** RE: Michael Chapple claim

Hi Craig.  Mr. Chapple's address, as well as Mr. Beckett's information is in the *Petition*.  I will get you Mr. Beckett's cell phone as soon as possible.  Thank you!

<image001.png>

Lori Johns, Paralegal
ADLER & MANSON, LC
Attorneys at Law
9233 Ward Parkway, Suite 240
Kansas City, Missouri 64114
816-333-0400x6; Facsimile: 816-817-4219
www.adlerandmanson.com

<image002.jpg>

<image003.jpg>

---

**From:** Mayfield, Craig <cmayfield@bradley.com>
**Sent:** Tuesday, June 4, 2024 8:56 AM
**To:** Bill Manson <bill@adlerandmanson.com>
**Cc:** Lori Johns <lori@adlerandmanson.com>; Ted Beckett <tcb@beckettandhensley.com>
**Subject:** Re: Michael Chapple claim

Thanks.

**Craig Mayfield**
Partner | Bradley
cmayfield@bradley.com
813.559.5525

On Jun 4, 2024, at 9:47 AM, Bill Manson <bill@adlerandmanson.com> wrote:

 I will have Lori shoot you the address and Ted's phone numbers today.

Sent from my iPhone

On Jun 4, 2024, at 8:38 AM, Mayfield, Craig <cmayfield@bradley.com> wrote:

Bill –

Good morning.  We are confirmed for noon on the 11th.  **Could you shoot us a physical address in Troy for where we need to show up**?  And maybe connect me with Ted in case we have some day-of need for contact?  Thanks again for helping coordinate things.  Following up on another inquiry from yesterday, I've looked at the Polaris service history for this VIN and I'm not seeing a recall of any nature (voluntary or otherwise).



**Craig Mayfield**
Partner
e: cmayfield@bradley.com w: bradley.com
d: 813.559.5525
Bradley Arant Boult Cummings LLP
Thousand & One, 1001 Water Street, Suite #1000
Tampa, FL 33602-5809
LinkedIn | Facebook | Twitter | Instagram | Blogs
**We have moved! Please note our new address above.**

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - June 21, 2024 - 02:59 PM

**IN THE CIRCUIT COURT FOR REYNOLDS COUNTY, MISSOURI**

MICHAEL CHAPPLE,                          )
                                          )
    Plaintiff,                            )
                                          )    Case No.  24RE-CC00006
    v.                                    )
                                          )
POLARIS INDUSTRIES, INC.,                 )
POLARIS SALES, INC., and                  )
ROLLA CYCLES, INC. d/b/a                  )    **JURY TRIAL DEMANDED**
STAHLMAN POWERSPORTS,                     )
                                          )
    Defendants.                           )

### STIPULATED NOTICE TO COURT REGARDING WAIVER OF FORMAL SERVICE AND AGREED RESPONSE DEADLINE

**COME NOW** Plaintiff, Michael Chapple, and Defendants, Polaris Industries, Inc. and Polaris Sales, Inc., (collectively, the "Parties"), by and through counsel, and file this Stipulated Notice to Court Regarding Waiver of Formal Service and Agreed Response Deadline.

The Parties hereby notify the Court that Defendants, Polaris Industries, Inc. and Polaris Sales, Inc. (the "Polaris Defendants"), agreed to waive formal service effective June 14, 2024. The Parties have agreed that the Polaris Defendants shall have until August 13, 2024, to file a responsive pleading.

Respectfully submitted,

**ADLER & MASON, L.C.**

/s/ William G. Manson
William G. Manson, Esq., MO #34820
9233 Ward Parkway, Suite 240
Kansas City, Missouri 64114
PH: (816) 333-0400
FAX: (816) 333-1547
bill@alderandmanson.com

and

**BECKETT & HENSLEY, L.C.**

/s/ Theodore C. Beckett
Theodore C. Beckett, III, Esq., MO #27230
2345 Grand Boulevard, Suite 1600
Kansas City, Missouri 64108
PH: (816) 471-7500
FAX: (816) 222-0708
tcb@beckettandhensley.com

**ATTORNEYS FOR PLAINTIFF**

and

**BRADLEY ARANT BOULT CUMMINGS LLP**

/s/ R. Craig Mayfield
R. Craig Mayfield, FL Bar #429643
1001 Water Street, Suite 100
Tampa, FL 33602
PH: 813.559.5525
FAX: 813.229.5946
cmayfield@bradley.com

**ATTORNEY FOR POLARIS DEFENDANTS**

Electronically Filed - REYNOLDS CIRCUIT DIVISION - August 14, 2024 - 09:45 AM

## IN THE CIRCUIT COURT FOR REYNOLDS COUNTY, MISSOURI

MICHAEL CHAPPLE,               )
                               )
     Plaintiff,             )    Case No. 24RE-CC00006
                               )
v.                             )
                               )
POLARIS INDUSTRIES, INC.,      )
POLARIS SALES, INC., and       )    JURY TRIAL DEMANDED
ROLLA CYCLES INC. d/b/a STAHLMAN )
POWERSPORTS,                   )
                               )
     Defendants.            )

---

## POLARIS INDUSTRIES INC.'S ANSWER TO PLAINTIFF'S PETITION

---

Defendant Polaris Industries Inc. ("PII"), by and through counsel, responds to the Petition for Damages (the "Petition") that Plaintiff Michael Chapple ("Plaintiff") filed, as follows:

### PARTIES[1]

1.    PII is without information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the Petition.

2.    As to the allegations contained in the first grammatical sentence of Paragraph 2 of the Petition, PII admits that it is a Delaware corporation with its principal place of business at 2100 Highway 55, Medina, Minnesota 55340.  In response to the allegations contained in the third grammatical sentence of Paragraph 2 of the Petition, PII:

---

[1] PII has included the headings from Plaintiff's Petition solely for ease of reference. To the extent Plaintiff's headings can be construed as factual allegations, PII denies them.

1

Electronically Filed - REYNOLDS CIRCUIT DIVISION - August 14, 2024 - 09:45 AM

(1) admits that it designs in part, manufactures in part, and tests certain all-terrain vehicles ("ATVs"), including the 2015 Polaris Sportsman 570, but (2) denies that it advertises, promotes, distributes, or sells such ATVs.  PII denies the remaining allegations of Paragraph 2 of the Petition and those inconsistent with the foregoing.

3.      As to the allegations contained in the first and second grammatical sentences of  Paragraph 3 of the Petition, PII admits that Polaris Sales Inc. is: (1) its subsidiary, (2) a Minnesota corporation with its principal place of business at 2100 Highway 55, Medina, Minnesota 55340 and (3) in good standing and authorized to do business as a foreign corporation in the State of Missouri.  In response to the fourth grammatical sentence of Paragraph 3 of the Petition, PII further admits that Polaris Sales Inc. is engaged in the business of advertising, marketing, promoting, distributing, and selling Polaris ATVs, including the 2015 Polaris Sportsman 570, throughout the United States.  PII denies the remaining allegations of Paragraph 3 of the Petition and those inconsistent with the foregoing.

4.      The allegations contained in Paragraph 4 of the Petition merely set forth a defined term as used within the Petition (specifically, Plaintiff's defining of PII and Polaris Sales Inc. collectively as "Polaris Defendants"); therefore, no response is required. However, PII states that the definition contained in Paragraph 4 of the Petition is a mischaracterization insofar as it conflates the identity and alleged actions of PII and Polaris Sales Inc., which are separate and distinct entities.

5.      PII is without information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Petition.

2

Electronically Filed - REYNOLDS CIRCUIT DIVISION - August 14, 2024 - 09:45 AM

## JURISDICTION

6. The allegations of Paragraph 6 of the Petition state a legal conclusion to which no response is required. To the extent that a response is required, PII denies the allegations contained in Paragraph 6 of the Petition.

7. PII denies the allegations contained in Paragraph 7 of the Petition.

## VENUE

8. The allegations of Paragraph 8 of the Petition state a legal conclusion to which no response is required. To the extent that a response is required, PII states, upon information and belief, that the ATV allegedly being operated by Plaintiff (VIN: 4XASDE571FA652927, the "Subject ATV") was a two-seater 2015 Polaris Sportsman 570 Touring rather than a 2015 Polaris Sportsman 570. PII denies the allegations of Paragraph 8 of the Petition insofar they suggest that the Subject ATV had "design defects" or that such alleged "defects" caused injury to Plaintiff. PII is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 8 of the Petition.

## FACTS COMMON TO ALL COUNTS

9. PII denies that it placed the Subject ATV in the stream of commerce. PII is without information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 9 of the Petition.

10. PII is without information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Petition.

11. PII is without information sufficient to form a belief about the truth of the

3

Electronically Filed - REYNOLDS CIRCUIT DIVISION - August 14, 2024 - 09:45 AM

allegations contained in Paragraph 11 of the Petition.

12.     PII is without information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Petition.

13.     PII is without information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Petition.

14.     PII is without information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Petition.

15.     PII is without information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Petition.

16.     PII is without information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Petition.

17.     PII is without information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Petition.

18.     PII is without information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Petition.

19.     As to the allegations of Paragraph 19 of the Petition, PII denies the allegation that any purported injuries or damages to Plaintiff resulted from alleged "design defects" in the Subject ATV or the absence of warning with respect to such alleged "defects."  PII further denies that the Subject ATV was unreasonably dangerous.  PII is without information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 19 of the Petition.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - August 14, 2024 - 09:45 AM

## COUNT I- NEGLIGENCE (DEFECTIVE DESIGN}
### (Polaris Defendants)

20.     PII repeats its responses to the allegations set forth above as if fully set forth herein.

21.     PII denies the allegations contained in Paragraph 21 of the Petition.

22.     PII denies the allegations contained in Paragraph 22 of the Petition.

23.     PII denies the allegations contained in Paragraph 23 of the Petition, specifically including the allegations in subparagraphs (a)–(j).

24.     PII denies the allegations contained in Paragraph 24 of the Petition.

25.     PII denies the allegations contained in Paragraph 25 of the Petition.

26.     PII denies the allegations contained in Paragraph 26 of the Petition.

The remainder of Count I in the Petition states a prayer for relief.  PII denies that Plaintiff is entitled to the requested judgment or any other relief as against PII.

## COUNT II - NEGLIGENCE (FAILURE TO WARN)
### (Polaris Defendants)

27.     PII repeats its responses to the allegations set forth above as if fully set forth herein.

28.     PII denies the allegations contained in Paragraph 28 of the Petition.

29.     PII denies the allegations contained in Paragraph 29 of the Petition.

30.     PII denies the allegations contained in Paragraph 30 of the Petition.

The remainder of Count II in the Petition states a prayer for relief.  PII denies that Plaintiff is entitled to the requested judgment or any other relief as against PII.

Electronically Filed - REYNOLDS CIRCUIT DIVISION - August 14, 2024 - 09:45 AM

## COUNT III -- STRICT LIABILITY *(R.S.Mo.§537.760)*
### (Polaris Defendants)

31.     PII repeats its responses to the allegations set forth above as if fully set forth herein.

32.     PII denies the allegations contained in Paragraph 32 of the Petition.

33.     PII denies the allegations contained in Paragraph 33 of the Petition.

34.     PII denies the allegations contained in Paragraph 34 of the Petition.

The remainder of Count III in the Petition states a prayer for relief.  PII denies that Plaintiff is entitled to the requested judgment or any other relief as against PII.

## COUNT IV-NEGLIGENCE
## (SELLING A DANGEROUS INSTRUMENTALITY}
### (Stahlman)

35.     PII repeats its responses to the allegations set forth above as if fully set forth herein.

36.     Count IV is not directed to PII; therefore, no response to the allegations contained in Paragraph 36 of the Petition is required.  To the extent a response is deemed required, PII is without sufficient information to form a belief as to the allegations contained in Paragraph 36 of the Petition.

37.     Count IV is not directed to PII; therefore, no response to the allegations contained in Paragraph 37 of the Petition is required.  To the extent a response is deemed required, PII denies the allegations contained in Paragraph 37 of the Petition.

38.     Count IV is not directed to PII; therefore, no response to the allegations contained in Paragraph 38 of the Petition is required.  To the extent a response is deemed

6

Electronically Filed - REYNOLDS CIRCUIT DIVISION - August 14, 2024 - 09:45 AM

required, PII denies the allegations contained in Paragraph 38 of the Petition.

39.     Count IV is not directed to PII; therefore, no response to the allegations contained in Paragraph 39 of the Petition is required.  To the extent a response is deemed required, PII denies the allegations contained in Paragraph 39 of the Petition.

40.     Count IV is not directed to PII; therefore, no response to the allegations contained in Paragraph 40 of the Petition is required.  To the extent a response is deemed required, PII denies the allegations contained in Paragraph 40 of the Petition.

41.     Count IV is not directed to PII; therefore, no response to the allegations contained in Paragraph 41 of the Petition is required.  To the extent a response is deemed required, PII denies the allegations contained in Paragraph 41 of the Petition.

The remainder of Count IV in the Petition states a prayer for relief.  Count IV is not directed to PII; therefore, no response to this prayer for relief is required.  To the extent a response is required, PII denies that Plaintiff is entitled to a judgment or any other relief as against PII.

### COUNT V - NEGLIGENCE (FAILURE TO WARN)
#### (Stahlman)

42.     PII repeats its responses to the allegations set forth above as if fully set forth herein.

43.     Count V is not directed to PII; therefore, no response to the allegations contained in Paragraph 43 of the Petition is required.  To the extent a response is deemed required, PII denies the allegations contained in Paragraph 43 of the Petition.

44.     Count V is not directed to PII; therefore, no response to the allegations

7

Electronically Filed - REYNOLDS CIRCUIT DIVISION - August 14, 2024 - 09:45 AM

contained in Paragraph 44 of the Petition is required.  To the extent a response is deemed required, PII denies the allegations contained in Paragraph 44 of the Petition.

45.    Count V is not directed to PII; therefore, no response to the allegations contained in Paragraph 45 of the Petition is required.  To the extent a response is deemed required, PII denies the allegations contained in Paragraph 45 of the Petition.

46.  Count V is not directed to PII; therefore, no response to the allegations contained in Paragraph 46 of the Petition is required.  To the extent a response is deemed required, PII denies the allegations contained in Paragraph 46 of the Petition.

The remainder of Count V in the Petition states a prayer for relief.  Count V is not directed to PII; therefore, no response to this prayer for relief is required.  To the extent a response is required, PII denies that Plaintiff is entitled to a judgment or any other relief as against PII.

## COUNT VI -- STRICT LIABILITY {R.S.Mo.§537.760}
### (Stahlman)

47.    PII repeats its responses to the allegations set forth above as if fully set forth herein.

48.    Count VI is not directed to PII; therefore, no response to the allegations contained in Paragraph 48 of the Petition is required.  To the extent a response is deemed required, PII is without sufficient information to form a belief as to the allegations contained in Paragraph 48 of the Petition.

49.    Count VI is not directed to PII; therefore, no response to the allegations contained in Paragraph 49 of the Petition is required.  To the extent a response is deemed

8

Electronically Filed - REYNOLDS CIRCUIT DIVISION - August 14, 2024 - 09:45 AM

required, PII denies the allegations contained in Paragraph 49 of the Petition.

50.     Count VI is not directed to PII; therefore, no response to the allegations contained in Paragraph 50 of the Petition is required.  To the extent a response is deemed required, PII denies the allegations contained in Paragraph 50 of the Petition.

The remainder of Count VI in the Petition states a prayer for relief.  Count VI is not directed to PII; therefore, no response to this prayer for relief is required. To the extent a response is required, PII denies that Plaintiff is entitled to a judgment or any other relief as against PII.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that one or more of the following additional defenses should be available to PII in this case.  PII accordingly asserts these separate and additional defenses.  Upon completion of discovery, if the facts warrant, PII may withdraw any of these additional defenses as may be appropriate.

By setting forth these additional defenses, PII does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Plaintiff's allegations.  PII further reserves the right to amend its Answer and Affirmative Defenses, and to assert additional defenses and other claims, as this matter proceeds.

As for its affirmative defenses to the Petition and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, PII states as follows:

9