UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL CHAPPLE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:25-cv-00095-SNLJ |
| POLARIS INDUSTRIES, INC., et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court the on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Rolla Cycles, Inc. d/b/a Stahlman Powersports (hereinafter "Stahlman"). [Doc. 41]. Plaintiff opposes the motion and alleges that if the motion was to be considered that it should be converted to a motion for summary judgment. [Doc. 42]. Stahlman did not file a reply or address plaintiff's argument that the motion should be converted to a motion for summary judgment. For the reasons set forth below, the motion to dismiss [Doc. 41] is **DENIED**.

### I.   BACKGROUND

Plaintiff originally filed his First Amended Petition for Damages in the Circuit Court of Reynolds County, Missouri on November 15, 2024. *See Michael Chapple vs. Polaris Industries, Inc., et al.*, Reynolds County Missouri Case No. 24RE-CC00006. The petition includes nine counts: Count I against Polaris Industries for negligence (defective design); Count II against Polaris Industries for negligence (failure to warn); Count III against Polaris

Industries for strict liability; Count IV against Polaris Sales for negligence (selling a dangerous instrumentality); Count V against Polaris Sales for negligence (failure to warn); Count VI against Polaris Sales for strict liability; Count VII against Stahlman for negligence (selling a dangerous instrumentality); Count VIII against Stahlman for negligence (failure to warn); and, Count IX against Stahlman for strict liability.  [Doc. 41-1].  The allegations of the petition relate to injuries that plaintiff alleges to have incurred when he was injured while operating an ATV he was operating as an employee of Asplundh Tree Experts.  *Id.*  Asplundh had allegedly purchased that ATV from Stahlman.  *Id.*

The Polaris defendants filed a Notice of Removal in May 2025 alleging that complete diversity existed to justify removal.  [Doc. 41-2].  As part of the complete diversity jurisdiction argument, the Polaris defendants alleged that Stahlman was not properly joined (fraudulently joined) as a defendant and therefore did not negate complete diversity.  *Id.*

Stahlman has now moved to dismiss the claims against it pursuant to Rule 12(b)(6) alleging that it was not the seller of the ATV; and, therefore, no claims can be asserted against it.  [Doc. 41].  Plaintiff opposes the motion to dismiss alleging that it should be converted to a motion for summary judgment.  [Doc. 42].  Plaintiff also alleges that the motion should be denied because Stahlman is a proper party to the lawsuit or, at a minimum, the motion should be denied because the allegations in the motion to dismiss place material facts in dispute.  *Id.*

2

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the pleading.  *See Carton v. General Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010); *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).  To survive a Rule 12(b)(6) motion to dismiss, the allegations must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet the plausibility standard, the pleading must contain "more than labels and conclusions." *Id.* at 555.  Rather, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, for purposes of Rule 12(b)(6) motions, in addition to the allegations in the pleading, courts may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned, without converting the motion into one for summary judgment." *Dittmer Properties, L.P. v. F.D.I.C.*, 708 F.3d 1101, 1021 (8th Cir. 2013).  However, when a Rule 12(b)(6) motion presents matters outside the pleadings that are not excluded by the court, the motion must be converted to one for summary judgment and disposed of as provided in Federal Rule of Civil Procedure 56.  *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 948 (8th Cir. 1999); *see* Fed. R. Civ. P. 12(d).  "Most courts…view 'matters outside the pleadings' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely

reiterate what is said in the pleadings." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) *quoting* Wright & Miller, Federal Practice and Procedure § 1366.  This broad interpretation of "matters outside the pleading" forces the courts to decide Rule 12(b)(6) motions based solely upon the allegations contained in the face of the complaint.  *Id.*

Under Rule 56, a court must grant a motion for summary judgment if it finds that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "A genuine issue of material fact exists if a reasonable jury could return a verdict for" the non-movant.  *Cockram v. Genesco, Inc.*, 680 F.3d 1046, 1051 (8th Cir. 2012) quoting *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 397 (8th Cir. 2011).  "As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery. *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045 ,1049 (8th Cir. 2012) quoting *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999).

### III.   DISCUSSION

**A. Defendant Stahlman's evidence is outside the pleadings.**

In its motion to dismiss, Stahlman asserts that each of plaintiff's claims against Stahlman is predicated upon Stahlman selling the ATV to Asplundh; and, that there is now no dispute that Polaris, not Stahlman, sold the ATV to Asplundh.  [Doc. 41 at ¶¶13, 14]. Stahlman submits as support the deposition testimony of Greg Stahlman, the declaration of Greg Stahlman, the Stahlman Buyer's Order, the Stahlman Bill of Sale, and an affidavit of Aaron Stegeman (the vice president and general manager of commercial utility vehicles at

4

Polaris, Inc.). [Docs. 41-3, 41-4, 41-5, 41-6, 41-11]. Because these documents were not attached to the pleadings, the Court must first decide if their consideration is proper.

The deposition testimony of Greg Stahlman, the declaration of Greg Stahlman, the Buyer's Order, the Bill of Sale, and the affidavit of Aaron Stegeman are not public records, and they are neither explicitly nor implicitly referenced in the pleadings. The first amended petition for damages alleges only that Asplundh purchased 2 ATV's from Stahlman, who was a certified franchise dealership; it does not refer to or rely on a Buyer's Order, Bill of Sale, or sworn testimony. [Doc. 41-1]. A complaint does not incorporate or reference evidentiary materials by simply alleging facts related to the materials. *See BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th Cir. 2003) (reversing 12(b)(6) dismissal when the district court relied on documents attached to the motion because the complaint alleged the existence of a contract but not those particular documents, and other evidence may have been relevant). Moreover, additional evidence beyond that submitted by Stahlman may be relevant to plaintiff's allegations, such as whether Stahlman sold and/or delivered the ATV to Asplundh, ultimately placing it into the stream of commerce. Further, the Eighth Circuit has suggested that sworn declarations filed along with a memorandum, like Mr. Stahlman's and Mr. Stegeman's, are not properly considered to be part of the pleadings. *See Midwest Disability Initiative v. JANS Enters.*, 929 F.3d 603, 609 (8th Cir. 2019) (the district court would have been required to treat a motion to dismiss as a motion for summary judgment if it had considered sworn declarations submitted by plaintiffs with their memorandum opposing dismissal).

Since the documents submitted by Stahlman are not incorporated by reference,

5

integral to the claim, or necessarily embraced by the pleading, the Court cannot consider them in deciding Stahlman's motion to dismiss. Without consideration of the evidence presented by Stahlman, there is not sufficient evidence or argument presented to this Court to grant a Rule 12(b)(6) motion. Therefore, Stahlman's Rule 12(b)(6) motion to dismiss is denied.

**B. The Court declines to convert the motion to a motion for summary judgment.**

Motions are "not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or [in] opposition to the motion." *Casazza v. Kiser*, 313 F.3d 414, 417 (8th Cir. 2002) quoting *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999). Rather, the Court must decide whether to consider the evidence and convert the motion. *See* Fed. R. Civ. P. 12(d); *see also Union Elec. Co. v. Chi. Bridge & Iron Co.*, 2015 WL 1262941 (E.D. Mo. Mar. 19, 2015). Here, the Court declines to do so.

Plaintiff has not had the full and complete opportunity to conduct discovery to defend against all of defendant's evidence. The information regarding Stahlman's participation in the sale, delivery, and placement of the ATV into commerce is largely within defendants' knowledge and control. Allowing plaintiff to conduct discovery is especially important where, as here, Stahlman's evidence is clearly one-sided. The discovery to date does disclose a genuine issue of material fact on this issue. Given an opportunity to conduct additional discovery, it is possible that plaintiff could produce additional evidence about Stahlman's participation in the sale, delivery, and placement of the ATV into commerce. As such, the Court declines to convert the Rule 12(b)(6) motion

6

to a summary judgment motion.

## IV.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendant Rolla Cycles, Inc. d/b/a Stahlman Powersports' Motion to Dismiss [Doc. 41] is **DENIED**.

**SO ORDERED** this 7th day of January, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

7