UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MICHAEL CHAPPLE,                    )
                                    )
          Plaintiff,                )
                                    )
vs.                                 )      Case No. 1:25-cv-00095-SNLJ
                                    )
POLARIS INDUSTRIES, INC., et al.,   )
                                    )
          Defendants.               )

**MEMORANDUM AND ORDER**

This matter is before the Court the on the defendant Rolla Cycles, Inc. d/b/a

Stahlman Powersports' (hereinafter "Stahlman") motion for reconsideration of its motion to

dismiss.  [Doc. 44].  Plaintiff opposes the motion.  Stahlman did not file a reply or address

plaintiff's arguments.  For the reasons set forth below, the motion for reconsideration [Doc.

44] is **DENIED**.

## I.      BACKGROUND

Plaintiff originally filed his First Amended Petition for Damages in the Circuit Court

of Reynolds County, Missouri on November 15, 2024.  *See Michael Chapple vs. Polaris*

*Industries, Inc., et al.*, Reynolds County Missouri Case No. 24RE-CC00006.  The petition

(and the first amended petition) alleged that plaintiff was a resident of Kansas, defendant

Stahlman was a resident of Missouri, and the Polaris defendants were citizens of Delaware

and Minnesota respectively.  The Polaris defendants filed a Notice of Removal in May

2025 alleging that complete diversity existed to justify removal.  [Doc. 41-2].  As part of

the complete diversity jurisdiction argument, the Polaris defendants alleged that Stahlman was not properly joined (fraudulently joined) as a defendant and therefore did not negate their removal basis for complete diversity. *Id.* Plaintiff did not file a motion to remand.

Stahlman moved to dismiss the claims against it pursuant to Rule 12(b)(6) alleging that it was not the seller of the ATV; and, therefore, no claims can be asserted against it. [Doc. 41]. On January 7, 2026, the Court entered an order denying the motion to dismiss because Stahlman's motion to dismiss introduced evidence outside the pleadings; and, the Court declined to convert the motion to dismiss to a motion for summary judgment. [Doc. 43]. Stahlman has now filed the instant motion to reconsider the Court's denial of its motion to dismiss. [Doc. 44].

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure do not authorize or mention a motion to reconsider. *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993); *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). However, the Eighth Circuit has determined that motions for reconsideration are "nothing more than Rule 60(b) motions when directed at non-final orders." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (citing *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003)). Rule 60(b), which covers motions for relief from a judgment or order, "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003).

### III.   DISCUSSION

Stahlman's motion to reconsider first argues that since the removal to this Court is based on Stahlman being an improperly joined *forum* defendant, the question is one of procedure, not jurisdiction.  According to Stahlman, since plaintiff did not file a motion to remand in response to the removal notice, plaintiff has waived his right to contest the allegations in the removal notice, specifically those related to fraudulent joinder. Stahlman's argument is disingenuous.[1]

Fraudulent joinder is defined as "the filing of a frivolous or otherwise illegitimate claim against a **non-diverse defendant <u>solely to prevent removal</u>**." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003) (emphasis added).  Here, plaintiff is a resident of Kansas.  [Docs. 1-6 at pp. 9, 102; 10].  Stahlman is a Missouri corporation doing business in the State of Missouri.  [Docs. 1-6 at pp. 10, 103, 158; 10].  Polaris Industries Inc. is a Delaware corporation with its principal place of business in Minnesota.  [Doc. 1-6 at p. 41].  Polaris Sales Inc. is a Minnesota corporation with its principal place of business in Minnesota.  [*Id.*].

---

[1] Stahlman cites to numerous cases in an attempt to allege that plaintiff's failure to file a motion to remand meant that plaintiff admitted the factual allegations contained in the removal notice.  Stahlman's interpretation is in error and fails to consider the totality of the statements made by the relevant courts.  For example, in *Belleville v. Cottrell, Inc.*, Stahlman cites a rule that the notice of removal's factual allegations to support jurisdiction will be accepted as true if they are not challenged by a motion to remand.  09-CV-00962-JPG, 2010 WL 1251441, at *2 (S.D. Ill. Mar. 24, 2010).  However, the Court went on to indicate that, "this rule applies only to factual allegations such as, for example, allegations of a party's citizenship or of the amount in controversy. *See, e.g., id.* **The general rule does not apply to legal conclusions like the assertion that a defendant was fraudulently joined**." *Id.* (citing *Lewis v. AT & T Corp.*, 898 F. Supp. 907, 909 (S.D. Fla. 1995) (emphasis added)).

3

It is clear to this Court that complete diversity existed at the time plaintiff filed his original petition; and, complete diversity continued to exist at the time the notice of removal was filed. Therefore, plaintiff did not name Stahlman solely to prevent removal because Stahlman is, in fact, a diverse defendant. No fraudulent joinder exists. Clearly plaintiff would have no obligation to file a motion to remand when complete diversity exists, and removal to federal court was proper. In fact, any motion to remand filed by plaintiff would have been frivolous and baseless.

Stahlman's next argument is that the procedure for a motion to dismiss based on fraudulent joinder is different than the procedure for a typical motion to dismiss such that the Court may pierce the pleadings and consider the entire record. Again, fraudulent joinder does not exist in this case. Accordingly, this Court's denial of the motion to dismiss because Stahlman introduced evidence outside the pleadings is correct; and, the Court properly declined to convert the motion to dismiss to a motion for summary judgment. [Doc. 43].

None of Stahlman's arguments set forth or provide an adequate showing of exceptional circumstances to warrant this Court's reconsideration of its Memorandum and Order dated January 7, 2026. [Doc. 43].

## IV.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendant Rolla Cycles, Inc. d/b/a Stahlman Powersports' Motion to Reconsider [Doc. 44] is **DENIED**.

4

**SO ORDERED** this 3rd day of March, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE