UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MICHAEL CHAPPLE,                        )
                                        )
            Plaintiff,                  )
                                        )
vs.                                     )    Case No. 1:25-cv-00095-SNLJ
                                        )
POLARIS INDUSTRIES, INC., et al.,       )
                                        )
            Defendants.                 )

## MEMORANDUM AND ORDER

This matter is before the Court the on the plaintiff's motion to compel discovery and suggestions in support thereof against defendant Polaris Industries, Inc. (hereinafter referred to as "PII"). [Doc. 45]. PII opposes the motion. For the reasons set forth below, the motion to compel discovery and suggestions in support thereof [Doc. 45] is **GRANTED**.

## I.      BACKGROUND

Plaintiff originally filed his First Amended Petition for Damages in the Circuit Court of Reynolds County, Missouri on November 15, 2024. *See Michael Chapple vs. Polaris Industries, Inc., et al.*, Reynolds County Missouri Case No. 24RE-CC00006. The allegations of the petition relate to injuries that plaintiff is alleged to have sustained when he was injured while operating a Polaris ATV as an employee of Asplundh Tree Experts. [Doc. 10]. Asplundh had allegedly purchased that ATV from Stahlman. *Id.* Polaris Industries, Inc. and Polaris Sales, Inc. (hereinafter referred to as the "Polaris defendants")

filed a Notice of Removal in May 2025 alleging that complete diversity existed to justify removal.  [Doc. 1].

While the action was pending in Reynolds County, Missouri, plaintiff had filed a motion to compel discovery against PII based on PII's numerous objections and failure to completely and fully answer the interrogatories presented.  [Doc. 1-6 at p. 217; Doc. 14]. The motion to compel was not ruled upon by the state court before removal to this federal Court.  Upon removal to this Court, duplicate state court documents were separately docketed in this matter, including, but not limited to, petitions, answers, motions to dismiss, motion for leave to amend, and the motion to compel.  [Docs. 1, 5-14].[1]

On July 2, 2025, this Court issued a Rule 16 Order requiring the parties to submit a joint proposed scheduling plan.  [Doc. 29].  The matter was set for a Rule 16 conference on August 14, 2025.  [*Id.*].  The parties submitted a joint proposed scheduling plan that included, among other things,

> "(iii) The Parties shall make their initial disclosures and exchange documents as required under Federal Rule of Civil Procedure 26(a)(1) by September 1, 2025
>
> …
>
> (vi) The Parties believe that the presumptive limits of ten (10) depositions per side and twenty-five (25) interrogatories per party should apply in this case."

[Doc. 33].

Following the Rule 16 conference, a case management order entered providing for the proposed discovery limits and deadlines.  [Doc. 37].  A subsequent order entered on August

---

[1] Plaintiff's motion to compel from the Reynolds County Missouri state court action was never refiled before this Court.  Rather, the motion to compel was simply docketed as part of the state court record.  [Doc. 14].

14, 2025, that denied as moot the plaintiff's motion to compel that was originally filed in Reynolds County, Missouri "following the entry of the Case Management Order [Doc. 37]." [Doc. 38].

Plaintiff has now filed a motion to compel against PII alleging that PII has failed to totally and completely disclose Rule 26(a)(1) disclosures and has otherwise failed to answer plaintiff's first set of interrogatories to PII with any information other than objections. [Doc. 45].

## II.     LEGAL STANDARD

Rule 33 of the Federal Rules of Civil Procedure provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1).  The Advisory Committee indicates that, "[W]hen a case with outstanding interrogatories exceeding the number permitted by this rule is removed to federal court, the interrogating party must seek leave allowing additional interrogatories, specify which twenty-five are to be answered, or resubmit interrogatories that comply with the rule." Committee Notes, 146 F.R.D. 401, 676.  Rule 37(a)(3)(B)(iii) then allows a party seeking discovery to move a court for an "order compelling an answer, designation, production, or inspection" if the responding party "fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii).

## III.     DISCUSSION

Plaintiff's motion to compel alleges that PII has failed to totally and completely make Rule 26(a)(1) disclosures and has otherwise failed to answer any of plaintiff's first set

3

of interrogatories to PII with any information other than objections. [Doc. 45]. Those interrogatories were issued in this Court following entry of the parties' case management order. PII argues in response that plaintiff has exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure. Specifically, PII argues that plaintiff served 47 interrogatories in state court and now an additional 10 interrogatories in this Court following removal. PII's arguments fail.

When the Polaris defendants removed this action from state court, the parties were in active discovery with plaintiff having noticed a motion to compel PII's answers to interrogatories. That motion to compel was never ruled upon by the state court prior to the case being removed to this Court. When this case was then docketed on this Court's calendar, a Rule 16 Order issued that required the parties to submit a joint proposed scheduling plan including, "(vi) whether the presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a), should apply in this case, and if not, the reasons for the variance from the rules." [Doc. 29 at pp. 3-4]. In response, the parties filed their joint proposed scheduling plan indicating, "(vi) The Parties believe that the presumptive limits of ten (10) depositions per side and twenty-five (25) interrogatories per party should apply in this case." [Doc. 33 at p. 3]. No indication was made by any party (including the Polaris defendants) in the joint proposed scheduling plan or during the Rule 16 conference that plaintiff was going to be limited to something less. The presumptive limitation language was therefore incorporated in the case management order that entered on August 4, 2025. [Doc. 37].

Once the case management order entered, this Court denied as moot plaintiff's pending state court motion to compel answers to written discovery that had been issued in state court.  [Doc. 38].  Generally, an issue is moot when "changed circumstances already provide the requested relief and eliminate the need for court action." *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 791 (8th Cir. 2018) (quoting *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004)).  This Court determined that no court action was necessary on plaintiff's state court motion to compel because the parties had agreed to each party being allowed the presumptive limits for interrogatories without stating any reason for a variance from that rule – and without including any language that would have barred plaintiff from resubmitting interrogatories pursuant to Federal Rules.  Plaintiff resubmitted its first set of interrogatories to PII that complied with the case management order and Rule 33.

Based on the foregoing, this Court grants plaintiff's motion to compel.  [Doc. 45].  PII has twenty-one (21) days to supplement its interrogatory answers.  PII is ordered to answer each interrogatory separately and fully in writing under oath.  Fed. R. Civ. P. 33(b)(3).  Should PII maintain grounds exist for objection, it must state those objections with specificity.  Fed. R. Civ. P. 33(b)(4).  Further, if PII has not yet complied with disclosures required by Rule 26(a)(1), it is ordered to supplement its disclosures within twenty-one (21) days as well.

Should the parties continue to have any disagreement relating to plaintiff's interrogatories or PII's supplemental interrogatory answers and Rule 26(a)(1) disclosures, counsel must meet and confer in person or by telephone in good faith and make reasonable

5

efforts to resolve their disputes.  Local Rule 3.04.  The Court expects the parties to cooperate, act in a civilized manner, and do those things they know they need to do, including timely responses to communications by opposing counsel and a willingness to reasonably discuss and even compromise when the parties are able to do so in keeping with their professional obligations to their clients.  This Court should not have to micromanage the discovery process and will not tolerate gamesmanship.

## IV.    CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Compel Discovery and Suggestions in Support Thereof against defendant Polaris Industries, Inc. [Doc. 45] is **GRANTED.**  Polaris Industries, Inc. shall provide supplemental answers to interrogatories and supplemental Rule 26(a)(1) disclosures within twenty-one (21) days.

**SO ORDERED** this 5th day of March, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE