UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CHAPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-00095-SNLJ |
| | ) | |
| POLARIS INDUSTRIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's Motion for Leave to Dismiss Counts I, II, IV, V, VII, and VIII of the First Amended Complaint. [Doc. 84]. Defendants Polaris Industries, Inc. and Polaris Sales, Inc (collectively the "Polaris defendants") oppose the motion. [Doc. 157]. For the reasons set forth below, the motion is construed as a motion for leave to amend and will be granted.

## I. BACKGROUND

Plaintiff moves to dismiss the claims in counts I, II, IV, V, VII, and VIII of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 41. [Doc. 84]. Plaintiff states that, after the completion of discovery, he evaluated his claims and determined that the facts support his product liability/strict liability claims in counts III, VI, and IX. [Id.]. As a result, he seeks to dismiss the remaining claims to streamline his case. He asserts that dismissing those claims will promote judicial economy and narrow the issues the Court and jury will be asked to decide. [Doc. 136].

The Polaris defendants oppose the motion and argue that the sole purpose of plaintiff's request is to render evidence of comparative fault inadmissible at trial. [Doc. 157].  The Polaris defendants also point out that plaintiff's motion is not governed by Federal Rule of Civil Procedure 41 but instead by Rules 15 and 16, which plaintiff fails to address.  [*Id*.].  Additionally, the Polaris defendants characterize plaintiff's motion as a premature motion in limine intended to preclude certain evidence.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a) provides for voluntary dismissal of an action.  A party seeking to dismiss fewer than all claims must do so by seeking leave to file an amended complaint.  *See Noe v. Harris Stowe State Univ.*, 4:24-CV-56 RLW, 2024 WL 3066018 (E.D. Mo. June 20, 2024).  When a party seeks to amend a pleading after the deadline set in the case management order, Federal Rule of Civil Procedure 16(b) requires a showing of good cause.  *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024); *see also* Fed. R. Civ. P. 16(b)(4) ("A [scheduling order] may be modified only for good cause and with the judge's consent.").  If good cause is established, the court will then consider whether to grant leave to amend under Federal Rule of Civil Procedure 15, which instructs courts to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Under this liberal amendment policy, "[d]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the

amendment, or unfair prejudice to the non-moving party can be demonstrated."

*Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018).

## III. DISCUSSION

Here, plaintiff is neither requesting the dismissal of all claims nor the dismissal of all claims against a particular defendant; as a result, Rule 41 is inapplicable. Instead, leave to amend under Rules 15 and 16 is required before the claims can be dismissed. The Court finds the briefing on the motion to dismiss is sufficient to construe it as a motion for leave to amend.

Regardless of any ulterior motive defendants ascribe to plaintiff, dismissing the six claims will promote judicial economy and narrow the issues the Court and jury will be asked to decide. The Court finds nothing unusual or sinister about plaintiff's decision to streamline his case following the completion of discovery. Therefore, the Court concludes that good cause exists for plaintiff to amend his complaint to dismiss six of his nine claims.

Further, the Court finds no unfair prejudice to the Polaris defendants. In fact, the Polaris defendants filed a motion for summary judgment on all of plaintiff's claims, arguing that he cannot prove the essential elements of those claims. [Doc. 129]. It would be a waste of the parties' time and judicial resources to proceed with claims that plaintiff wants to dismiss and that defendants argue he cannot prove.

In other contexts, courts have recognized that a plaintiff is the master of the complaint. *See Hain Celestial Group, Inc. v. Palmquist*, 607 U.S. 421, 433 (2026) ("The

3

plaintiff is the master of the complaint, and generally has the right to choose whether to proceed in federal or state court. Dismissing a nondiverse party with the plaintiff's consent is consistent with that right.") (cleaned up); *Winfrey v. City of Forrest City, Arkansas*, 882 F.3d 757, 758 (8th Cir. 2018) ("It is well-settled that the plaintiff is the master of [his] complaint.") (cleaned up).  Plaintiff filed the motion to dismiss eleven days after the deadline for completion of discovery, and prior to the deadline for filing dispositive motions.  *See* [Docs. 37, 84].  The Court finds no impropriety in the plaintiff's motion and will allow plaintiff to choose the claims upon which he proceeds.  Therefore, plaintiff will be granted leave to file a Second Amended Complaint, which alleges only the claims currently pled in counts III, VI, and IX of the First Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave to Dismiss Counts I, II, IV, V, VII, and VIII of the First Amended Complaint [Doc. 84] is **GRANTED.** Specifically, plaintiff is granted leave to file a Second Amended Complaint alleging only the claims currently pled as counts III, VI, and IX of the First Amended Complaint.  The Second Amended Complaint shall be filed within seven days.

**SO ORDERED** this 20th day of July, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

4