UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CHAPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00095-SNLJ |
| | ) | |
| POLARIS INDUSTRIES INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a Motion to Compel filed by defendants Polaris Industries, Inc. and Polaris Sales, Inc. (the "Polaris defendants") [Doc. 75]. For the reasons set forth below, the motion is granted.

**I. BACKGROUND**

This lawsuit arises from an incident in which plaintiff rolled an ATV manufactured by Polaris Industries, Inc., became trapped beneath it, and suffered severe burns because the ATV continued running for several hours [Doc. 175]. Plaintiff seeks recovery under Missouri's strict products liability statute, §§ 537.760 RSMo, *et seq*. [*Id.*].

On May 19, 2026, the Polaris defendants filed the instant motion to compel non-party Helmsman Management Services ("Helmsman") to respond to a document subpoena [Doc. 75]. Plaintiff filed a workers' compensation claim through Helmsman [*Id.* at ¶ 2]. The Polaris defendants properly subpoenaed Helmsman for documents related to that claim [Doc. 75-2]. Helmsman's agent, Liberty Mutual, acknowledged receipt of the subpoena [Doc. 75-4]. The deadline to respond was April 24, 2026 [Doc.

75-2]. As of May 19, 2026, the Polaris defendants had received no responsive documents from Helmsman [Doc. 75 at ¶ 5]. As of this date, the Court has not received notice of compliance with the subpoena, and the instant motion is unopposed.

## II. LEGAL STANDARD

"A district court has very wide discretion in handling pretrial discovery." Hill v. Southwestern Energy Co., 858 F.3d 481, 484 (8th Cir. 2017). When a non-party fails to respond to a proper Rule 45 subpoena, the party who served the subpoena may file a motion to compel. *Cent. States, Se. & Sw. Areas Pension Fund v. King Dodge, Inc.*, 4:11-mc-00233-AGF, 2011 WL 2784118, at *2 (E.D. Mo. July 15, 2011). The documents demanded must fall within the scope of Rule 26. *Id*. Rule 26 provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

## III. DISCUSSION

The subpoena was properly issued, served, and noticed [Doc. 75-2]. The workers' compensation documents it demanded fall within the scope of discovery under Rule 26. No party has claimed these documents are privileged. They are relevant to the claim and could make any of the following more or less likely: injury, treatment, causation, and damages. They are also proportional to the needs of the case, as plaintiff seeks considerable damages, including punitive damages, and the Polaris defendants seek only three narrow categories of documents in its subpoena. In addition, they may be presumed to be within Helmsman's control. Instead of denying control, Helmsman represented that it was processing the subpoena [Doc. 75-4].

Accordingly,

**IT IS HEREBY ORDERED** that the Polaris defendants' motion to compel [Doc. 75] is **GRANTED**. Specifically, Helmsman shall produce within 14 days:

1. Documents relating to or concerning, directly or indirectly, Michael Dean Chapple, DOB: June 5, 1961, SSN: xxx-xx-1539, including, but not limited to, claims, reports, investigations, summaries, memorandums, medical records or reports, test results, references, evaluations, files, handwritten notes, disability records or reports, payments, payouts, receipts, accounting records, and any correspondence concerning Michael Dean Chapple.

2. Documents relating to or concerning, directly or indirectly, Mr. Chapple's claim with Helmsman Insurance (Claim No. WC413F40534, with a date of loss June 23, 2020), including, but not limited to, claims, reports, investigations, summaries, memorandums, medical records or reports, test results, references, evaluations, files, handwritten notes, disability records or reports, payments, payouts, receipts, accounting records, and any correspondence concerning Claim No. WC413F40534.

3. Helmsman Management Services LLC's entire file related to Michael Dean Chapple.

**SO ORDERED** this 29th day of September 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE