UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CHAPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00095-SNLJ |
| | ) | |
| POLARIS INDUSTRIES INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a Motion to Compel filed by defendants Polaris Industries, Inc. and Polaris Sales, Inc. (the "Polaris defendants") [Doc. 79]. For the reasons set forth below, the motion is granted in part and denied in part.

**I. BACKGROUND**

This lawsuit arises from an incident in which plaintiff rolled an ATV manufactured by Polaris Industries, Inc., became trapped beneath it, and suffered severe burns because the ATV continued running for several hours [Doc. 175]. Plaintiff seeks recovery under Missouri's strict products liability statute, §§ 537.760 RSMo., *et seq*. [*Id.*].

The Polaris defendants filed the instant motion seeking an order compelling plaintiff's former employer, Asplundh Tree Expert, LLC ("Asplundh"), to supplement its document production in response to the Polaris defendants' November 18, 2025 document subpoena [Doc. 79]. They argue that although Asplundh has produced 632 documents, it has not produced all responsive documents because unproduced responsive documents were referenced during the deposition of Asplundh's Rule 30(b)(6) corporate

representative. Furthermore, they contend that the piecemeal nature of Asplundh's document production demonstrates Asplundh's lack of due diligence in conducting a comprehensive search to identify all responsive documents [Doc. 80 at pp. 3, 4, 16].

The Polaris defendants further seek to compel Asplundh to produce a Rule 30(b)(6) representative adequately prepared to testify on the topics in the Polaris defendants' March 31, 2026, subpoena. They argue that Asplundh failed to provide a sufficient Rule 30(b)(6) representative because, on several occasions, the Polaris defendants' representative claimed not to know the answers to questions about the noticed topics and admitted he had not reviewed documents or interviewed employees [Doc. 80 at p. 17].

Plaintiff opposes the motion, arguing that Asplundh complied with the subpoena [Doc. 87 at ¶ 15]. He also argues that the documents sought are irrelevant [*Id.* at ¶ 20]. He finally argues that the Polaris defendants should not be allowed to conduct discovery after the June 1, 2026, deadline for discovery in the Case Management Order [*Id.* at p. 6].

Additionally, Asplundh filed a memorandum of law opposing the motion [Doc. 92]. Asplundh states that it fully complied with the subpoena and that it is immaterial that the corporate representative's testimony references documents not produced, because no individual at Asplundh could reasonably locate them [*Id*. at p. 4]. Moreover, it argues that documents concerning Asplundh's own investigation, which the Polaris defendants cited as an omission, are not responsive to the subpoena [*Id.* at p. 5]. Finally, it argues that requiring further response would impose an undue cost on Asplundh [*Id*. at p. 7].

As to the sufficiency of the Rule 30(b)(6) representative, Asplundh argues that the

corporate representative was prepared, and that his inability to testify about documents Asplundh could not locate does not render him unprepared [*Id.* at p. 5]. Asplundh also argues that any deficiencies in the corporate representative's testimony are the result of the Polaris defendants' failure to meet and confer before the deposition to address the overly broad nature of the noticed topics [*Id.* at p. 2]. According to Asplundh, the excessively broad scope of the noticed topics prevented the corporate representative from answering certain questions [*Id.*].

Finally, Asplundh argues that the Polaris defendants waived any right to compel further responses by failing to file the instant motion before the close of discovery on June 1, 2026 [*Id.* at p. 9].

In response, the Polaris defendants argue that Asplundh is intentionally withholding plaintiff's termination information to cover for plaintiff both in Asplundh's document production and in failing to prepare a 30(b)(6) representative [Doc. 96]. To support their belief that additional documents exist, the Polaris defendants cite plaintiff's termination form, which indicates that plaintiff was discharged for a "[f]ailed post-accident drug screen" [Doc. 96-1], and the office manager's testimony that plaintiff's drug screen was positive for "methamphetamine" [Doc. 96-2 at 37:6-38:1]. To support their belief that Asplundh is withholding it, the Polaris defendants cite to the office manager's testimony that it would have been easy to find the separation materials [Doc. 96-2 at 95:21-23]. The Polaris defendants insinuate that the withholding is intentional by pointing out the relationship between Asplundh and plaintiff, i.e., Asplundh's regional manager Gregg Chapple is plaintiff's brother and Asplundh's office manager Nancy

Chapple is plaintiff's sister-in-law [Doc. 96 at p. 2]. They argue that information about the plaintiff's termination is relevant to comparative-fault defenses [Doc. 96 at p. 11].

The Polaris defendants also contend that Asplundh waived any objection to the Rule 30(b)(6) deposition topics by failing to comply with the meet-and-confer requirement, which they argue applies equally to Asplundh. They further assert that the overbreadth argument raised by Asplundh is without merit, as the subjects were subsequently narrowed to a single employee [Doc. 96 at pp. 10-11].

Additionally, the Polaris defendants allege that Asplundh has withheld relevant training materials [Doc. 96 at p. 4]. They argue that Asplundh has not produced all of the plaintiff's training records, as the Line Clearance Qualification Standard (LCQS) manual—referenced extensively by the Rule 30(b)(6) representative during his deposition and described as "easily accessible" [Doc. 96-4 at 58:8–10]—should have been included [Doc. 96 at p. 5].

Finally, the Polaris defendants argue that Asplundh failed to show an undue burden and that the case management order contemplates motions to compel after the close of discovery [*Id*. at pp. 5-7, 9].

## II. LEGAL STANDARD

"A district court has very wide discretion in handling pretrial discovery." *Hill v. Southwestern Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017).

### A. Document Subpoena

When a non-party fails to respond to a subpoena that is proper under Rule 45, the party who served the subpoena may file a motion to compel. *Cent. States, Se. & Sw.*

*Areas Pension Fund v. King Dodge, Inc.,* No. 4:11MC00233 AGF, 2011 WL 2784118, at *2 (E.D. Mo. 2011). The documents demanded must be within the scope of Rule 26. *Id.* Rule 26 states:

> parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 26(b)(1).

**B. Rule 30(b)(6) Representative**

A party may move to compel for failure to comply with Rule 30(b)(6). *Carlson, Inc. v. Int'l Bus. Machines Corp.,* No. 10-3410 (JNE/TNL), 2011 WL 13135645, at *3 (D. Minn. Nov. 7, 2011). Rule 30(b)(6) states:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization. This ¶ (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6).

## III. DISCUSSION

**A. Preliminary Matters**

The November 18, 2025 document subpoena was issued, served, and noticed properly under Rule 45 [Doc. 70-1]. The case management order does not bar the Polaris defendants from being heard on this motion because it provides that "[m]otions to compel shall be pursued. . . no . . . more than eleven (11) days following the discovery deadline" of June 1, 2026 [Doc. 37 at ¶ 3(g)]. The Polaris defendants filed this motion within that period.

**B. Document Subpoena**

***1. Termination Records***

The termination documents are within the scope of discovery under Rule 26. No party has claimed these documents are privileged. Plaintiff contends that they are irrelevant because he is bringing a strict liability claim [Doc. 87 at ¶ 20]. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *See* Fed. R. Evid. 401.

Here, termination records reflecting that plaintiff was terminated for failing a drug screening make it more probable that plaintiff was operating the ATV while under the influence of drugs. Even in a strict liability action under §§ 537.760 RSMo., *et seq.,* that fact may be of consequence to the causation element in § 537.760(3) (plaintiff must have been damaged "as a direct result" of the defective condition or the absence of the warning rather than something else) or to the limited menu of comparative fault affirmative defenses in §537.765.3, which include among others "failure to use the product as reasonably anticipated by the manufacturer" and "failure to undertake the precautions a

reasonably careful user of the product would take to protect himself against dangers which he would reasonably appreciate under the same or similar circumstances."

Asplundh contends that the documents are not proportionate to the needs of the case, specifically citing a burden [Doc. 92 at p. 7]. According to Asplundh, document production is burdensome because it involves "multiple departments across the company, each with their own records, personnel, and document-retention practices" [*Id.* at p. 3]. Asplundh argues that to the extent these documents exist, they are "in outdated systems that are no longer in use and require tremendous effort to identify" [*Id.* at p. 7].

However, burden in this context cannot be shown by "conclusory statements." *In re Whatley v. Canadian Pac. Ry. Ltd.,* 1:16-cv-74, 2021 WL 1951003, at *5 (D.N.D. May 14, 2021). Asplundh does not identify the outdated systems or provide an estimate of how long this would take. Any burden that may exist must be weighed against the "likely benefit of the discovery," which here may be to corroborate the termination form. It must also be considered in conjunction with other factors, among them the amount in controversy, which in this case includes punitive damages, and the parties' relative access to relevant information; here, only plaintiff and Asplundh know the circumstances of plaintiff's departure from Asplundh. Furthermore, if the other documents are anything like the separation form, then the deposition testimony of Asplundh's office manager suggests that they may be easy for Asplundh to access [Doc. 96-2 at 95:18-23].

Asplundh contends that it cannot locate these documents [Doc. 92 at p. 4]. Polaris defendants counter that Asplundh only spent one day looking for them, as suggested by the corporate representative's testimony, with the implication being that Asplundh could

find them if it looked longer [Doc. 96 at p. 4].

It is true that Asplundh "cannot be compelled to produce what [it] do[es] not have." *Bell v. Jefferson Cnty. Sheriff Dep't,* 4:21-cv-00061-AGF, 2022 WL 2354897, at *1 (E.D. Mo. June 30, 2022). However, the Court is not convinced that Asplundh lacks additional documents regarding plaintiff's separation from the company. Asplundh must certainly have had them at some point. The last-minute production of the termination form raises an eyebrow, and so terse is that document on a matter so significant that it suggests other documents would naturally have accompanied it in an employer's files. To the extent Asplundh has further documents, it must produce them.

***2. Training Records***

The training records the subpoena demanded are within the scope of discovery under Rule 26. No party has claimed these documents are privileged. Plaintiff contends that they are irrelevant because he is bringing a strict liability claim [Doc. 87 at ¶ 20]. However, records reflecting that Asplundh trained plaintiff poorly would make it more probable that plaintiff did not handle the Subject ATV properly before and during the incident, either of which could bear on causation and comparative fault much like the termination records.

Training materials are also proportional to the needs of the case. The likely benefit here differs, but otherwise the same analysis applies as for the termination records. Burden arguments are difficult when the Rule 30(b)(6) representative has testified that Asplundh could "pull for [Polaris] all of Mr. Chapple's training" if Polaris wanted it to [Doc. 79-4 at 48:19-49:9].

Finally, the Court is even more convinced that Asplundh has the training records than it was that Asplundh had the separation records because the Rule 30(b)(6) representative testified so extensively about the LCQS, which he called "easily accessible" [Doc. 79-4 at 58:8-10].

***3. Internal Investigation***

To the extent that the Polaris defendants seek Asplundh's internal investigation documents, Asplundh need not produce them in response to this Order, as the Polaris defendants did not include them in the subpoena categories, unless they also fall within a subpoena category.

**C. Rule 30(b)(6) Representative**

Rule 30(b)(6) imposes a meet and confer requirement: "Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." No meeting or conference took place here. Both parties cite this fact in their favor [Docs. 92 at p. 2, 96 at p. 9]

"The party who is claiming the benefit of the discovery rule bears the burden of showing that he is entitled to it." *Osborn v. United States,* 918 F.2d 724, 731 (8th Cir. 1990) (cleaned up). The Polaris defendants claimed the benefit of a Rule 30(b)(6) deposition and now claim the benefit of another one. Therefore, it was incumbent upon the Polaris defendants to ensure they met and conferred with Asplundh, and not vice versa. Because they have not, the Court declines to compel an additional deposition.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [Doc. 79] is

**GRANTED in part and DENIED in part** as set forth herein.

**IT IS FURTHER ORDERED** that the motion to compel [Doc. 79] is **GRANTED** as to the Asplundh document subpoena, and Asplundh is **ORDERED** to search for and produce the following within **14 days**:

> Michael Dean Chapple's training and orientation materials, including the Line Clearance Qualification Standard (LCQS); and
>
> Michael Dean Chapple's separation and/or termination records, including all material on his electronic records portal and all material related to the discharge for failed drug screening.

**IT IS FURTHER ORDERED** that all other relief requested in the motion to compel [Doc. 79] is **DENIED**.

**SO ORDERED** this 29th day of September, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE