UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CHAPPLE, Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00095-SNLJ |
| POLARIS INDUSTRIES INC., *et al.*, Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Quash Second Document Subpoena to Asplundh Tree Expert, LLC [Doc. 86] and Non-party Asplundh Tree Expert LLC's Objections to Polaris Industries Inc.'s Notice of Intent to Serve Second Document Subpoena, Motion to Quash, and for Protective Order [Doc. 90]. For the reasons set forth below, plaintiff's motion is denied and Asplundh's motion is denied in part and granted in part.

## I. BACKGROUND

This lawsuit arises from an incident in which plaintiff rolled an ATV manufactured by Polaris Industries, Inc., became trapped beneath it, and suffered severe burns because the ATV continued running for several hours [Doc. 175]. Plaintiff seeks recovery under Missouri's strict products liability statute, §§ 537.760 RSMo, *et seq*. [*Id.*].

The Polaris defendants served a document subpoena on Asplundh Tree Expert, LLC on June 1, 2026 [Doc. 86-1]. It seeks records related to Asplundh's substance abuse policy, plaintiff's termination, Asplundh's internal investigation, and more [Doc. 86-1].

This was Polaris defendants' second document subpoena on Asplundh and third total subpoena.

The Case Management Order ("CMO") orders that "[t]he parties shall complete all discovery in this case no later than June 1, 2026" [Doc. 37, ¶ 3(f)]. The Court has amended the CMO [Doc. 62] but not this aspect.

On June 12, 2026, Plaintiff filed his motion to quash [Doc. 86]. In it, plaintiff argues that the CMO bars the Polaris defendants' subpoena [Doc. 86, pp. 1-2]. Also on June 12, 2026, Asplundh filed its motion to quash, which also sought a protective order and functioned to object to the subpoena [Doc. 90]. In its memorandum of law, Asplundh argues that the June 1, 2026, subpoena seeks material duplicative to that sought by the earlier subpoena and confidential commercial information [Doc. 91, ¶¶ 6, 10, p. 5]. It also argues that compliance with the June 1, 2026, subpoena would be burdensome [Doc. 91, 4].

On June 26, 2026, the Polaris defendants responded to plaintiff [Doc. 103]. They argue that plaintiff lacked standing to move to quash [Doc. 103, pp. 3-4]. They also argue that they needed to subpoena on the close of discovery because it had only become apparent twelve days earlier on May 20, 2026, that Asplundh had failed to produce documents and that there was a new angle to the case [Doc. 103, pp. 4-5]. The deposition of office manager Nancy Chapple on May 20, 2026, suggested to Polaris that Asplundh had additional documents it had failed to produce on termination, electronic training records, internal instigation file, policies on after-market modifications [Doc. 103, pp. 4-5]. Asplundh's production of a termination notice bearing plaintiff's name and stating

"Discharged" and "Failed post-accident drug screen" [Doc. 96-1] came on that same date [Doc. 103, p. 4].

Also on June 26, 2026, the Polaris defendants responded to Asplundh [Doc. 104]. In that filing they argue that Asplundh failed to offer evidence of undue burden and support for the notion that the Line Clearance Quality Standards (LCQS) is confidential commercial information [Doc. 104, p. 5]. They also argue that to the extent the second subpoena seeks overlapping material, Asplundh waived any objection to categories in the first subpoena and also failed to produce all documents responsive to the first subpoena [Doc. 104, p. 6]. They finally argue that it would be inequitable to say that the Polaris defendants should have discovered Asplundh's withholding earlier in order to re-subpoena Asplundh earlier [Doc. 104, pp. 10-11].

On July 6, 2026, plaintiff replied [Doc. 135]. He argued that the court should restrict evidence on the termination for drug use because Local Rule 5.04 says, "[f]ailure to comply with the CMO may result in . . . restrictions on the admissibility of evidence" [Doc. 135, p. 3]. He also argued that the discovery the Polaris defendants seek from Asplundh is irrelevant because the alleged cause of injury is the continued running of the engine after rollover, not the events leading to rollover [Doc. 135, pp. 5-7]. He finally attacked the evidence of plaintiff's drug use, the termination form [Doc. 96-1] and DOT drug screening results from the Mercy Hospital Medical records [Doc. 135, pp. 7, 9-10].

## II. DISCUSSION

"[M]otions to quash or modify subpoenas, or for protective orders governing subpoenas, must be made by the person subpoenaed unless the objecting party has a

personal right or privilege regarding the subpoena's subject matter." *Jason M. Hatfield, P.A. v. Ornelas,* No. 5:22-CV-5110, 2023 WL 3863333, at *1 (W.D. Ark. June 7, 2023) (citing cases). Plaintiff is not the person subpoenaed, so plaintiff lacks standing to move to quash.

The Case Management Order ("CMO") orders that "[t]he parties shall complete all discovery in this case no later than June 1, 2026" [Doc. 37, ¶ 3(f)]. The day of June 1, 2026, is included in the period in which the parties shall complete discovery because of the language "no later than." However, for a party serving a subpoena to "complete all discovery" no later than June 1, 2026, that party must serve a subpoena with a response date no later than June 1, 2026. Here, the date by which the subpoena sought response was June 22, 2026 [Doc. 91-2]. Therefore, it was untimely.

It makes no difference that the Polaris defendants emailed the subpoena to Asplundh on May 29, 2026. The relevant date for the purposes of "complet[ion]" of discovery is the response date.

The questions are whether Asplundh's withheld, and whether that withholding excused the Polaris defendants from issuing the subpoena within the discovery period.

"A party responding . . . to a document subpoena under [Rule] 45 must produce material in its possession, custody, or control, to the extent such material is otherwise relevant and discoverable." *Maritz Holdings Inc. v. Certain Underwriters at Lloyd's London Subscribing to Pol'ys Numbered B122f10115115 & F10115116,* No. 4:18-CV-00825 SEP, 2020 WL 6582662, at *2 (E.D. Mo. Nov. 10, 2020).

It seems that Asplundh failed to produce complete termination records, training records, accident-investigation file, and internal policies on modification [Doc. 104, 10].

Plaintiff argues that material on what could or should have been done prior to the rollover is irrelevant because the issue is whether the continued running of the engine after the ATV had rolled over was unreasonably dangerous. However, an analysis of causation under Missouri strict liability law is not limited to consideration of the last event before injury. This is because a theory of strict liability in Missouri requires proximate cause, *C.C. v. Suzuki Mfg. of Am. Corp.,* No. 4:16CV01271 ERW, 2018 WL 3861355, at *6 (E.D. Mo. Aug. 14, 2018), and a "proximate cause is not always nor generally the act or omission nearest in time or place to the effect it produces." *Union Pac. Ry. Co. v. Callaghan,* 56 F. 988, 991 (8th Cir. 1893), *aff'd,* 161 U.S. 91, 16 S. Ct. 493, 40 L. Ed. 628 (1896). The proximate cause here may be the continued running of the engine, or it may be something that happened prior to rollover. Perhaps it is a question for a jury. In any event, the Court is unwilling to hold the material at issue irrelevant, at least at this juncture. As such, the material Asplundh failed to produce was presumptively relevant and discoverable.

However, Asplundh's failure does not excuse the Polaris defendants' untimely subpoena. First, the Polaris defendants did not cite a case to support the notion that there exists such an excuse or defense in this situation. Second, they can only point to four things Asplundh failed to produce. Third, the Polaris defendants could have discovered Asplundh's failure to produce them sooner. They could have done this by issuing the first subpoena sooner and conducting the office manager deposition and corporate

representative deposition sooner. The Polaris defendants argue that to require them to have discovered Asplundh's failure earlier is inequitable. However, a party should account for resistance in its discovery plans, regardless of whether that resistance is due. A party can be charged with knowing the rule that another's "failure to comply [will] not excuse [it] from meeting its discovery obligations." *Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.,* No. 3:16-CV-00024-CHB, 2021 WL 1062553, at *20 (W.D. Ky. Mar. 19, 2021). Finally, the Court has already partially granted the Polaris defendants' timely motion to compel, which seeks two of the same categories of document as the subpoena. This limits the effect of the argument the Polaris defendants find inequitable.

Because the Polaris defendants were not excused to serve an untimely subpoena, the Court will grant Asplundh's motion to quash. However, Asplundh must still produce pursuant to the Order to Compel, with the result that Asplundh need produce what the order compels and need not produce all that the second subpoena seeks that is not also compelled by the order.

It is true that Rule 45 does not list timeliness of the subpoena as a ground to quash. However, the court quashes from its inherent power to sanction, mentioned in local rule 5.04 and the CMO itself [Doc. 37], because of Polaris defendants' failure to comply with the CMO.

Plaintiff suggests as an alternative remedy the restrictions on the admissibility of plaintiff's drug use and termination for drug use as a sanction for violating the CMO [Doc. 135, p. 3]. The Court views this as a non-sequitur for an untimely subpoena. Furthermore, "[i]t is premature during the discovery stage to make what is essentially an

evidentiary ruling. *Ostrander by Ostrander v. Cone Mills, Inc.,* 119 F.R.D. 417, 420 (D. Minn. 1988). Finally, quashing the subpoena is also more proportional than that, given Asplundh's imperfect compliance with the first subpoena and whatever good faith confusion the parties had about the CMO deadline.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Quash Second Document Subpoena to Asplundh Tree Expert, LLC [Doc. 86] is **DENIED.**

**IT IS FURTHER ORDERED** that Non-party Asplundh Tree Expert LLC's Objections to Polaris Industries Inc.'s Notice of Intent to Serve Second Document Subpoena, Motion to Quash, and for Protective Order [Doc. 90] is **GRANTED in part and DENIED in part** as set forth herein.

**IT IS FURTHER ORDERED** that the motion to quash [Doc. 90] is **GRANTED** so as to quash the second document subpoena dated June 1, 2026 [Doc. 86-1], except to the extent inconsistent with the Order to Compel, and Polaris defendants are **ENJOINED** from enforcing it.

**IT IS FINALLY ORDERED** that all other relief requested in Asplundh's motion [Doc. 90] is **DENIED**.

**SO ORDERED** this 29th day of September, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE