UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CHAPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00095-SNLJ |
| | ) | |
| POLARIS INDUSTRIES INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Quash Notice of Non-party Video Deposition of Peter J. Phaneuf and Related Subpoena [Doc. 89]. For the reasons set forth below, the motion is denied.

**I. BACKGROUND**

This lawsuit arises from an incident in which plaintiff rolled an ATV manufactured by Polaris Industries, Inc., became trapped beneath it, and suffered severe burns because the ATV continued running for several hours [Doc. 175]. Plaintiff seeks recovery under Missouri's strict products liability statute, §§ 537.760 RSMo, *et seq*. [*Id.*].

Peter Phaneuf is the plaintiff from a lawsuit against the Polaris defendants arising out of a very similar injury [Doc. 89 at ¶ 8]. On January 29, 2026, plaintiff supplemented his Rule 26 disclosures to include Phaneuf [Doc. 89 at ¶ 11]. On June 1, 2026, the Polaris defendants served a subpoena on Phaneuf for a June 18, 2026, deposition [Doc. 89 at ¶ 19]. The Case Management Order sets a "presumptive limit[] of ten (10) depositions per side" [Doc. 37 at ¶ 3(d)]. The deposition of Phaneuf would be the Polaris

defendants twelfth deposition [Doc. 89 at ¶ 21].

On June 12, 2026, plaintiff filed the instant motion [Doc. 89]. In it he argues that the subpoena should be quashed as untimely and seeking a deposition in excess of the limit [Doc. 89].

On June 25, 2026, the Polaris defendants filed a response in opposition [Doc. 98]. They argue that Chapple failed to show any of the Rule 45 grounds to quash [Doc. 98, p. 7]. They also argue that they would have subpoenaed earlier had plaintiff not gatekept Phaneuf's information [Doc. 98 at pp. 3, 8]. Finally, they argue that there is good cause to modify the CMO and grant leave to depose Phaneuf [Doc. 98 at pp. 9-12].

On July 6, 2026, plaintiff filed a reply [Doc. 134]. He argues that the Polaris defendants should have disclosed information about the Phaneuf lawsuit to him rather than vice versa [Doc. 134 at ¶ 3]. He also explains why he was not able to convey all of Phaneuf's information [Doc. 134 at ¶s 3-13].

Although the date on which Phaneuf was to be deposed has passed, the Court has received no notice that the deposition occurred nor that the issue is moot.

## II. LEGAL STANDARD

"A district court has very wide discretion in handling pretrial discovery." Hill v. Southwestern Energy Co., 858 F.3d 481, 484 (8th Cir. 2017). It "has especially wide latitude in deciding whether to quash a subpoena issued to a nonparty." *Memhardt v. Nationstar Mortg., LLC,* No. 4:17-CV-01411-AGF, 2018 WL 705052, at *2 (E.D. Mo. Feb. 5, 2018).

"On timely motion, the court for the district where compliance is required must

quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden."

Rule 45(d)(3).

The CMO provides that, "[t]he presumptive limit[] of ten (10) depositions per side as set forth in Rule 30(a)(2)(A) . . . shall apply" [Doc. 37 at ¶ 3(d)]. It also provides that, "[t]he parties shall complete all discovery in this case no later than June 1, 2026" [Doc. 37 at ¶ 3(f)].

## III. DISCUSSION

Here, plaintiff failed to show a Rule 45(d)(3) ground to quash. He did not show a lack of "reasonable time to comply," a "geographical" problem, a "disclosure of privilege," an "undue burden," a "trade secret" disclosure, or an unretained or unsolicited "expert' opinion." Rule 459(d)(3).

However, this Court may quash the subpoena because it is untimely. The Court has recently held in this case that a subpoena is untimely not only if issued after the deadline but also seeking information with a response date after the deadline. The subpoena here sought a deposition on June 18, 2026. Parties were to "complete all discovery in this case no later than June 1, 2026" [Doc. 37 at ¶ 3(f)]. Therefore, the subpoena is untimely and violates the CMO. It also aims to violate the CMO by seeking a deposition in excess of the limit of "ten (10) depositions per side" [Doc. 37 at ¶ 3(d)].

Nevertheless, it seems that plaintiff did not include Phaneuf's phone number and

residential address in its supplemental Rule 26(a)(1) disclosures [Doc. 98 at p. 3]. Plaintiff explains that he did not have Phaneuf's residential address and he did not provide Phaneuf's phone number because Phaneuf's counsel or former counsel only gave it to plaintiff on the condition that plaintiff not share it with the Polaris defendants on account of Phaneuf's severe depression and diagnosed PTSD [Doc. 134 at ¶s 5-6]. Rule 26(a)(1) states that,

> "a party must, without awaiting a discovery request, provide to the other parties:
>> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;"

Rule 26(a)(1). Rule 26(e)(1) makes this obligation continuing when it states,

> "A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing;"

Plaintiff may not have known Phaneuf's address, but he admits he knew Phaneuf's phone number. That is enough to have triggered the Rule 26(a)(1) obligation to disclose. Plaintiff was not at liberty to withhold the phone number or appoint himself as an intermediary in lieu of disclosing the phone number. And when a party fails to disclose pursuant to Rule 26(a) "the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson,* 527 F.3d 687, 692 (8th Cir. 2008).

It also seems that the Polaris defendants made a diligent effort to reach Phaneuf.

The Polaris defendants had 123 days to contact and depose Phaneuf from the January 29, 2026, supplemental disclosure before the close of discovery on June 1, 2026. They made their first effort on March 2, 2026, by emailing plaintiff's counsel, who had represented themselves as intermediaries [Doc. 66-2]. A period of thirty-two days was not an unreasonable time to let elapse, especially since the Polaris defendants did not then know there was anything awry with the address provided. From then on, Polaris defendants made various efforts to reach Phaneuf through plaintiff's counsel, process servers, and Garney.

In light of these circumstances, the Court will decline to use its inherent power to quash the subpoena. But because the June 18, 2026, date of deposition has passed, for the Court's order today to have any effect, there must be an extension of time to depose Phaneuf. Therefore, the Polaris defendants will be given 21 days to depose Phaneuf.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Quash Notice of Non-party Video Deposition of Peter J. Phaneuf and Related Subpoena [Doc. 89] is **DENIED.**

**IT IS FURTHER ORDERED** that the Polaris defendants have 21 days to depose Peter J. Phaneuf, and that the Case Management Order [Docs. 37, 62] is **SUPERSEDED** to the extent inconsistent with this order.

**SO ORDERED** this 2nd day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE