UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CHAPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00095-SNLJ |
| | ) | |
| POLARIS INDUSTRIES INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Exclude Plaintiff's Expert Jody Knowles or, in the Alternative, Amend the Case Management Order filed by defendants Polaris Industries, Inc. and Polaris Sales, Inc. (the "Polaris defendants"). [Doc. 81]. For the reasons set forth below, the motion to exclude is granted in part and denied in part.

## I. BACKGROUND

This lawsuit arises from an incident in which plaintiff rolled an ATV manufactured by Polaris Industries, Inc., became trapped beneath it, and suffered severe burns because the ATV continued running for several hours. [Doc. 175]. Plaintiff seeks recovery under Missouri's strict products liability statute, §§ 537.760 RSMo, *et seq*. [*Id.*].

The Polaris defendants filed the instant motion to exclude plaintiff's expert, Jody Knowles, due to untimely disclosure. [Doc. 82 at p. 4]. They also seek an amendment of the case management order ("CMO") alleging that plaintiff obstructed discovery by withholding contact information in his initial disclosures, withdrawing his HIPAA authorization, and producing documents late that affect the direction of discovery and

because plaintiff wishes to depose a corporate representative for Polaris. [*Id.* at pp. 7-11].

Plaintiff opposes the motion, arguing that Knowles is a rebuttal expert witness and that his disclosure was timely under Federal Rule of Procedure 26(a)(2)(D) because the CMO was silent regarding rebuttal expert disclosure. [Doc. 88 at ¶¶ 13, 15]. Under this Rule, plaintiff argues he had 30 days from the deadline for Polaris defendants to disclose their expert witnesses, which was March 24, 2026 [Doc. 62 at ¶ 2]. Plaintiff further argues that the Polaris defendants were not prejudiced by the timing of the disclosure because they knew of Knowles from the Phaneuf Lawsuit and Supplemental Disclosure and because they are not entitled to a sur-rebuttal. [*Id.* at ¶¶ 4, 6, 17]. Finally, plaintiff argues that the Polaris defendants could have completed discovery in a timely fashion and that their accusations of obstruction are untrue. [*Id.* at pp. 8-13].

In their reply brief, the Polaris defendants argue that the CMO applied to the disclosure of all expert witnesses, including rebuttal experts. [Doc. 97 at p. 2]. They also argue that plaintiff's designation of Knowles as a fact witness made it impractical to complete discovery before the CMO's deadline. [*Id.* at p. 4]. Finally, they argue that amending the CMO will not prejudice plaintiff because he claims to have completed discovery and that any amendment would not delay the trial date. [*Id.* at p. 5].

## II. LEGAL STANDARD

### A. Rebuttal Experts

A rebuttal expert is one who "explain[s], repel[s], counteract[s] or disprove[s] evidence of the adverse party." *Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 748, 759

(8th Cir. 2006). An expert who "establish[es] a case-in-chief" is not a rebuttal expert. *Kar v. Safeco Ins. Co. of Am.,* No. 4:23-CV-207 HEA, 2025 WL 2305773, at *9 (E.D. Mo. Aug. 8, 2025).

**B. Striking for Untimeliness**

Under Federal Rule of Civil Procedure 26(a),

> A party must make [expert] disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
> . . .
>> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Rule 26(a)(2)(D). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1). The Court considers a variety of factors when imposing a sanction under Rule 37(c), including the following:

> "[T]he reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony, and may consider as well whether a continuance would effectively cure the prejudice."

*Acad. Bank, N.A. v. AmGuard Ins. Co.,* 116 F.4th 768, 783 (8th Cir. 2024) (cleaned up).

## III. DISCUSSION

Defendant argues that Knowles is not a rebuttal expert [Doc. 82 at p. 5]. Plaintiff argues he is [Doc. 88 at ¶ 15].

The Court finds that Knowles offers a mix of rebuttal and nonrebuttal testimony. Of Knowles' ten conclusions, five do not even purport to respond to the conclusions of

Polaris experts [Doc. 81-3 conclusions 6-10]. And three that do would make sense plaintiff's case in chief [Doc. 81-3 conclusions 1, 2, 4]. "A party may not offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief." *Timber Pines Plaza, LLC v. Kinsale Ins. Co.,* 192 F. Supp. 3d 1287, 1291 (M.D. Fla. 2016).

The Court finds that Knowles's only rebuttal testimony is his conclusion that ANSI/SVIA and CPSC regulations set only minimum standards [Doc. 81-3 conclusion 3] and his conclusion that a tilt sensor does not increase the chance of shut off at a critical time if programmed for a certain angle and delay [Doc. 81-3 conclusion 5]. Regarding the first, it would make no sense to make a minimizing clarification about ANSI/SVIA and CPSC regulations in a case in chief because the Polaris defendants would not yet have claimed ANSI/SVIA and CPSC compliance. Regarding the second, it would make no sense to claim that tilt sensors only work at appropriate times until the Polaris defendants attack tilt sensors as potentially overactive, which they will do only in response to plaintiff endorsement of tilt sensors.

Because Knowles offers rebuttal and nonrebuttal testimony, the Court will consider him a rebuttal expert, but the question then becomes whether the disclosure of Knowles was timely.

That depends on which deadline applies. Plaintiff disclosed Knowles as an expert witness on April 22, 2026. The CMO deadline for disclosure was "no later than November 14, 2025." If the CMO deadline applies, the disclosure was untimely and should be stricken unless "substantially justified" or "harmless" under Rule 37(c)(1). The

Rule 26(a)(2)(D) deadline for rebuttal experts was April 23, 2026, being "30 days after the other party's disclosure" on March 24, 2026. Rule 26(a)(2)(D). If the Rule 26(a)(2)(D) deadline applies, the disclosure was timely and should not be stricken.

The Polaris defendants argue that the CMO deadline applies to the disclosure of all experts [Doc. 97, p. 2]. Plaintiff argues that Rule 26(a)(2)(D) applies because the CMO was silent as to rebuttal experts. [Doc. 88, ¶¶ 13, 15].

"Most federal courts addressing the issue have concluded that, when a scheduling order is silent on the issue of designation of a rebuttal expert, the rebuttal expert is allowed based on Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure." *Know How, LLC v. Federated Mut. Ins. Co.,* No. 8:21CV130, 2022 WL 13823461, at *1 (D. Neb. Oct. 21, 2022) (quoting Buhr Bros., Inc. v. Michaelis, No. CIV 12-3014-RAL, 2013 WL 1501571 at *2 (D.S.D. Apr. 11, 2013)).

This Court finds that the Rule 26(a)(2)(D) deadline applies, and the disclosure was timely and should not be stricken.

Even if the CMO applied, the untimeliness would be "harmless" under the *Academy Bank* factors. The only *Academy Bank* factor discussed by the parties is the prejudice one. It seems the only prejudice is that the Polaris defendants had no opportunity to depose Knowles [Doc. 82 at p. 6]. But this prejudice can be eliminated by giving the Polaris defendants an opportunity to depose Knowles, and that is just what the Court will do. The CMO is amended for this purpose alone.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Exclude Plaintiff's Expert Jody Knowles or, in the Alternative, Amend the Case Management Order [Doc. 81] is **GRANTED** in part and **DENIED** in part**.**

**IT IS FURTHER ORDERED** that the Polaris defendants shall have 21 days from today to depose Jody Knowles, and that the CMO [Docs. 37, 62] is **SUPERSEDED** to the extent inconsistent with this order.

**IT IS FINALLY ORDERED** that all other relief requested in the Polaris defendants' motion [Doc. 81] is **DENIED**.

**SO ORDERED** this 2nd day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE