UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CHAPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00095-SNLJ |
| | ) | |
| POLARIS INDUSTRIES INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Untimely Supplemental Disclosures of Anticipated Expert Testimony and to Exclude Expert Witnesses [Doc. 94]. For the reasons set forth below, the motion is denied.

**I. BACKGROUND**

This lawsuit arises from an incident in which plaintiff rolled an ATV manufactured by Polaris Industries, Inc., became trapped beneath it, and suffered severe burns because the ATV continued running for several hours [Doc. 175]. Plaintiff seeks recovery under Missouri's strict products liability statute, §§ 537.760 RSMo., *et seq*. [*Id.*].

The Case Management Order ("CMO"), as amended, ordered that "[d]efendants shall disclose all expert witnesses and provide a summary of their opinion no later than March 24, 2026 [Doc. 62 at ¶ 2]. It also ordered that "[t]he parties shall complete all discovery in this case no later than June 1, 2026 [Doc. 37 at ¶ 3(f)]. On June 5, 2026, the Polaris defendants made Supplemental Disclosures of Anticipated Expert Testimony [Doc. 95-1]. In it the Polaris defendants disclose Dr. Jamie McAllister and Dr. Scott

Galligos, who will testify to the effect of drugs on the incident the drug screen/test given at Mercy Hospital and [Doc. 95-1].

On June 17, 2026, plaintiff filed this motion [Doc. 94]. In his contemporaneous memorandum of support, he argues that the Polaris defendants' supplemental disclosure of experts should be stricken and the testimony of their experts excluded due to untimeliness and the irrelevance of their likely testimony [Doc. 95 at ¶¶ 5, 10].

On July 1, 2026, the Polaris defendants filed a response in opposition [Doc. 132]. They argue that there is good cause under the *Wegener* factors to extend the discovery deadline and include their supplemental experts [Doc. 132 at p. 7]. *See Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (containing the same factors as *Acad. Bank, N.A. v. AmGuard Ins. Co.,* 116 F.4th 768, 783 (8th Cir. 2024), *reh'g denied,* No. 23-1375, 2024 WL 4499662 (8th Cir. Oct. 16, 2024)). For one factor, they allege that plaintiff and Asplundh made a false representation about the end of his employment and withheld documents about plaintiff's termination for a failed drug screen [Doc. 132 at p. 3, 4, 8]. They also argue that they did seek leave of the Court to make these supplemental disclosures by seeking to amend the CMO in their motion to exclude the testimony of Jody Knowles [Docs. 81, 82] [Doc. 132 at p. 13].

On July 9, 2026, plaintiff replied in support of his motion [Doc. 138]. He repeats many of the same arguments and disputes the evidence of termination [Doc. 138 at p. 8]. He also argues he did not selectively withhold the DPT drug screening records [Doc. 138 at pp. 13-14].

## III. LEGAL STANDARDS

"A party must make [expert] disclosures at the times and in the sequence that the court orders." Federal Rule of Civil Procedure 26(a)(2)(D).

The Court ordered expert disclosures "no later than March 24, 2026" and the "complet[ion]" of discovery "no later than June 1, 2026" [Doc. 62 at ¶ 2, Doc. 37 at ¶ 3(f)].

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Rule 37(c)(1).

> "In imposing a sanction under Rule 37(c), a district court should consider a variety of factors, including (A) the reason for noncompliance, (B) the surprise and prejudice to the opposing party, (C) the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and (D) the importance of the information or testimony, and may consider as well (E) whether a continuance would effectively cure the prejudice."

*Acad. Bank, N.A. v. AmGuard Ins. Co.,* 116 F.4th 768, 783 (8th Cir. 2024), *reh'g denied,* No. 23-1375, 2024 WL 4499662 (8th Cir. Oct. 16, 2024) (cleaned up and letters added).

## IV. DISCUSSION

The Polaris defendants failed to make their expert disclosures of Drs. McAllister and Galligos at the times the Court ordered in the CMO. Even though the CMO ordered

expert disclosures "no later than March 24, 2026" and the close of discovery "no later than June 1, 2026," the Polaris defendants made these disclosures on June 5, 2026. In so doing, the Polaris defendants violated Rule 26(a)(2)(D).

The only question then is whether that failure was "substantially justified" or "harmless" under Rule 37(c)(1). The Court finds it was, analyzing the question under the *Academy Bank* factors. The Polaris defendants argue the reason for their noncompliance is that plaintiff and Asplundh prevented them from learning about evidence of plaintiff's termination for drug use until it was too late to comply [Doc. 132 at pp. 4, 8]. The Polaris defendants first had a reason to engage and thus disclose an expert on the subject of plaintiff's drugs in January 2026, when Mercy Hospital produced medical records that included the drug screen [Doc. 132 at p. 4]. On the one hand, that still gave Polaris four months to do so before the close of discovery. On the other, four months during litigation is not much time to process a production of 500+ documents and secure an expert, something that the Polaris defendants might still not have been convinced was necessary until corroboration came on May 21, 2026, when Asplundh produced the "Discharge" for "Failing a post-accident drug screen" [Doc. 96-1]. Furthermore, any prejudice would be limited, as Court will allow plaintiff time to depose McAllister and re-depose Galligos [Doc. 132 at p. 9]. Nothing indicates the inclusion of these experts would disrupt the order and efficiency of trial. Finally, their testimony supports the Polaris defendants' comparative fault and mitigation defenses [Doc. 132 at pp. 9, 11].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Untimely Supplemental Disclosures of Anticipated Expert Testimony and to Exclude Expert Witnesses [Doc. 94] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff shall have 21 days from today to depose Scott Galligos and Jame McAllister, and that the CMO [Docs. 37, 62] is **SUPERSEDED** to the extent inconsistent with this order.

**SO ORDERED** this 2nd day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE