UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CHAPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00095-SNLJ |
| | ) | |
| POLARIS INDUSTRIES INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Polaris Sales Inc.'s Motion for Summary Judgment [Doc. 129] and Motion to Dismiss [Doc. 183] under the Missouri innocent seller statute § 537.762 RSMo. Plaintiff filed responses in opposition, and the issues are fully briefed. For the reasons set forth below, the Court grants the motion for summary judgment.[1]

## I. BACKGROUND

Plaintiff Michael Chapple filed this lawsuit against defendants Polaris Industries Inc., Polaris Sales Inc., and Rolla Cycles d/b/a Stahlman Powersports seeking damages for injuries he sustained while operating a Polaris ATV owned by his employer. [Doc. 5]. In his first amended complaint, plaintiff asserted claims for negligence and strict products liability against all defendants. [Doc. 10]. Following the close of discovery, plaintiff elected not to pursue his negligence claims. [Doc. 84]. In the second amended

[1] The motion for summary judgment was filed on behalf of Polaris Industries, Inc. and Polaris Sales, Inc. In this Order, the Court addresses only the portion of the motion pertaining to Polaris Sales and the Missouri innocent seller statute § 537.762 RSMo.

complaint, plaintiff asserts claims against the defendants under Missouri's strict products liability statute, §§ 537.760 RSMo, *et seq*. [Doc. 175].

Polaris Sales moves for dismissal or summary judgment under Missouri's innocent seller statute, § 537.762 RSMo. [Docs. 129, 183]. Plaintiff opposes the motions, arguing that § 537.762 is not applicable in federal court and that, even if applicable, Polaris Sales is not entitled to relief under the statute. [Docs. 178, 189]. He also argues that Polaris Sales invocation of the innocent seller statute is untimely. [*Id.*]. Because the motion to dismiss and motion for summary judgment seek the same relief, the Court finds it necessary to rule only on the motion for summary judgment to resolve the issues raised in the parties' briefs. *See, e.g., Indep. Contractors of Maverick Transp., LLC v. Great W. Cas. Co.*, 4:24-CV-338 HEA, 2025 WL 871635, *10 (E.D. Mo. Mar. 20, 2025); *Argonaut Great Central Ins. Co. v. Lincoln County, Missouri*, 4:17-cv-00762-JAR, 2018 WL 3756767, *4 (E.D. Mo. Aug. 8, 2018). The motion to dismiss will be terminated as moot.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). Material facts are those that "might affect the outcome of the suit under the governing law," and there is a genuine dispute where "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court must view "the evidence and the inferences which reasonably may be drawn from the evidence in the light most favorable to the

nonmoving party." *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015).

"The movant bears the initial responsibility of informing the district court of the basis for its motion and must identify the portions of the record that it believes demonstrate the absence of a genuine dispute of material fact." *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018). The burden then shifts to the nonmoving party to "present specific evidence, beyond mere denials or allegations that raise a genuine issue for trial." *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (cleaned up). In asserting a factual dispute, the nonmoving party "must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED.R.CIV.P. 56(c)(1); *see also* E.D.Mo. Local Rule 4.01 ("facts in dispute shall be set forth with specific citation(s) to the record"). The Court will not consider factual assertions or responses thereto that are not supported by citations to the record. *See Benford v. Schneider Nat'l Carriers, Inc.*, 4:19-cv-00550-MTS, 2021 WL 3033346 at *1 (E.D. Mo. July 19, 2021).

## III. FACTS

The Court finds that the following facts are undisputed. On June 23, 2020, plaintiff Michael Chapple was injured while operating a 2015 Polaris Sportsman Touring 570 all-terrain vehicle (the "ATV" or the "subject ATV") within the scope of his employment with Asplundh Tree Expert, LLC ("Asplundh"). [Doc. 131 at ¶ 1; Doc. 179 at ¶ 1]. Polaris Industries designed and manufactured the ATV. [Doc. 131 at ¶ 2; Doc. 179 at ¶ 2]. Polaris Sales did not manufacture or design the ATV and had no involvement

with, control over, or input into any manufacturing or design decisions that Polaris Industries made regarding the ATV. [Doc. 131 at ¶ 10; Doc. 179 at ¶ 10]. Polaris Sales was a seller in the stream of commerce. [Doc. 131 at ¶ 11; Doc. 178 at p. 14; Doc. 179 at ¶ 11].[2]

Polaris Industries self-insures in an amount sufficient to cover any reasonable judgment the Court could enter in this case. [Doc. 131 at ¶ 36; Doc. 179 at ¶ 36]. Polaris Industries and Polaris Sales are insured under a single excess insurance policy; therefore, the claim against Polaris Sales would not increase the excess insurance coverage beyond the amount available to cover Polaris Industries. [Doc. 131 at ¶ 37; Doc. 179 at ¶ 37].

## IV. DISCUSSION

Plaintiff asserts a strict products liability claim against Polaris Sales. Under Missouri law, a plaintiff may bring a products liability claim against a defendant, situated anywhere in the chain of commerce, if the defendant transferred the product in the course

[2] Polaris Sales states it sold the subject ATV to Asplundh Tree Expert, LLC (Asplundh) as part of a fleet sale. [Doc. 131 at ¶ 11]. In response, plaintiff states the fact is "disputed" and refers to documents 152 and 153. [Doc. 179 at ¶ 10]. Documents 152 and 153 are pleadings plaintiff filed in opposition to a motion for summary judgment filed by defendant Rolla Cycles d/b/a Stahlman Powersports (Stahlman), totaling 124 pages. It is not incumbent on the Court to scour 124 pages to find the basis for plaintiff's dispute of the fact at issue. *See Benford v. Schneider Nat'l Carriers, Inc.*, 4:19-cv-00550-MTS, 2021 WL 3033346, at *1 (E.D. Mo. July 19, 2021) ("The Court has no obligation to go digging through the record to find the support that Plaintiff has omitted and therefore ignores those factual assertions."); *see also Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) ("[D]istrict courts are not obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions."). That said, the Court is well aware that plaintiff contends Stahlman, not Polaris Sales, sold the ATV to Asplundh. To support that position, plaintiff cites discovery responses indicating Polaris Sales sold the vehicle to Stahlman. [Doc. 153 at pp. 3-4]. For purposes of the instant motion, it is immaterial whether Polaris Sales sold the ATV to Stahlman or to Asplundh.

of its business, the product was used in a manner reasonably anticipated, and :

> (a) [t]he product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold; or
>
> (b) [t]he product was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and the plaintiff was damaged as a direct result of the product being sold without an adequate warning.

§ 537.760 RSMo.

Polaris Sales contends that it is entitled to summary judgment under the Missouri innocent seller statute, § 537.762 RSMo, which provides for dismissal of "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce" so long as "another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." § 537.762 RSMo. Plaintiff argues that Polaris Sales's invocation of the statute is untimely, that the statute is procedural and therefore inapplicable in federal court, and that Polaris Sales is not entitled to the protection of the innocent seller statute.

***A. Timeliness***

Section 537.762 allows a defendant to move for dismissal "within the time for filing an answer or other responsive pleading unless permitted by the court at a later time for good cause shown." § 537.762.3 RSMo. Here, the negligence claims in the original and first amended complaints precluded a motion under § 537.762 because plaintiff's claims against Polaris Sales were not based solely on its status as a seller. *See e.g. Davis v. Dunham's Athleisure Corp*., 1:16-cv-00271-SNLJ, 2017 WL 1329475, at *2 (E.D. Mo. Apr. 11, 2017) (denying a motion to dismiss based on the innocent seller statute where a

negligence claim was also alleged). Until the negligence claims were dismissed—by plaintiff or by dispositive motion—invocation of the innocent seller statute was futile. On these facts, the Court finds that Polaris Sales's invocation of the innocent seller statute in its motion for summary judgment and in its answer to the second amended complaint [Docs. 129, 183] was arguably timely. Even if not timely, the Court finds that Polaris Sales has shown good cause for asserting innocent seller status for the first time in its motion for summary judgment and subsequently in its response to the second amended complaint.

***B. Application of § 537.762 RSMo in federal court***

In this diversity case, the Court applies Missouri substantive law and federal procedural law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *General Elec. Capital Corp. v. Union Planters Bank, N.A.*, 409 F.3d 1049 (8th Cir. 2005); *Miravalle v. One World Techs., Inc.*, 4:18-cv-304-JMB, 2018 WL 3643722 (E.D. Mo. Aug. 1, 2018). Plaintiff argues that § 537.762 is procedural and, therefore, inapplicable in federal court. In support of his position, plaintiff relies on *Drake v. N. Am. Phillips Corp*., 204 F. Supp. 2d 1204 (E.D. Mo. Apr. 23, 2002), a decision issued before the Missouri Supreme Court held in *Gramex Corp. v. Green Supply, Inc*., 89 S.W.3d 432, 445-46 (Mo. banc 2002), that the dismissal provisions of the innocent seller statute are substantive. The statute's substantive aspect provides that a downstream seller, i.e., a defendant whose liability is based solely on its status as a seller in the stream of commerce, may be dismissed from a products liability claim if the seller can show another defendant, including the manufacturer, is before the court, and the plaintiff can obtain total recovery against that

defendant. *Gramex*, 89 S.W.3d at 445. Federal court decisions after *Gramex* have acknowledged the statute's substantive nature. *Miravalle v. One World Techs., Inc.*, 4:18-cv-304-JMB, 2018 WL 3643722, at n.1 (E.D. Mo. Aug. 1, 2018) ("Relying on *Gramex*, more recent federal court decisions have applied the substantive provisions of the statute[.]"); *Andrews v. R.J. Reynolds Tobacco Co.*, 4:20-cv-1583-RWS, 2020 WL 9397559, at *3 (E.D. Mo. Dec. 18, 2020) ("Because the dismissal provisions of the statute are substantive in nature, federal courts sitting in diversity must apply it."); *see also Sappington v. Skyjack, Inc.*, 338 Fed. App'x 551, 553 (8th Cir. 2009) (unpublished per curiam) (noting that the innocent seller statute "has been held to shift liability from a downstream seller to the manufacturer").

***C. Innocent Seller Status***

To establish innocent seller status in response to a strict products liability claim, a defendant must show that its liability is based solely on its status as a seller in the stream of commerce and another defendant is properly before the court from whom total recovery may be had for plaintiff's claim. § 537.762 RSMo. Additionally, the defendant must present "an affidavit which shall be made under oath and shall state that the defendant is aware of no facts or circumstances upon which a verdict might be reached against him, other than his status as a seller in the stream of commerce." § 537.762.2 RSMo.

Plaintiff argues his failure-to-warn claim precludes dismissal of Polaris Sales under the innocent seller statute. In Missouri, strict liability can be based on a design defect, manufacturing defect, or failure to warn. *Davis v. Dunham's Athleisure Corp.*,

362 F. Supp. 3d 651, 658 (E.D. Mo. 2019). A strict products liability failure-to-warn claim focuses on the product, unlike a negligent failure-to-warn claim, which focuses on the manufacturer's or seller's conduct. *Id.* Given that the focus is on the product, not the seller or the seller's conduct, the strict products liability failure-to-warn claim against Polaris Sales is based on its status as a seller. *Id.*

Next, it is undisputed that defendant Polaris Industries designed and manufactured the subject ATV and that it self-insures in an amount sufficient to cover any reasonable judgment that the Court could enter in this case. *See* [Doc. 131 at ¶ 10; Doc. 179 at ¶ 10]. Therefore, there is another defendant who is properly before the court from whom total recovery may be had for plaintiff's claim. § 537.762.2 RSMo.

Further, Polaris Sales submitted the affidavit of Ryan Lacanne, a Polaris Senior Staff Engineer, who testified that "[o]ther than the fact that Polaris Sales Inc. sold the ATV to Asplundh Tree Expert Co. and is currently a defendant in this case, Polaris Sales Inc. knows of no facts or circumstances upon which a verdict may be reached against it." [Doc. 129-2 at ¶ 16; Doc. 130 at p. 17].

Based on the foregoing, Polaris Sales has satisfied all requirements of the innocent seller statute, § 537.762 RSMo. The undisputed facts establish that (1) the strict products liability claim asserted against Polaris Sales in count II of the second amended complaint is based solely on its status as a seller in the stream of commerce; (2) the ATV manufacturer, Polaris Industries Inc., is properly before the Court and is an entity from which total recovery may be had for plaintiff's claim; and (3) Polaris Sales has submitted sworn affidavit testimony that it is aware of no facts or circumstances upon which a

verdict might be reached against it other than its status as a seller in the stream of commerce. Polaris Sales is, therefore, entitled to dismissal under the innocent seller statute, and its motion for summary judgment on that issue will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Polaris Sales, Inc.'s motion for summary judgment [Doc. 129] is **GRANTED** as to count II of the second amended complaint.

**IT IS FURTHER ORDERED** that defendant Polaris Sales, Inc.'s motion to dismiss [Doc. 183] is **MOOT** and shall be **TERMINATED**.

A separate Partial Judgment will accompany this Order.

**SO ORDERED** this 22nd day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE