UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CHAPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00095-SNLJ |
| | ) | |
| POLARIS INDUSTRIES INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Rolla Cycles, Inc.'s Motion for Summary Judgment. [Doc. 99]. The Court has identified grounds for summary judgment under Missouri's innocent seller statute § 537.762, not raised in defendant's motion. Pursuant to Federal Rule of Civil Procedure 56(f), the Court will defer ruling on the motion and allow the parties a reasonable time to submit additional briefing.

Plaintiff Michael Chapple filed this lawsuit against defendants Polaris Industries Inc., Polaris Sales Inc., and Rolla Cycles d/b/a Stahlman Powersports seeking damages for injuries he sustained while operating a Polaris ATV owned by his employer. [Doc. 5]. Defendant Rolla Cycles d/b/a Stahlman Powersports ("Stahlman Powersports") has moved for summary judgment, arguing that it did not place the subject ATV into the stream of commerce. [Doc. 99, 100]. Plaintiff opposes the motion, arguing that Greg Stahlman and the Polaris defendants admitted that Stahlman Powersports sold the ATV to plaintiff's employer. [Doc. 152]. In response, Stahlman Powersports asserts that the defendants erroneously admitted that Stahlman Powersports had sold the ATV to the

plaintiff's employer, and that subsequently discovered information establishes that Polaris Sales sold it. [Doc. 177].

In support of its position, Stahlman Powersports submitted the affidavit of Gregory Stahlman, a co-owner of Stahlman Powersports. [Doc. 100-3]. Although Stahlman testified in his earlier deposition that Stahlman Powersports made the sale to plaintiff's employer, in this later affidavit, he testifies that he was mistaken: Stahlman Powersports did not make the sale. [*Id.*]. He claims he assumed Stahlman Powersports had sold the ATV to plaintiff's employer because it was picked up from the store. [*Id.*]. He explains that he had not reviewed any documents related to the sale prior to his deposition. [*Id.*]. But after the deposition, when he reviewed those documents, he discovered that Polaris Sales had bought back the ATV from Stahlman Powersports and then sold it to plaintiff's employer. So, on Stahlman's account, the ATV was sold from Polaris to Stahlman, back from Stahlman to Polaris, and finally from Polaris to Stahlman's employer.

In response, plaintiff attacks the Stahlman to Polaris link in the chain. He relies on Stahlman's deposition testimony along with discovery responses from the Polaris defendants stating that the ATV was sold to Stahlman. [Doc. 152]. Additionally, he relies on Stahlman's affidavit testimony filed in support of a motion to dismiss under Missouri's innocent seller statute. *See* [Docs. 42-1, 152, 177]. He also points out that sales records for the ATV are on Stahlman Powersports letterhead. [Doc. 152]. Plaintiff argues that, at a minimum, the evidence creates a genuine issue of material fact as to whether Stahlman sold the ATV to plaintiff's employer.

When Stahlman Powersports filed the instant motion, the first amended complaint was the operative complaint, and it included claims for negligence and strict products liability against the defendants. [Doc. 10]. Subsequently, plaintiff was granted leave to file a second amended complaint asserting only the strict products liability claims. [Doc. 175]. After the second amended complaint was filed, any defendant whose liability rested solely on its status as a seller in the stream of commerce could invoke Missouri's innocent seller statute, § 537.762 RSMo. Indeed, defendant Polaris Sales raised the issue in its motion for summary judgment and in a motion to dismiss filed in response to the second amended complaint [Docs. 129, 183]. The Court granted Polaris Sales summary judgment on that issue. [Doc. 216].

Although Stahlman Powersports previously invoked the innocent seller statute, it has not invoked it again, presumably because it argues it did not sell the ATV to plaintiff's employer. However, neither party disputes that Stahlman sold the ATV at some point between its manufacture by Polaris Industries and its possession by plaintiff's employer. If, as Stahlman alleges, Stahlman sold the ATV back to Polaris, it would be in the stream of commerce. If, as plaintiff alleges, Stahlman sold the ATV directly to plaintiff's employer, it would also be in the stream of commerce. Either way, the claim against Stahlman would be subject to dismissal under Missouri's innocent seller statute, § 537.762 RSMo. Therefore, in the interests of judicial economy and the preservation of judicial resources, the Court will order the parties to submit briefing on that issue. *See* FED.R.CIV.P. 56(f)(2) ("After giving notice and a reasonable time to respond, the court may … grant the motion [for summary judgment] on grounds not raised by a party.").

Accordingly,

**IT IS HEREBY ORDERED** that a ruling on defendant Stahlman Powersports, Inc.'s Motion for Summary Judgment [Doc. 99] is **DEFERRED**.

**IT IS FURTHER ORDERED** that defendant Stahlman Powersports, Inc. shall, within 10 days, file a supplement to its motion for summary judgment or a notice stating its intent not to supplement. Plaintiff shall file a response to any supplement within 5 days. Defendant's reply, if any, shall be filed within 3 days after plaintiff's response.

**SO ORDERED** this 22nd day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE