UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CHAPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00095-SNLJ |
| | ) | |
| POLARIS INDUSTRIES INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Polaris Defendants' Motion to Exclude Non-Rebuttal Opinions of Jody Knowles," [Doc. 207], which asks the Court for clarification of its October 2, 2026, Memorandum and Order. [Doc. 197]. In the October Order, this Court denied defendants' motion to exclude plaintiff's expert Jody Knowles, finding that plaintiff's disclosure of Knowles as a rebuttal expert was timely, and also extending the discovery deadline to allow for a deposition of Knowles to ensure there would be no prejudice to defendants. [Doc. 197]. This Court also granted defendants' motion to exclude Knowles' testimony, in part, to the extent that a good portion of that testimony would not be considered rebuttal testimony. [Doc. 197].

Now, on reconsideration after additional briefing, this Court will allow Knowles to testify on rebuttal to all points raised in his report, [Doc. 81-3], contingent, of course, on defendants' anticipated evidence. Plaintiff now explains exactly how Knowles' proposed evidence is properly rebuttal evidence. [Doc. 211]. Knowles' written report does not offer opinions on new or different topics, but instead specifically addresses and rebuts the

conclusions of defendants' six expert witnesses.

Without detailing all of the ten points in Knowles' report, take for instance his rebuttal of plaintiff's expert Brian Boggess, which is representative of the other points. Boggess testified by deposition that "[t]he presence of tip sensor or other engine disabling means would not be effective at eliminating the heat source," and further, that "[n]either the absence of a full-length heat shield covering the muffler, not the lack of a top sensor, renders the Polaris [unit] defective or unreasonably dangerous." Knowles responds in his report that "a tilt sensor would definitely eliminate the heat source," and further, that "[t]he lack of a tilt sensor on the Subject ATV does not make the Subject ATV defective and unreasonably dangerous."

Although this Court noted that some of Knowles' opinions would "make sense in plaintiff's case in chief," even if evidence "would have been more appropriate as part of the case-in-chief, that fact 'does not preclude the testimony if it is proper both in the case-in-chief and in the rebuttal.'" *Everett v. S.H. Parks & Assocs., Inc.,* 697 F.2d 250, 252 (8th Cir. 1983) (citing *United States v. Luschen,* 614 F.2d 1164, 1170 (8th Cir. 1980). On reconsideration, that is the case here.

Accordingly,

**IT IS HEREBY ORDERED** that Polaris Defendants' Motion to Exclude Non-rebuttal Opinions of Jody Knowles [Doc. 207] is **DENIED.**

**SO ORDERED** on this 12th day of November, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE